UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE LLRICE 601 | ) | 4:06 MD 1811 CDP |
| CONTAMINATION LITIGATION | ) | ALL CASES |

## ORDER APPOINTING LEADERSHIP COUNSEL

Defendants have agreed that attorney Terry Lueckenhoff will serve as defendants' lead/liason counsel.

Plaintiffs are not in agreement on their leadership, and at the initial scheduling conference held on April 12, 2007, I heard arguments from counsel about the various proposals. As I stated at the hearing, I have no doubt that each of the proposed structures would be acceptable, and that all counsel who have indicated an interest in leadership are qualified for positions.

After careful consideration, I conclude that the GRWH Group's proposal, with some modification, best meets the needs of all plaintiffs. In particular, I conclude that this group most closely meets the "private ordering" concept, because it has support of the larger number of plaintiffs and lawyers involved. I also conclude that the members of this group have been involved in the litigation consistently and cooperatively since the beginning. They also have the resources necessary to represent the plaintiffs and to coordinate the activities that will be necessary for the prosecution of this litigation.

I have modified the GRWH Group's proposal by adding as members of the Executive Committee two lawyers who each represent a number of plaintiffs in Texas and Mississippi. Attorney Ralph E. Chapman represents a large number of Mississippi farmers who are expected to be plaintiffs or who are likely to be members of any class that may be certified. Mr. Chapman's addition to the Executive Committee should help ensure that the interests of farmers who may not have rushed to the courthouse will be represented. Attorney William B. Chaney represents a number of farmer and non-farmer plaintiffs who would prefer to have their cases litigated individually and in state court. While it may be unusual to appoint an attorney who does not even want to be in this forum, Mr. Chaney has indicated a willingness to cooperate with the litigation, and his addition will ensure that the interests of similarly situated plaintiffs or potential plaintiffs will also be considered. I also believe that Mr. Chaney will be able to assist the Court and the parties in ensuring that actions taken in this case be coordinated, to the extent possible, with pending state-court actions. Coordination with state actions serves the best interests of all the parties, and I would like to avoid conflicts with any pending state-court cases to the fullest extent possible.

As set forth more fully below, once the leadership structure is in place, both plaintiffs and defendants are expected to act only through leadership counsel,

except as specified in the Case Management Orders.  At this time I expect that the only separate filings that will be made by plaintiffs will be entries or withdrawals of appearance, motions to remand to state court, and dismissals of defendants or cases.  The only separate filings that will be allowed by defendants will be entries or withdrawals of appearance and motions to dismiss for lack of personal jurisdiction and/or improper service of process.  All filings will be governed by the schedule that is being entered today as part of Case Management Order No. 1.

I expect leadership counsel to act cooperatively and to make all reasonable efforts to ensure that communication among the parties is as open and frequent as possible and that the interests of all parties be considered in all planning and pretrial matters.  In particular, I expect the plaintiffs' leadership group to coordinate matters fully with counsel for the non-farmer plaintiffs as well as with counsel for the farmer plaintiffs.  Similarly, lead defense counsel is expected to coordinate matters fully with counsel for the non-Bayer defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Terry Lueckenhoff of Blackwell Sanders Peper Martin LLP is appointed defendants' Lead Counsel.  As such he is responsible for filing all matters on behalf of defendants, keeping all defense counsel apprised of any changes in plaintiffs' service list, coordinating all

discovery and pretrial matters on behalf of defendants, ensuring that all defense counsel are served with all court orders and are consulted and kept informed on all aspects of the pretrial phase of these cases.

**IT IS FURTHER ORDERED** that plaintiffs' leadership structure will be:

1. Attorneys Don M. Downing of Gray, Ritter & Graham, P.C. (St. Louis MO), and Adam J. Levitt of Wolf Haldenstein Adler Freeman & Herz LLC (Chicago IL) are appointed Co-Lead Counsel and Co-Interim Class Counsel. (Referred to hereafter as "Lead Counsel.").

2. Attorney Don Downing is appointed as Plaintiffs' Liaison Counsel. As such he shall be the attorney to whom the Court may direct inquiries and shall be responsible for maintaining and distributing an up-to-date service list, distributing to all Plaintiffs' counsel all Court Orders, pleadings and other documents, and performing other assignments deemed necessary as the case progresses.

3. The following lawyers are appointed to Plaintiffs' Executive Committee:

Scott E. Poynter of Emerson Poynter LLP (Little Rock AR)

Richard J. Arsenault of Neblett, Beard & Arsenault, LLP (Alexandria LA)

Stephen A. Weiss of Seeger Weiss LLP (Newark NJ)

Joe R. Whatley, Jr. of Whatley Drake & Kallas LLC (New York NY)

William Chaney of Looper, Reed & McGraw, P.C. (Dallas TX)

Ralph E. Chapman of Chapman Lewis & Swan (Clarksdale MS)

The Executive Committee shall operate under the direction of Lead Counsel and shall assist Lead Counsel in all aspects of the case.

**IT IS FURTHER ORDERED** that the Plaintiffs' Lead Counsel shall act on behalf of all plaintiffs and the other members of the proposed classes as follows:

1. To direct and execute on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

2. To direct and manage pretrial proceedings on behalf of all plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

3. To seek the assistance of other plaintiffs' counsel, including but not limited to those on the Executive Committee, in performance of all work necessary for the prosecution of the case, including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of the other Plaintiffs' counsel in a manner commensurate with those lawyers' resources and experience;

4. To direct the selection of counsel to act as spokespersons before the

Court;

    5.     To call and chair meetings of Plaintiffs' counsel;

    6.     To direct and conduct settlement negotiations;

    7.     To direct and arrange a system for keeping and collecting all Plaintiffs' counsel's time records; and

    8.     To supervise any other matters concerning the prosecution or resolution of this litigation.

**IT IS FURTHER ORDERED** that in carrying out the above duties Plaintiffs' Lead Counsel are particularly required to consult with all plaintiffs' counsel throughout this case to assure that all interests are represented, with particular consideration being given to obtaining discovery and taking other necessary actions to address the interests of the non-farmer plaintiffs and the farmer plaintiffs who have already indicated that they are likely to opt out of any class that may be certified.

**IT IS FURTHER ORDERED** that no papers shall be served or filed, and no process, discovery, or other procedure shall be commenced by any counsel other than Lead Counsel, except as follows:

    1.     Other plaintiffs' counsel may file entries or withdrawals of appearance, motions to remand to state court and motions to dismiss parties or

claims, and briefs responding to defense motions filed in the individual cases.

2.  Other defendants' counsel may file entries or withdrawals of appearance, motions to dismiss for lack of personal jurisdiction or for improper service, and briefs responding to plaintiffs' motions filed in the individual cases.

3.  Any non-Lead Counsel may file other motions for relief from or to modify this or any other order of Court, but are cautioned that they should do so only if there is a matter of utmost importance that they have already unsuccessfully sought to have raised by their Lead Counsel.

**IT IS FURTHER ORDERED** that it is the duty of Plaintiffs' Liaison counsel to maintain up-to-date service lists, to receive and distribute to plaintiffs counsel all Court orders and any documents served by defendants. In particular it will be the duty of Liaison counsel to assure that documents filed in the ECF system are distributed to any counsel whose registration with the ECF system has not been completed. As previously ordered, of course, all counsel of record must register with the ECF system.

**IT IS FURTHER ORDERED** that all counsel are directed to take all appropriate steps to provide as much coordination as possible between these actions and any related matters pending in state court, because coordination is in the interests of all parties and is in the interest of justice.

**To the extent set out above IT IS FURTHER ORDERED** that the motion to appoint counsel filed by the GRWH Group [#105] and by Ralph E. Chapman [#128] are granted, and the other motions to appoint counsel [#103, 107] are denied.

Case Management Order No. 1 is entered separately today.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of April, 2007.