# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06 MD 1811 CDP ALL CASES |

## STIPULATION AND AGREED ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND INFORMATION BOTH IN HARD COPY AND IN ELECTRONIC FORMAT

This Stipulation and Agreed Order sets forth the general protocol and agreement of the parties to this litigation regarding the procedure for production of documents and information (collectively "document(s)"), both in hard copy and in electronic format. The parties shall take reasonable steps to comply with this agreed-upon protocol for the production of all documents and information existing in hard-copy form and documents or other data existing in native electronic format. In the event of remand or transfer to other courts, this Stipulation and Agreed Order will remain in effect in all respects until adopted by the remand or transferee court or replaced by a successor order.

This Stipulation and Agreed Order shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Stipulation and Agreed Order imply that Discovery Material produced under the terms of this Stipulation and Agreed Order is properly discoverable, relevant or admissible in this Action or in any other litigation. Nor does this Stipulation and Agreed Order alter or expand the preservation obligations of any party; such obligations are set forth in a separate order. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Stipulation and Agreed Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

**A. Scope**

1. To the extent reasonably possible, the Litigation and discovery shall be conducted so as to maximize efficient and quick access to document discovery by litigants and minimize paper document production and distribution costs. All documents that originally existed in either hard-copy or native electronic form that are not privileged or otherwise protected from production and are responsive to discovery requests or Court Order – or are otherwise produced in these proceedings – shall be produced, subject to objections and responses, in electronic image form in the manner provided herein.

2. Except as specifically limited herein, the procedures and protocols set forth below govern the production of discoverable documents and electronically stored information by the parties during the pendency of the Litigation.

3. This protocol shall extend to all documents or electronically stored information produced in this matter.

4. Reasonable efforts will be made to ensure that all documents shall be decrypted.

5. Reasonable efforts will be made to ensure that all documents are legible. If a copy is not legible, the original shall be made available for inspection and copying within thirty (30) days of a request from the Receiving Party, or as mutually agreed upon by the parties.

6. Except as otherwise set forth herein, the procedures and protocols herein apply to the production of documents and information by litigants in this Action.

**B. Definitions**

The following definitions further clarify the scope of this protocol:

1. The term "Bates Number" means a unique number permanently affixed to a document

produced in litigation.

2. The term "Custodian" means a person who had custody of information or a document prior to collection for production.

3. The term "Database" means an electronic collection of structured data (often maintained in a non-custodial manner), such as collections created by Microsoft Access or FileMaker Pro.

4. The term "Electronic Document" means any document existing in electronic form including word processing files (e.g. Microsoft Word), computer presentations (e.g., PowerPoint slides), stand-alone Databases (e.g., Access), spreadsheets (e.g., Excel), farm management software files (e.g., JDOffice or FarmWorks), incomplete or deleted files, together with the Metadata associated with each such document.

5. The term "Load File," as used herein, refers to a file or files issued with each production providing a map to the images and meta-data objective coding contained within the production.

6. The term "Metadata," as used herein, includes, but is not limited to, structured fields or information stored with or associated with a given file. The specific fields of Metadata are set forth in Section C(5), *infra*.

7. The term "Native Format," as used herein, means the default format of a data file created by its associated software program. For example, Microsoft Excel® produces its output as '.xls' files by default, which is the native format of Excel. Microsoft Word® produces native files with a '.doc' extension, which is the native format of Word.

8. The term "Producing Party" means any party to the Action who produces documents or

information under this Order.

9. The term "Receiving Party" means any party to the Action who receives documents or information under this Order.

C. **Format Protocol for Specific Types of Discoverable Electronic Information**

1. **Documents in Hard Copy:** All documents that exist in hard copy shall be produced as black and white images at not less than 300 dpi resolution and shall be saved and produced in a Group IV compression single-page TIFF format file. The document's electronic image must convey the same information as if the subject document was produced in a hard copy form. Documents shall be generally produced as they are maintained in the ordinary course of business, including maintaining, to the extent possible with reasonable production steps, the documents and attachments or affixed notes as they existed in the original when creating the image file. Reasonable efforts shall be used to scan the pages or images at or near their original size and so that the print or image appears straight, and not skewed. Physically oversized originals, however, will appear reduced. Sometimes reducing image size may be necessary in order to display Bates Numbers without obscuring text.

2. **Electronic Documents:** All documents existing in electronic format shall be produced in a Group IV TIFF compression, single-page, black and white format file with Metadata. The Metadata will be contained in a separate load file or files (*see infra*). The parties shall only remove any information from the Metadata fields described below in Section C(5) on the grounds of privilege or attorney work product. The parties will take reasonable steps to produce any documents attached to an email contemporaneously and sequentially after the parent email.

3. **Databases:** The parties shall identify and describe databases that contain material responsive to document requests when responding to document requests. The description shall include a summary of the type of information available from the database and a description of the work necessary to provide responsive information from the database. The parties shall cooperate to produce responsive information from the database to the extent reasonably accessible considering undue burden and cost. In addition, the parties shall cooperate to ensure that the information from the Database that is produced is produced in a form in which it is ordinarily maintained or in a form that is reasonably useable, depending on burden, cost, and need.

4. **Production of Native Files or Hard Copies**: The parties have agreed that documents will be produced in tiff format absent a showing of a specific need for specified documents produced in a different form. After reviewing the tiff production, a Receiving Party can request a color hard copy or native format of any documents by identifying such documents by Bates Number range. Upon receiving such request, the Producing Party shall generally produce the document or otherwise respond within ten (10) days of receipt of the request, but in no instance shall not produce the document or otherwise respond within thirty (30) days of receipt of the request. Parties shall cooperate with each other to facilitate the acquisition of appropriate licenses and technical information to review files produced in native format.

5. **Metadata:** The parties shall identify and produce Metadata, as set forth below, for all Electronic Documents. Specifically, all Electronic Documents should be produced as single-page TIFF images with accompanying Metadata, to the extent such Metadata information exists in the original Electronic Document.

a. For each Electronic Document produced, a load file or files shall be produced identifying the following pieces of information, to the extent they exist in the original Electronic Document:

 (i) Title or Subject;

 (ii) To, CC, BCC or Recipient(s);

 (iii) Last Date Modified;

 (iv) Date Created;

 (v) Document Date (if different from Date Created);

 (vi) Starting Bates number;

 (vii) Ending Bates number;

 (viii) Custodian;

 (ix) Date produced for discovery;

 (x) Document type;

 (xi) Location; and;

 (xii) File path.

**E. Document/Data Identification Conventions for All Types of Discoverable Electronic Information**

1. **Production Media:** All discoverable electronic information that is produced in this coordinated proceeding by any party shall initially be produced in electronic image format in the manner provided herein, on a hard drive, CD, DVD, or other mutually agreeable format.

2. **Bates Numbering:** Each individual piece of computer media produced must be clearly labeled with a Bates Number that is indelibly written on, or affixed to, both the media itself and any enclosure or case produced with the media.

a. Each page of the scanned document shall have this legible, unique document identifier electronically "burned" onto the image. Reasonable steps shall be taken to place the Bates Number at a location that does not obscure any information from the source document.

b. There shall be no other legend or stamp placed on the document image unless a document qualifies for designation as confidential (to be addressed by another order). In such case, the document image may also have burned in an appropriate legend regarding confidentiality at a location that does not obscure any information from the source document. If the confidentiality designation of a document is later changed, the Producing Party shall produce a new version of the document with the appropriate confidentiality legend.

c. Reasonable efforts should be made to have the document file names correspond with the Bates number imprinted on the document. For example, if the Bates number "BL000000I" was imprinted, the document would bear the name "BL0000001.tif."

d. Bates numbers should contain at least eight (8) numeric digits.

3. **File Naming Conventions**: Unless impracticable or otherwise agreed upon, each document image file shall be named with the unique Bates Number of the first page of the corresponding TIFF image, followed by the extension "TIF." Each CD-ROM or DVD-ROM of

documents, data, or email produced by a party shall be uniquely named with a sequential number that includes the producing party's unique alpha identifier (e.g., "BAYER1," "BAYER2," *etc.*). The parties will cooperate to ensure that the logistics of production are efficient and economical, including production media, and naming conventions and procedures for directories and subdirectories.

    4.    **Privilege and Attorney Work Product**: Producing Parties shall only withhold discoverable electronic information on the basis of privilege or attorney work-product within the bounds of applicable law or the Orders of this Court. All documents withheld or redacted on the grounds of privilege or attorney work product shall be described on a privilege log. Any privilege logs shall be produced on a rolling basis and shall not delay the production of nonprivileged documents because of the preparation of a privilege log, however, a privilege log for documents redacted on privilege or attorney work product grounds shall generally be produced within sixty (60) days of production of the redacted document. Privilege Logs shall be produced in both .PDF and Excel Spreadsheet format, and shall contain, at least, the following information for each document withheld or redacted on the grounds of privilege or attorney client work product: Bates Range, Date, Applicable Privilege, Subject, and Names associated with the document (with Author, Recipient, Carbon Copy Recipient, and Blind Carbon Copy Recipient if apparent from the document).

    5.    **Delivery:**

        a.    All computer media must be properly packaged to ensure safe shipping and handling.

        b.    If any piece of media produced is known to have any physical

defect, electronic defect, or damaged data, or is infected with any virus or other harmful software of any kind, it should be clearly labeled so that appropriate care can be taken during its examination.

  c. All computer media that is reasonably capable of being write-protected should be write-protected before production.

**F.** **<u>Resolution of Disputes Concerning Electronic Discovery</u>**

  1. All disputes regarding discovery shall be addressed by the parties in a conference prior to the filing of any motion with the Court.

  2. If the parties are unable to resolve the dispute, an appropriate motion may be made to the Court at that time.

  3. Notwithstanding any provision set forth above, any party may apply to the Court for relief, but only after first meeting and conferring in good faith with the other party to attempt to resolve or otherwise narrow any dispute, and after giving sufficient notice to be heard.

  4. Because of the potential for a large number of documents to be produced, it may not be possible to review the images immediately upon production. If any problems are encountered with imaged document(s), they shall be identified by the requesting party and thereafter the parties will attempt to mutually resolve the problem, unless otherwise agreed upon by the parties or *sua sponte* ordered by the Court.

**G.** **<u>Inadvertent Production of Documents Subject to Privilege or Attorney Work Product Protections</u>**.

  In the event that one of the law firms that is counsel of record in this action learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, work product, or other valid basis has been produced inadvertently, counsel shall

notify the Receiving Party or parties in writing within thirty (30) days after so learning or discovering that such inadvertent production has been made. The inadvertently-disclosed documents and all copies thereof shall be returned to the Producing Party and the Receiving Party shall not, without good cause shown, seek an order compelling production of the inadvertently-disclosed documents on the ground that the Producing Party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the Producing Party has given timely notice as provided in this paragraph. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

**IT IS SO ORDERED** this 5th day of June, 2007.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE