UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) ) | 4:06 MD 1811 CDP |

This order Applies to:

<u>Texana Rice Mill, Ltd., et al., v. Bayer Cropscience LP, et al.</u>, 4:07CV416 CDP

## **MEMORANDUM AND ORDER**

Plaintiffs Texana Rice Mill, Ltd. and Texana Rice, Inc. have moved to remand this case to state court. Defendants oppose remand, arguing fraudulent joinder and misjoinder of the non-diverse defendants. Plaintiffs are citizens of Texas, and their only claim against the Texas defendants is for public nuisance. I agree with defendants that Texas law does not recognize a claim for public nuisance for "interfer[ing] with the public's right to expect compliance with the federal statutes and regulations" governing rice growing when there is no accompanying harm to the public health and safety. The Texas defendants have been fraudulently joined to defeat diversity jurisdiction, so I will disregard their citizenship. Diversity jurisdiction exists, and I will deny the motion to remand.

## **Factual Background**

Plaintiffs Texana Rice Mill, LTD and Texana Rice, Inc. (collectively referred to as Texana) own and operate a Texas rice mill. They originally filed

this action in Texas state court, naming Bayer Cropscience LP, Bayer Corporation, Bayer CropScience USA, LP, Aventis CropScience USA Holding, Inc. n/k/a Starlink Logistics Inc. ("SLLI"),Texas Rice Improvement Association ("TRIA"), and a number of Seed Farmer Defendants.[1] The Bayer Defendants removed this case to federal court in the Southern District of Texas, asserting diversity jurisdiction. The case was then transferred to me for pretrial proceedings as part of the multi-district litigation case. Plaintiffs are Texas citizens; the Bayer Defendants and SLLI are citizens of states other than Texas, but TRIA and the Seed Farmer Defendants are citizens of Texas.

Texana alleges that Louisiana State University's 2003 Cheniere foundation seed was contaminated by a genetically modified (GM) rice known as LLRICE 601. Texana also alleges that TRIA purchased contaminated 2003, 2004, and 2005 Chenierre foundation seed from LSU and sold it to the Seed Farmer Defendants, who produced the next generation of seed, which they sold as registered and certified to unidentified Texas rice farmers. Plaintiffs allege that they purchased this contaminated rice, and then commingled it with their

---

[1] Defendant Jacko Garrett is one of these Seed Farmer Defendants. In addition to the arguments that apply to TRIA and the rest of the Seed Farmer Defendants, Garrett argues that he was fraudulently joined because he did not engage in planting, harvesting, or selling in his individual capacity. As Garrett's individual dismissal from this case would not solve the jurisdictional problem, I will not address his argument at this time.

uncontaminated rice, plant, and equipment.  In 2006 the USDA announced that LLRICE 601 had been discovered in the U.S. long-grain rice supply.  LLRICE601 had not been approved for human consumption at that time.  Additionally, many rice customers, especially those in the European Union, do not want any genetically modified food, so the contamination caused serious problems in the rice market.  The USDA has now approved LLRICE601 for human consumption.  The complaint does not allege that LLRICE 601 is harmful if eaten.

Texana brings claims asserting negligence, negligence per se, public nuisance, private nuisance, and strict liability against the Bayer Defendants and SLLI.  Texana's claims against these defendants are based on Bayer CropScience's development and field testing of LLRICE 601, and its failure to prevent contamination.  Texana brings public nuisance claims against TRIA and the Seed Farmer Defendants.  Specifically, Texana's complaint states that these defendants' production and sale of contaminated registered and certified Cheniere seed has "unreasonably interfered with the public's right to expect compliance with the federal statutes and regulations governing the testing, growing, harvesting, storage, distribution, study and disposition of rice foundation seed, including specifically Cheniere foundation seed, that has been contaminated with LLRICE 601" and has "caused and will continue to cause Texana to suffer

substantial and unique harm distinct different in kind from that suffered by the general public as a result of TRIA's and the Seed Farmers' unreasonable interference with the public's right to expect compliance with the federal statutes and regulations."

## Discussion

A defendant may remove an action from state court to federal district court if the action is within the district court's original jurisdiction, unless an act of Congress expressly provides otherwise. 28 U.S.C. § 1441(a). Under the doctrine of "fraudulent joinder," a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal of a diversity case. Commercial Sav. Bank v. Commercial Fed. Bank, 939 F. Supp. 674, 680 (N.D. Iowa 1996). Bayer CropScience, L.P., as the party seeking removal and opposing remand, has the burden of establishing federal subject-matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993) (citing Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir. 1978)).

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citation omitted). In

analyzing fraudulent joinder, the court focuses not on the artfulness of the pleadings but on "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Wilkinson v. Shackelford, 478 F.3d 957, 963 (2007) (quoting Filla v. Norfolk S. Ry., 336 F.3d 806, 811 (8th Cir. 2003)).

Texas law recognizes a claim for public nuisance, which "is a condition that amounts to 'an unreasonable interference with a right common to the general public.'" Jamail v. Stoneledge Condo. Owners Ass'n, 970 S.W.2d 673, 676 (Tex. App. 1998) (quoting Restatement (Second) of Torts § 821B(1) (1979)). A private person such as the plaintiff here cannot maintain an action based upon a public nuisance without showing a "special injury" resulting from the nuisance. Id. The Restatement identifies the types of "public rights" that can be protected by public nuisance actions:

> A public right is one common to all members of the general public. It is collective in nature and not like the individual right that everyone has not be assaulted or defamed or defrauded or negligently injured. Thus the pollution of a stream that merely deprives fifty or a hundred lower riparian owners of the use of the water for purposes connected with their land does not for that reason alone become a public nuisance. If, however, the pollution prevents the use of a public bathing beach or kills the fish in a navigable stream and so deprives all members of the community of the right to fish, it becomes a public nuisance.

Restatement (Second) of Torts § 821B cmt. g. In Cox v. City of Dallas, 256 F.3d 281, 289 (5th Cir. 2001), the Fifth Circuit noted that in determining whether something is a public nuisance, courts can consider "whether the conduct involves a significant interference with public health, safety, peace, comfort, or convenience." Neither party has cited any cases where Texas (or any other state) has recognized a public nuisance claim based on the public's right to have people comply with federal laws and regulations, unless there is an allegation that the non-compliance caused a danger to public health or safety. Texas has recognized many types of public nuisances, but the nuisances are the traditional ones that are deemed to harm the public, and include such things as air and water pollution or selling fireworks or owning an unsafe building. See, e.g., Soap Corporation v. Reynolds, 178 F.2d 503 (5th Cir. 1949) (nauseating odors from soap factory); PPC Enterprises, Inc. v. Texas City, 76 F. Supp. 2d 750 (S. D. Tex. 1999) (sale of fireworks); Patel v. Everyman, 179 S.W.3d 1 (Tex. App. 2004) (vacant, boarded-up buildings with substandard roofs).

Plaintiffs' allegations are really that their own property rights were hurt by the defendants' actions, and although this may be sufficient to support a negligence claim, I do not believe it is sufficient to support a public nuisance claim. There is no allegation that LLRICE 601 is harmful to the public health,

safety, peace, comfort or convenience. This distinguishes the case from <u>In re Starlink Corn Prod. Liab. Lit.</u>, 212 F. Supp. 2d 828 (N.D. Ill. 2002), where the GM corn was harmful to humans. The USDA has now announced that LLRICE601 may be used for human consumption, and plaintiffs have not alleged harm to the public that would constitute a public nuisance. Plaintiffs have alleged that their own economic interests have been harmed, but that is a direct pecuniary harm caused to them because their own property has been damaged and made less marketable – it is not a harm resulting from any danger or harm to the public health, safety or convenience.

Texas has adopted strict limits on the judicial creation of implied rights of action. <u>City of Beaumont v. Bouillon</u>, 896 S.W.2d 143, 147-50 (Tex. 1995). If a public nuisance claim could be based on the public's right to have people comply with federal laws and regulations in the absence of any danger or harm to the public, that would in essence be creating an implied private right of action from every federal statute or regulation. I conclude that Texas law would confine public nuisance claims to actions that actually harm, or have the potential to harm, the public. That is not the case here.

## Conclusion

Plaintiffs have failed to state a colorable claim for public nuisance under

Texas law.  As there is no colorable claim against the Texas defendants, I may disregard their citizenship in determining whether diversity jurisdiction exists.  When the citizenship of those defendants is disregarded, there is complete diversity.  Removal was proper, and I will deny the motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to remand [#279, #19] of plaintiffs Texana Rice Mill, Ltd. and Texana Rice, Inc. is denied.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file in excess of the page limitation [#316, #23] is granted.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file attachment [#374, #27] is granted, but I have not relied on that material in reaching my decision here.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October , 2007.