**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) ) ) ) | 4:06 MD 1811 CDP<br><br>ALL CASES |

**DEFENDANTS BAYER AG'S, BAYER CROPSCIENCE AG'S, AND
BAYER BIOSCIENCE NV'S MOTION FOR PROTECTIVE ORDER
REGARDING JURISDICTIONAL DISCOVERY**

Bayer AG, Bayer CropScience AG, and Bayer BioScience NV (the "Foreign Defendants")[1], pursuant to Fed. R. Civ. P. 26 and applicable law, reserving all defenses including without limitation lack of personal jurisdiction, move for a protective order striking Plaintiffs' requests for production sent to the Foreign Defendants and for other relief as set forth herein and in the attached Brief in Support, and in support would show the following:

1. The Foreign Defendants' motion to dismiss for lack of personal jurisdiction is pending. Plaintiffs have not alleged or shown sufficient contacts between the Foreign Defendants and Missouri to allow the constitutional exercise of personal jurisdiction by this Court.

2. Plaintiffs have sent sweeping document requests to each of the Foreign Defendants – 86 requests with up to 16 subparts – that duplicate and expand on the discovery served on the U.S. Bayer Defendants. Absent a protective order, Plaintiffs' requests impose enormous costs and burden on the Foreign Defendants, and will delay the resolution of the jurisdiction issue by many months.

---

[1] Plaintiffs have also propounded discovery on Bayer CropScience GmbH, which has merged with Bayer CropScience AG. Bayer CropScience AG also responds on behalf of Bayer CropScience GmbH in this motion.

3. Because the Plaintiffs' have not made any basic showing of jurisdiction over the Foreign Defendants after receiving 235,213 pages of jurisdictional discovery and answers to jurisdictional interrogatories from the U.S. Bayer Defendants and the burden and delay imposed by their document requests is significant, the Foreign Defendants respectfully request that this Court issue a protective order.

4. The undue burden that responding to these document requests would require arises from two main sources: 1) the complicated logistics of collecting and producing documents from six locations in Germany and Belgium with potentially responsive information in four languages, and 2) the requirement that any collection of such documents comply with the European Commission's Personal Data Directive and related German and Belgian legislation.

5. The Foreign Defendants do not seek a protective order on the currently pending interrogatories. After engaging with meet and confer discussions to address specific issues, the Foreign Defendants expect that, just as with the U.S. Bayer Defendants' responses, these interrogatory answers will provide Plaintiffs with significant information about facts relevant to the jurisdictional inquiry while imposing far less burden and expense on the Foreign Defendants.

6. Movants' counsel has conferred in person or by telephone with the opposing counsel in good faith, but after sincere efforts to resolve their dispute, counsel are unable to reach an accord. A number of meet-and-confers on this issue have occurred among Don Downing and Adam Levitt or Drew York and Scott Poynter for Plaintiffs, and Terry Lueckenhoff and Eric Olson for the Foreign Defendants, including but not limited to telephonic conversations on November 9, 16, and 19.

Wherefore, premises considered, the Foreign Defendants move for a protective order to limit jurisdictional discovery of the Foreign Defendants in accordance with Rule 26 and

applicable law.  In particular, it should provide that the Foreign Defendants are not required to respond to Plaintiffs' jurisdictional requests for production, and that no depositions or other discovery of the Foreign Defendants may occur, except on further Order of the Court, upon a showing of good cause and specific need by Plaintiffs under Rule 26 and applicable law that such discovery should be permitted, such showing to be made on motion <u>after</u> completion of jurisdictional discovery of U.S. Bayer Defendants and review of the Foreign Defendants' responses to jurisdictional interrogatories.

Respectfully submitted, this 20th day of November, 2007.

/s/Eric R. Olson
Eric R. Olson

| | |
|---|---|
| William F. Goodman, III<br>Frank A. Wood, Jr.<br>P.N. Harkins, III<br>Joseph J. Stroble<br>Elizabeth M. Gates<br>**WATKINS & EAGER**<br>The Emporium Bldg.<br>400 E. Capitol Street, Suite 300<br>Post Office Box 650<br>Jackson, Mississippi 39205-0650<br><br>Terry Lueckenhoff, #43843<br>**BLACKWELL SANDERS PEPER MARTIN LLP**<br>720 Olive Street, Suite 2400<br>Saint Louis, Missouri 63101 | Mark E. Ferguson<br>**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**<br>Courthouse Place<br>54 West Hubbard Street, Suite 300<br>Chicago, Illinois 60610<br><br>Glen E. Summers<br>Eric R. Olson<br>**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**<br>1899 Wynkoop Street, 8th Floor<br>Denver, Colorado 80202 |

*ATTORNEYS FOR BAYER AG, BAYER CROPSCIENCE AG,
AND BAYER BIOSCIENCE NV*

## CERTIFICATE OF SERVICE

This is to certify that I have this 20th day of November, 2007, electronically filed a copy of the foregoing with the Clerk of Court to be served by operation of the Court's electronic filing system upon the parties of record.

/s/ *Eric R. Olson*
Eric R. Olson