UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) ) | 4:06 MD 1811 CDP |

This order Applies to:

<u>Texana Rice Mill, Ltd., et al., v. Bayer Cropscience LP, et al.</u>, 4:07CV416 CDP

## **MEMORANDUM AND ORDER**

Plaintiffs Texana Rice Mill, Ltd. and Texana Rice, Inc. have filed a motion for reconsideration of my order denying their motion for remand. This motion essentially reargues the remand issue and does not raise new issues. Because I believe that my previous order was consistent with Eighth Circuit and Texas law, I will deny the motion for reconsideration.

Additionally, defendant Jacko Garrett's response requests that I dismiss him from this action with prejudice, enter an injunction barring plaintiffs from relitigating events or the evidence, and award him attorney's fees and expenses. Garrett's request for attorney's fees and costs is made under Section 251.004 of the Texas Agricultural Code, which bars nuisance actions against lawful agricultural operations one year after the commencement of the conditions or circumstances providing the basis for that action. Because Garrett has denied, and continues to deny, his operation of an agricultural enterprise, I will deny his

request for attorney's fees and costs.

**Discussion**

1. Motion for Reconsideration

In this circuit, motions for reconsideration are construed as Rule 60(b) motions. Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) motions should not be granted as a result of reargument of the merits but must be based on the circumstances enumerated in the Rule. Id. These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the judgment being void, and satisfaction, release, or discharge of the judgment. Fed. R. Civ. P. 60(b). In this Circuit, relief for judicial error under Rule 60(b)(1) – the section dealing with mistake – is only available for judicial inadvertence. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460-61 (8th Cir. 2000). Plaintiffs appear to argue that I was unaware of or misapplied the Eighth Circuit's holding in Filla v. Norfolk So. Ry. Co., 336 F.3d 806 (8th Cir. 2003). I was aware of and considered Filla in making my ruling on the motion to remand, as should have been apparent from the multiple orders on motions to remand that I issued in various of these MDL cases. My decision cannot be said to be based on inadvertence. Because plaintiffs' motion for reconsideration raises nothing new, I

can simply deny it as improper. Still, I will briefly explain why plaintiffs are not entitled to relief even if I consider the merits of their argument.

Plaintiffs appear to argue that under the Eighth Circuit's standard for fraudulent joinder, I must remand this case to the Texas court because Texas courts have not definitively ruled on this exact issue. I disagree. In this circuit, in determining whether fraudulent joinder exists, I must determine whether a reasonable basis in fact and law exists supporting a claim against the resident defendants. Filla, 336 F.3d at 810. No Texas courts have allowed public nuisance claims on any remotely similar grounds, and plaintiffs have not identified any case in any court where a public nuisance claim has been founded upon a right to expect compliance with federal statutes and regulations. There is simply no legal support for the claim.

Plaintiffs also argue that I misapplied the public nuisance standard which requires harm to the public's health, safety, peace, comfort, or convenience and that I only considered the harm to public health or safety. Again, I disagree. Plaintiffs' complaint does not contain any allegations of harm to public comfort or convenience. There is no allegation that the public has had difficulty with anything, including obtaining rice, as a result of the forum defendants' actions, nor do I have any reason to believe that Texas would recognize a public right to freely

choose whether to purchase and consume genetically-modified food. In any event, plaintiffs' arguments cannot amend their complaint, and their complaint does not allege a valid nuisance claim.

    2.    <u>Jacko Garrett's Additional Requests</u>

In addition to opposing the motion for reconsideration, defendant Jacko Garrett has also requested that this Court (1) dismiss him from this case with prejudice, (2) enter an injunction barring the plaintiffs from relitigating this case, and (3) award him attorney's fees and costs under the Texas Agriculture Code § 251.004. Even though Garrett's requests do not comply with the federal and local rules, I will dismiss Garrett from this case. The record adequately demonstrates that he is entitled to dismissal. I will deny Garrett's other requests. Injunctions are not generally issued to bar relitigation of the same factual and legal questions, and I need not issue an advisory opinion about whether potential future claims might be barred by principles of res judicata and collateral estoppel.

I will also deny Garrett's request for attorney's fees and costs. Under § 251.004 of the Texas Agricultural Code, Garrett would be entitled to attorney's fees and costs if he could establish (1) that he is an agricultural operation that has been in lawful operation for one year or more before the date Texana filed its nuisance action and (2) that the conditions and circumstances complained of as

constituting the basis for the nuisance have existed substantially unchanged since then. Tex. Agric. Code § 251.004. Although plaintiffs have alleged that Garrett operates an agricultural enterprise, Garrett has consistently denied doing so. Garrett states that the distinction is immaterial because plaintiffs intended to sue the agricultural enterprise. I am not convinced by this argument. The Texas Agricultural Code only authorizes attorney's fees and costs in nuisance cases where an agricultural enterprise is sued. If Garrett is not an agricultural enterprise, which he maintains he is not, he is not entitled to his fees and costs under the statute. Additionally, in the exercise of my discretion, I do not believe that an award of attorneys fees is just under the circumstances of this case. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for reconsideration [#418 and #29], and their motion to strike [#503 and # 38] are denied.

**IT IS FURTHER ORDERED** that all claims against defendant Jacko Garrett in this case are dismissed with prejudice, but his requests for an injunction, attorney's fees, and costs are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.