UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06 MD 1811 CDP |
| RICE LITIGATION | ) | |
| | ) | |

This order Applies to:

<u>Beaumont Rice Mills, Inc. v. Bayer Cropscience LP, et al.</u>, 4:07CV524 CDP

## **MEMORANDUM AND ORDER**

Plaintiff Beaumont Rice Mills, Inc. has filed a motion for reconsideration of my decision denying its motion to remand this case to state court. Beaumont now alleges an additional legal basis for its claims against the non-diverse defendants and a new factual basis for his claim against defendant Jacko Garrett. It is not proper to now raise a new argument not based on any allegations in the complaint, and I will deny the motion for reconsideration.

In this circuit, motions for reconsideration are construed as Rule 60(b) motions. <u>Broadway v. Norris</u>, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) motions should not be granted as a result of reargument of the merits but must be based on the circumstances enumerated in the Rule. <u>Id.</u> These circumstances include: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered with reasonable diligence, fraud, the judgment being void, and satisfaction, release, or discharge of the judgment. Fed.

R. Civ. P. 60(b). Beaumont appears to argue that I misapplied the Eighth Circuit's holding in Filla v. Norfolk So. Ry. Co., 336 F.3d 806 (8th Cir. 2003). Beaumont argues that the defendants must conclusively prove that it does not have a claim against the non-diverse defendants regardless of the actual allegations in the complaint. Filla, instead, states that a court must look at the complaint to determine if there is any reasonable basis in fact or law to support a claim against the non-diverse defendant. Id. at 810.

Beaumont now argues – for the first time – that the Texas defendants breached a duty to label seed in accordance with the Texas Seed Act and that defendant Jacko Garrett knew of the LLRice project and so had a duty to protect Beaumont from contamination.[1] These allegations are not in the complaint, and even under the most liberal reading of the complaint there is no "fair notice" that these claims were being made. Beaumont never raised these arguments when it had an opportunity to brief the motion to remand, and it has not presented any good reason why I should allow new arguments after I have already ruled on the motion.

In reaching my decision on the fraudulent joinder issue, I examined the

---

[1] Beaumont points this Court to documents BCSLP00142204-00142224. These documents, whatever they may be, are not part of the record before the court, and in any event, cannot change the allegations on the face of Beaumont's complaint.

complaint to determine whether it might have stated a cause of action against the non-diverse defendants under the facts alleged. See Filla v. Norfolk So. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (stating "if the state law <u>might</u> impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder"). Even if Eighth Circuit law allowed a district court to "pierce the pleadings" and consider facts not in the complaint in determining fraudulent joinder, which it does not, Beaumont should have raised these arguments earlier. In any event, as jurisdiction is determined based on the pleadings as they exist at the time of removal, Beaumont's late-blooming attempt to amend its complaint by arguments raised in a motion to reconsider fails.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs Beaumont Rice Mills, Inc.'s motion for reconsideration [#426, #23] is denied.

*[signature]*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.