UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | |
| RICE LITIGATION | ) | Case No. 4:06MD1811 CDP |
| | ) | |

This Order Relates to:
<u>The Simpson Co.</u>                      Case No. 4:08CV0258 CDP
<u>v. Bayer Cropscience, LP, et al.</u>

## **MEMORANDUM AND ORDER**

Plaintiff The Simpson Co., an Indiana corporation, asserts a state law claim of public nuisance and a request for injunctive relief against two Texas defendants, Texas Rice Improvement Association ("TRIA") and Jacko Garrett. Plaintiff originally filed suit in Texas state court. The case was removed by defendants on federal question grounds to the federal district court for the Southern District of Texas, and later transferred to this Court by order of the multi-district litigation panel. Because plaintiff's petition does not raise a substantial federal question, this Court lacks jurisdiction to hear plaintiff's claims. I will therefore remand this case to Texas state court.

## **Discussion**

This is the second time this case has been removed to federal court. Plaintiff originally filed its complaint in the 23rd Judicial District Court of Matagorda County, Texas, naming 13 separate defendants. A group of defendants

removed the case to federal court on diversity grounds, but then later withdrew their removal petition after it was learned that the parties were not in fact diverse. The case was thus remanded to state court. *See Simpson Co. v. Bayer Cropscience, LP*, No. 4:07CV875 (E.D. Mo. Sept. 24, 2007). TRIA and Jacko Garrett (neither of whom took part in the first removal effort) then removed the case a second time under 28 U.S.C. § 1441(b), which provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

TRIA and Garrett point to Count III of the plaintiff's complaint as the basis for removal. Count III raises a state law public nuisance claim in which Simpson claims that TRIA, Garrett and other defendants:

> unreasonably interfered with the public's right to expect compliance with the federal statutes and regulations governing the testing, growing, harvesting, storage, distribution, study and disposition of rice foundation seed. . . . [and have] caused and will continue to cause Simpson to suffer substantial and unique harm distinct and different in kind from that suffered by the general public.

Under Texas law, a claim for public nuisance may be brought where a condition "amounts to an unreasonable interference with a right common to the general public." *Jamail v. Stoneledge Condominium Owners Assoc.*, 970 S.W.2d 673, 676 (Tex. App. 1998). A private entity may not maintain an action based upon a

public nuisance without showing a "special injury" resulting from the nuisance. *Id*.

TRIA and Garrett argue that because Simpson's claim against them rests on "compliance with federal statutes and regulations," this court has federal question jurisdiction over the case. Though state law creates the cause of action, defendants are correct in stating that a case may still "arise under the laws of the United States if a well-pleaded complaint established that [the] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 860 (8th Cir. 2002). Where a case presents a "substantial, disputed question of federal law as a necessary element," federal courts have jurisdiction to resolve the controversy. *Id*.

The removing defendants point in particular to the Supreme Court's decision in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) as supporting their argument for federal question jurisdiction. In *Grable*, the plaintiff brought a state law quiet title action concerning land seized and sold by the IRS. The parties' sole dispute centered around federal law and a federal agency's compliance with a federal statute. The Court therefore concluded that even though the quiet title action was a state law claim, the case "arose under" federal law for purposes of § 1441(b). *Id*. at 318.

This case is easily distinguishable from *Grable*. The issue presented in *Grable* was specifically tied to a particular federal statute and the proceedings of a specific federal agency. Resolution of the federal question at issue was dispositive. Here, the complaint makes only a passing reference to "federal statutes and regulations." On the face of the complaint, there is no particular federal statute that is specifically in dispute. Rather, Simpson has brought a state law nuisance claim based on an alleged failure to comply with federal law. "A complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim arising under the Constitution, laws, or treaties of the United States." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

Unlike in *Grable*, Simpson's nuisance claim raises more than a single dispositive federal issue. To prevail on a nuisance claim, Simpson must demonstrate a specific injury it suffered that is unique and distinct from the public's injury at large. Although the parties will no doubt dispute the meaning of federal statutes, such a dispute alone is not sufficient to confer federal question jurisdiction, particularly in cases where Congress has not created a federal private right of action. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007) (fact that federal aviation standards played a "major role" in claim that

airline acted negligently did not confer federal jurisdiction over tort claims arising out of an airplane crash); *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544 (6th Cir. 2006 (no federal jurisdiction over a complaint identifying federal statutes as the basis for a violation of public policy).

Because the complaint does not raise a substantial federal question on its face, this court lacks federal question jurisdiction over plaintiff's claims. I will therefore remand this case to Texas state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's second motion to remand [#5, 611] is GRANTED, and the Clerk of Court shall remand this matter to the 23rd Judicial District Court of Matagorda County, Texas, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2008.