IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | 4:06 MD 1811 CDP<br><br>ALL CASES |

## SECOND REVISED PROTECTIVE ORDER

1.  **Scope.** This Confidentiality Agreement and Protective Order ("Confidentiality Agreement") governs the treatment of all documents and other products of discovery, all information derived therefrom and including, but not limited to, all copies, excerpts or summaries thereof of any depositions, deposition exhibits, interrogatory answers, responses to requests for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well as any other disclosed information (collectively "Discovery Material") produced by any party or non-party ("Producing Party") in the above-captioned consolidated MDL Proceedings, including individual cases during their pendency in MDL No. 1811 (the "Action"). In the event of remand or transfer to other courts, this Order will remain in effect in all respects until adopted by the remand or transferee court or replaced by a successor confidentiality order. This Confidentiality Agreement governs Confidential and Highly Confidential Discovery Materials, referred to generally as "Confidential Information." Confidential and Highly Confidential Materials produced by the foreign defendants in the Consolidated Complaint is referred to as "Foreign Confidential Information"

1

2. **Limitation on Use.** Discovery Material may be used solely for the litigation of actions under MDL No. 1811, presently entitled In re Genetically Modified Rice Litigation, including such actions after remand or transfer to other courts, as discussed in paragraph 1, and any appeals of this litigation and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party with respect to specifically identified Confidential Information and may not be used for any other purpose, including but not limited to,

   a. The prosecution or defense of other actions not subject to this Confidentiality Agreement;

   b. In any proceeding before or application to any government agency;

   c. Disclosure to media or competitors of parties to the Action;

   d. Any purpose other than the prosecution of this action.

3. **Limitation on Use of Foreign Confidential Information.** Only counsel for the party or parties (and other affiliated & authorized persons under Paragraph 8 and 9 of this Order) who either 1) have served the discovery request resulting in the production of Foreign Confidential Information or 2) have certified to Lead Counsel for Plaintiffs that they have initiated service of process under the Hague Convention in a case presently pending in the MDL may review Foreign Confidential Information. Even if such counsel represent other parties in related litigation, Foreign Confidential Information may not be used in any way in any other action or lawsuit, even if such action or lawsuit is part of this Action.

4. **Confidential Discovery Material.** Any Producing Party may designate as "Confidential" any Discovery Material that it believes in good faith contains legally protectable information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, such as:

a. Non-public information regarding the identity of and marketing information regarding customers, growers, elevators, vendors, contractors, suppliers, and other non-parties with whom the parties do business;

b. Proprietary licensing, distribution, marketing, design, redevelopment, research, test data and manufacturing information regarding products or technology, whether or not previously or currently marketed or under development;

c. Clinical studies;

d. Competitor and competitor product or technology information, including third party product or technology licenses;

e. Production information, including, but not limited to trade secrets or confidential research, development, or commercial information;

f. Financial information not publicly filed with any federal or state regulatory authority;

g. Information submitted to the EPA, FDA, USDA, or any other governmental agency, that under applicable regulations is exempt from disclosure under the Freedom of Information Act;

h. Information that a party obtained from another entity and which the party is required to keep confidential pursuant to an agreement entered into with such entity in the regular course of business;

i. Information contained in insurance policies that may cover this action;

j. Personnel compensation, evaluations or other private employment information; or

k.  Confidential or proprietary information about affiliates, parents, subsidiaries or third parties with whom the Parties to this action have had or have endeavored to have business relationships.

All Discovery Material so designated shall be referred to in this Confidentiality Agreement as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Confidentiality Agreement.

5.  **Highly Confidential Discovery Material**. Any Producing Party may designate any Discovery Material as "Highly Confidential" if such party in good faith believes that such Discovery Material contains Highly Confidential Information. Highly Confidential information means information not otherwise publicly available that the Producing Party believes, in good faith, would harm the competitive position of the producing person or party if the information were to be disclosed other than as permitted herein, containing:

a.  current and future business and marketing plans;

b.  research and development activities (including past research and development);

c.  work with third party collaborators or licensees under obligations of confidentiality;

d.  financial information relating to revenues, costs, and profits;

e.  correspondence with or submissions to government entities that was designated confidential at the time of transmittal and remains confidential as of the date of production; and

f.  any other similar information.

Moreover, any document obtained from the FSA, USDA, CCC, or any other government entity that relates to any plaintiff shall be designated and treated as "Highly Confidential" discovery material.

All Discovery Material so designated shall be referred to in this Confidentiality Agreement as "Highly Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Confidentiality Agreement.

6. **Foreign Confidential Information.** In addition, the foreign defendants may designate as Highly Confidential those documents (hereafter referring to any data in electronic form or in paper form) containing "personal data," within the sense of the German Federal Data Protection Act, the confidentiality of which is protected under German law. Personal data consists of: any and all data which concerns an identified person or a person who is identifiable with recourse to additional information available to the data processor (e.g., reference to an individual by his/her position within the company such as "Head of Finance" whose identity results from other sources of information). In particular, this applies to the following documents:

    a.    any correspondence (electronic or on paper) which identifies or through recourse to other sources of information available to the data processor allows identification of its author/sender and/or its addressee/recipient, i.e., for example all email correspondence, letters and faxes (including transmission reports)

    b.    any document such as memoranda, notes, and presentations if they identify or allow identification of its author/sender and/or its addressee/recipient through recourse to other information available to the data processor;

    c.    minutes of internal or external meetings as far as they include information about which individual(s) did or did not attend the meeting; and

d. personnel records and information.

Where a document has been designated as highly confidential in accordance with this paragraph and a party believes that (i) the document conveys an attachment or contains information that would not be deemed confidential under this paragraph and (ii) the document could be redacted to omit material protected by this paragraph in such a manner that the remaining nonconfidential material would not be confusing or misleading, that party shall meet and confer with counsel for the foreign defendants to determine whether the document can be produced in a redacted format without a confidential designation. (For instance, an email transmitting a publicly released document might be subject to redaction under this provision. Alternately, an email setting forth the sender's opinion would likely not be subject to redaction, because severing the opinion from the identity of the sender could be misleading.) If the parties cannot agree on redaction of a particular document, the party seeking redaction and nonconfidential production may file a request with the Court.

7. **Designation of Confidentiality**. All Confidential Discovery Material in the form of physical objects or documents shall be designated, as appropriate, by stamping or affixing, in an unobtrusive manner, the legend "**CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**" or "**CONFIDENTIAL**" to all pages of any document containing Confidential Discovery Material and "**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY**" or "**HIGHLY CONFIDENTIAL**" to all pages of any document containing Highly Confidential Discovery Material. Materials such as videotapes, audio tapes, and electronic media such as computer disks, compact discs, or DVDs, which contain or include Confidential or Highly Confidential Discovery Material, shall be designated by affixing the appropriate legend on the package thereof. Any such designation shall subject the document, its contents, or any

portion thereof, to this Confidentiality Agreement without any further act on the part of the Producing Party.

    a. A Producing Party may, on the record of a deposition, or within thirty (30) days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of such transcript(s), including exhibits and videotape, as Confidential or Highly Confidential Discovery Material under the terms of this Protective Order. Until the above-referenced thirty day period expires, the complete deposition transcript and videotape shall be treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as Confidential or Highly Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential" on the cover thereof and on each page that contains Confidential or Highly Confidential Discovery Material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of paragraph 14, *infra*.

    b. In the case of documents being made available for inspection, at the request of counsel for Producing Party, all documents and things produced for inspection during discovery shall initially be considered to contain wholly Highly Confidential Discovery Material and shall be produced for inspection only to persons representing the receiving party described in paragraph 8(b) of this Confidentiality Agreement. All such documents and things initially shall be fully subject to the limitations on disclosure and use of Highly Confidential Discovery

Material in this Confidentiality Agreement. At any inspection of the original documents and things, if requested, the Receiving Party shall not make copies of the documents produced, and if notes are made therefrom other than a list identifying documents or things to be copied or otherwise furnished, such notes shall be treated as Highly Confidential Discovery Material. Copies of documents and things requested by the Receiving Party shall be made, in accordance with normal production procedures, and delivered to the Receiving Party; such process shall be performed promptly and shall not await the production or inspection of other documents or things.

8. **Who May Access Confidential Discovery Material**. Confidential Discovery Material may only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part without written consent from the Producing Party *only* to the following persons:

   a. The parties to this litigation, including Lead Plaintiffs and Class Representatives, ***provided that*** such person(s) execute an undertaking to be bound by this Confidentiality Agreement in the form attached hereto as Appendix A (the "Undertaking") prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefore is made;

   b. Outside counsel of record who have executed this agreement for the respective parties to every case in this Action and to all related cases remanded or transferred from this Court, whether to state or federal court, and certain cases

pending in state courts, listed on Exhibit A hereto, and as may be added to from time to time, upon approval of the Court (the "Subject Cases"), who have executed this agreement, including attorneys, paraprofessionals, employees, and agents of such law firms.

c. Third party experts or consultants retained to assist counsel for the parties described in subparagraph 8(a), *provided that* any such experts or consultants execute the Undertaking prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s). For testifying experts, upon their designation as a testifying expert, the Undertaking shall be provided to the Producing Party contemporaneously with the service of their expert report. Disclosure of Confidential or Highly Confidential Discovery Material to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial. Discovery of consultants and experts will be taken in accordance with the Federal Rules of Civil Procedure. Unless specific written approval is given by the Producing Parties, under no circumstance can Highly Confidential Discovery Material be disclosed to consultants or experts who are parties or directors, officers, or employees of parties to this action.

d. Employees, officers and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, *provided that* such person(s) execute the Undertaking prior to disclosure and a copy of such signed

Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefore is made;

e.  Potential non-party witnesses in this Action and their counsel, if separate from counsel to the parties, when such disclosure is reasonably necessary for the purposes of trial preparation, factual investigation, or discovery, ***provided that*** any such persons and any such counsel execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party if a request therefore is made;

f.  Any witness deposed in this Action, who shall be provided prior to or at the outset of his, hers, or its deposition with a copy of this Confidentiality Agreement and such person, on the record at the deposition, shall be informed that he, she, or it (and such person's counsel, if any), is bound by the terms of this Confidentiality Agreement by virtue of an Order of the Court, and shall be requested to execute the Undertaking prior to disclosure. Counsel for the Producing Party shall be shown the document in the deposition immediately prior to providing the document to the witness.

g.  Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony; and

h.  The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

i. Commercial copy services, translators, data entry and computer support organizations, and such persons who assist in preparing demonstrative trial exhibits, hired by and assisting outside counsel for a party, provided such commercial organizations are made aware of and agree to abide by the provisions of this Confidentiality Agreement.

j. In-house counsel (and any paralegal or support staff working for and directly reporting to such counsel) for any party, so long as prior to disclosure of any Highly Confidential Discovery Material such counsel execute a copy of the Undertaking and a declaration setting forth his or her current job responsibilities and providing adequate assurance to the other Party that the declarant's access to such documents will not present undue business or competitive concerns for such other Party. No Confidential or Highly Confidential Discovery Material can be provided until 10 days after the Producing Party has received the declaration (or electronic copy thereof) or any objection to disclosure raised with the Court is resolved, as set forth below. If the Producing Party objects to disclosure to the in house counsel, the Producing Party may seek relief from the Court and must show with particularity that it will be prejudiced by disclosure of the Highly Confidential Information to that individual. If such a motion is filed, there can be no further disclosure to the individuals until the motion is finally decided. Whenever Highly Confidential Discovery Material is disclosed to in house counsel under this paragraph, those persons agree to segregate documents containing such information from other documents in their legal departments.

**9. Who May Access Highly Confidential Discovery Material.** Highly Confidential Discovery Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part without written consent from the Producing Party *only* to persons described in subparagraphs 8(b), (c), (f), (g), (h), (i), and (j) and *only* to the extent necessary for those persons to assist outside counsel in the prosecution or defense of this Action. In addition, named producer plaintiffs in the Consolidated Complaint may review Highly Confidential Material only (a) after signing an Undertaking and (b) in the presence of their counsel. Under no circumstances may the named producer plaintiffs copy, possess (outside the presence of their attorneys), summarize, or take notes regarding any Highly Confidential Material.

**10. Exclusion from Depositions.** Counsel for the witness or counsel for any party shall have the right to exclude from depositions, other than the deponent and deponent's counsel, any person who is not authorized by this Confidentiality Agreement to receive documents or information designated as Confidential or Highly Confidential Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to or related to Confidential or Highly Confidential Discovery Information.

**11. Third Party Requests for Information.** If any Receiving Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any legal process by one not a party to this Action (including any federal state or foreign government agency), seeking Discovery Material which was produced or designated as Confidential or Highly Confidential by someone other than the Receiving Party, the Receiving Party upon determining that such Discovery Materials are within the scope of the demand, subpoena, or legal process, shall give written notice, at the earliest possible time, of such

12

subpoena, demand or legal process, to those who produced or designated the material Confidential or Highly Confidential. The Receiving Party shall also respond to the subpoena, demand, or legal process by setting forth the existence of this Confidentiality Agreement and shall cooperate with the Producing Party so that the Producing Party can appear and object to production and in no event shall ever provide any documents prior to giving written notice to the Producing Party.

**12. Inadvertent Production or Designation**. The inadvertent failure to stamp a document, or a portion thereof, with the Confidential or Highly Confidential designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Confidentiality Agreement, provided that the Producing Party notifies the Receiving Party, in writing, within thirty (30) days after becoming aware that the Confidential or Highly Confidential Information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential or Highly Confidential Information and shall promptly provide a replacement copy of such material with the appropriate "Confidential" of "Highly Confidential" designation thereupon. Treatment of inadvertently produced confidential material in a manner inconsistent with this Confidentiality Agreement prior to notice of such inadvertent production is not a breach of this Confidentiality Agreement. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

**13. Inadvertent Production of Documents Subject to Immunity from Discovery**. In the event that one of the law firms that is counsel of record in this action learns or discovers that a document subject to immunity from discovery on the basis of attorney-client privilege, work product, or other valid basis has been inadvertently produced, counsel for Producing Party

13

shall notify the Receiving Party or parties in writing within thirty (30) days after so learning or discovering that such inadvertent production has been made. The inadvertently disclosed documents and all copies thereof shall be returned to the Producing Party and the Receiving Party shall not, without good cause shown, seek an order compelling production of the inadvertently disclosed documents on the ground that the Producing Party has waived or is otherwise estopped from asserting the applicable privilege or immunity on the basis that the document has been voluntarily produced. Such inadvertent disclosure shall not result in the waiver of any associated privilege, provided that the Producing Party has given timely notice as provided in this paragraph. Counsel shall cooperate to restore the confidentiality of any such inadvertently produced information.

14. **Procedure for Filing with the Court**. Any party seeking to file Confidential or Highly Confidential Discovery Material shall do so under seal. Such Confidential or Highly Confidential Discovery Material shall be labeled on the cover:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

and, unless otherwise agreed by counsel or directed by the Court, shall be filed in a sealed envelope and kept under seal and not disclosed to any person unless ordered by the Court in the Action.

15. **Procedure for Use in Court**. Confidential or Highly Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court, only after notice to the Producing Party identifying with specificity the Confidential or Highly Confidential Discovery Material to be used. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

16. **Own Use**. Nothing in this Confidentiality Agreement shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential or Highly Confidential Discovery Material in any way it sees fit to so use or discuss that material for any reason. Any such use or discussion of Confidential or Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this Confidentiality Agreement.

17. **Effect on Discovery**. This Confidentiality Agreement shall not enlarge or affect the proper scope of discovery in this Action, nor shall this Confidentiality Agreement imply that Discovery Material designated as Confidential or Highly Confidential under the terms of this Confidentiality Agreement is properly discoverable, relevant or admissible in this Action or in any other litigation. Discovery Material produced in this Action can only be used in conjunction with this Action. Nothing in this Confidentiality Agreement shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

18. **Advice to Clients**. Nothing in this Confidentiality Agreement shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential or Highly Confidential Information produced or exchanged; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of any Confidential or Highly Confidential Information produced by another party if that disclosure would be contrary to the terms of this Confidentiality Agreement.

19. **Dispute Resolution**. The following procedures shall apply to any disputes arising from the designation of Discovery Materials as confidential pursuant to this Confidentiality Agreement:

   a. If a party in good faith disagrees with the Producing Party's Confidential or Highly Confidential designation, that party shall inform counsel for the Producing Party in writing of that disagreement within fourteen (14) days prior to the filing of the final pretrial order;

   b. Upon written notification that a party disagrees with a confidential designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

   c. If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes. The Producing Party shall bear the burden of proving that information has properly been designated as Confidential or Highly Confidential Discovery Material; and

   d. Until such time as any such judicial process has been initiated and resolved, all parties receiving Confidential or Highly Confidential Discovery Material shall abide by the designation.

20. **Ongoing Protections**. Each document, material, or other thing, or portion thereof designated as Confidential or Highly Confidential shall retain that designation and shall remain subject to the terms of this Confidentiality Agreement until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or

portion thereof is not subject to this Confidentiality Agreement, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

21. **Termination**.  Except as otherwise agreed in writing by the parties, within one hundred eighty (180) days after the entry of a final judgment (including resolution of appeals or petitions for review), all Confidential and Highly Discovery Material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party, or the party's counsel shall certify in writing to the Producing Party that all such materials in their possession, custody, or control have been destroyed.  This Confidentiality Agreement shall survive the final termination of this Action with respect to any such Confidential or Highly Confidential Discovery Material.  Outside counsel of record for the Receiving Party shall be entitled to retain court papers filed with the court, deposition and trial transcripts and exhibits, and their own attorney work product, provided that such counsel, and employees of such counsel, shall not disclose any Confidential Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.  No portion of this provision requires the disclosure of attorney work product to any other party or counsel at any time.  Under no circumstances can outside counsel maintain discovery responses designated Confidential or Highly Confidential from other parties served in this case without express written consent of the Producing Party.

22. **Retrieval of Confidential Discovery Material from Court File**.  Within sixty (60) days after this case is closed in the District Court, any Producing Party may obtain the return of any previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents.  Any documents that are not so withdrawn

will be subject to the rules and procedures for such documents in the Eastern District of Missouri.

23. **Joinder of Additional Parties**. In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Information until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Confidentiality Agreement.

24. **Amendment**. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Confidentiality Agreement, except for the provisions in Paragraphs 13 and 21 *supra*. Nothing in this Confidentiality Agreement shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential or Highly Confidential Discovery Material produced in this Action. Until such agreement or order is obtained, however, this Confidentiality Agreement shall constitute the entire agreement of the parties with respect to the matters covered herein.

25. **Court Retains Jurisdiction**. This Confidentiality Agreement shall survive the final conclusion of this action and the Court shall maintain jurisdiction to enforce this Confidentiality Agreement. All persons receiving or given access to Confidential or Highly Confidential Discovery Material in accordance with the terms of this Confidentiality Agreement consent to the continuing jurisdiction for the purposes of enforcing this Protective Order and remedying any violations thereof.

26. **Limitation on Use of Confidentiality Designations**. This Confidentiality Agreement has been agreed to by the Parties to facilitate discovery and the production of relevant information in these actions. Neither the entry of this Order, nor the designation of any

information, document or the like as Confidential or Highly Confidential Discovery Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in these actions.

27. **Execution**. This stipulation may be signed by the parties in counterpart.

SO ORDERED, ADJUDGED, AND DECREED this 6th day of April, 2009

*[signature]*
THE HONORABLE CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

## APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IN RE LLRICE 601 ) <br> CONTAMINATION LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Master Docket No. 4:06MD1811 <br><br> MDL Docket No. 1811 <br><br> Judge Catherine D. Perry |

## UNDERTAKING

I, _____, declare under penalty of perjury that:

My present address is _____. I have received a copy of the Second Revised Protective Order in the above-captioned case.

I have read the Confidentiality Agreement, and will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Agreement, and will use only for purposes of this Action any Confidential or Highly Confidential Discovery Material that is disclosed to me.

I agree to be bound by the Confidentiality Agreement. I also agree to submit to the jurisdiction of the United States District Court for the Eastern District of Missouri for the enforcement of the Confidentiality Agreement.

Date: _____   Signature: _____

1