UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE GENETICALLY MODIFIED   )           4:06MD1811 CDP
RICE LITIGATION              )

<u>This order applies to:</u>

Case No. 4:08CV877 CDP
Case No. 4:08CV887 CDP
Case No. 4:08CV889 CDP
Case No. 4:08CV1254 CDP
Case No. 4:08CV1257 CDP
Case No. 4:08CV1262 CDP
Case No. 4:08CV1263 CDP
Case No. 4:08CV1265 CDP
Case No. 4:08CV1267 CDP
Case No. 4:08CV1268 CDP
Case No. 4:08CV1269 CDP
Case No. 4:08CV1272 CDP
Case No. 4:08CV1273 CDP
Case No. 4:08CV1276 CDP
Case No. 4:08CV1281 CDP
Case No. 4:08CV1283 CDP
Case No. 4:08CV1541 CDP
Case No. 4:08CV1543 CDP
Case No. 4:08CV1544 CDP

**<u>MEMORANDUM AND ORDER</u>**

Non-parties Jacko Garrett, Garrett AG Interests, LLC, Garrett Seed Rice,

LTD., Garrett Land Co/, Garrett AG Maintenance, Garrett AG Equipment, Garrett

AG Processing, and Garrett Seed Rice have filed a "Motion to Quash and

Objection" to subpoenas that the Garretts claim were served on them by certain

plaintiffs. The motion contains an alternative request for a protective order, although it is not captioned as a motion for protective order. There are several problems with this motion, and I will deny it without prejudice.

First, none of the subpoenas were attached to the motion, so I do not actually know what they said, nor do I know what court issued the subpoenas. The motion references a request for documents but also "notices of deposition on written questions," but I cannot tell, of course, if this complies with the Federal Rules of Civil Procedure or not. Second, there is no certificate of attempt to resolve as is required before filing any motion related to discovery under Local Rule 37-3.04. Third, although a non-party is not required to file a motion to quash – but instead may simply serve objections on the party who issued the subpoena, *see* Rule 45(c)(2)(B), Fed. R. Civ. P. – if a non-party chooses to file a motion to quash, that is normally done in the issuing court, *see* Rule 45(c)(3). A motion for protective order would be appropriate in this district, but compliance with the Local Rules are required for that.

From the motion, it appears that the requests may indeed be overbroad and that the non-parties may be entitled to some sort of relief (although probably not everything they ask for), but I cannot grant it on this record, and I will not grant relief unless I receive the certification that the parties have attempted in good faith

to resolve the disputes.

Finally, I note that in this case any motions such as this, which are not directed to the pleadings, should be filed in the main case only, and not in the individual cases. *See* Order Regarding Docket Filing For All Cases, docket # 1321, dated May 21, 2009. If the Garrett non-parties decide to refile this motion, they should file it only in the main MDL case.

Accordingly,

**IT IS HEREBY ORDERED** that Garrett Non-Parties' motion to quash is denied without prejudice to be corrected and refiled, if necessary.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2009.