IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

*In re*
*Genetically Modified Rice Litigation*          Master Case No. 4:06MD1811CDP
                                                MDL Docket No. 1811

RIVIANA FOODS INC.                                                      PLAINTIFF

v.                      NO. 4:08cv375CDP[1]

BAYER AG, BAYER CROPSCIENCE AG,
BAYER CORPORATION,
BAYER CROPSCIENCE, LP,
RICELAND FOODS, INC.,
PRODUCERS RICE MILL, INC., and
PLANTERS RICE MILL LLC                                                  DEFENDANTS

                                AND

VEETEE RICE LIMITED                                                     PLAINTIFF

v.                      No. 4:07-CV-01211 CDP[2]

RICELAND FOODS, INC.,
PRODUCERS RICE MILL, INC.,
RIVIANA FOODS INC., and
BAYER CROPSCIENCE LP                                                    DEFENDANTS

                                AND

---

[1] Transferred from the United States District Court for the Southern District of Texas, No. 4:08cv00325.
[2] Transferred from the United States District Court for the Eastern District of Arkansas, No. 4:07CV463WRW (USDC E. D. Ark.).

| | |
|---|---|
| WESTMILL FOODS, a division of<br>ABF GRAIN PRODUCTS LTD. | PLAINTIFF |

v.                              No. 4:09-cv-00938CDP[3]

| | |
|---|---|
| RIVIANA FOODS INC.,<br>PRODUCERS RICE MILL, INC.,<br>BAYER AG, BAYER CROPSCIENCE AG,<br>BAYER CORPORATION, BAYER CROPSCIENCE LP,<br>BAYER CROPSCIENCE HOLDING, INC. and<br>BAYER BIOSCIENCE nv | DEFENDANTS |

AND

| | |
|---|---|
| VAN SILLEVOLDT RIJST, BV | PLAINTIFF |

v.                              No. 4:09cv00941CDP[4]

| | |
|---|---|
| RIVIANA FOODS, INC.,<br>PRODUCERS RICE MILL, INC.,<br>RICELAND FOODS, INC.,<br>BAYER AG, BAYER CROPSCIENCE AG,<br>BAYER CORPORATION, BAYER CROPSCIENCE LP,<br>BAYER CROPSCIENCE HOLDING INC., and<br>BAYER BIOSCIENCE nv | DEFENDANTS |

## JOINDER OF RIVIANA FOODS INC. IN
## PLAINTIFFS' MOTION TO ESTABLISH COMMON BENEFIT FUND

Riviana Foods Inc. ("Riviana"), plaintiff in the first captioned action and a defendant in the remaining captioned actions, hereby joins in and pursuant to Fed. R. Civ. P. 10(c) incorporates by reference Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund.

---

[3] Transferred from the United States District Court for the Eastern District of Arkansas, No. 4:09-cv-0338JMM.
[4] Transferred from the United States District Court for the Eastern District of Arkansas, No. 4:09cv377BSM.

Riviana is one of the non-producer parties that has voluntarily entered into a cost-sharing agreement, as referenced in plaintiffs' supporting brief at page 6. Riviana wholeheartedly agrees that all producer and non-producer parties who have sued the Bayer defendants, either directly in affirmative cases or through cross-claims and third-party complaints in cases in which the non-producers may be defendants, have enjoyed substantial and significant benefit from the efforts of Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee. As demonstrated in their brief, Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee have undertaken massive discovery efforts directed to the Bayer defendants, including document production, depositions and requests for admission. They have engaged and developed expert witnesses on causation issues that will be shared with other producer and non-producer claimants seeking recovery from Bayer. They have filed motions that have benefitted producer and non-producer claimants.

As Plaintiffs have accurately represented to the Court, the establishment of common benefit funds in a common occurrence in MDL cases. Being that a primary purpose of MDL proceedings is to consolidate and streamline pre-trial development in order to achieve cost-savings and avoid duplication of effort, it is entirely appropriate that parties who benefit from the efforts of Lead Counsel should pay their fair share. Riviana certainly has recognized as much in making its decision to voluntarily participate.

We refer the Court to the decision in *In re Linerboard Antitrust Litigation*, 292 F. Supp.2d 644 (E.D. Pa. 2003), in which the MDL court imposed common benefit assessments upon tag-along parties including those parties who had opted out of the certified class and pursued their own cases through separate counsel. Noting that these

parties had enjoyed the benefits of two years' worth of work by class counsel prior to opting out, the Court determined that it was equitable to impose assessments on those parties. The rationale applied by the *Linerboard* court is at least equally applicable here.

Accordingly, Riviana requests the Court to grant the motion and impose the requested assessments upon those parties who have benefitted from the work of Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee but have not voluntarily agreed to those assessments.

          Respectfully submitted,

          QUATTLEBAUM, GROOMS,
             TULL & BURROW PLLC
          111 Center Street, Suite 1900
          Little Rock, AR 72201
          (501) 379-1700
          (501) 379-1701

By: _/s/ Charles L. Schlumberger_____
     Charles L. Schlumberger Ark. Bar No 79253

*Attorneys for Riviana Foods Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON September 11, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the individuals designated on the clerk's service list for this case.

          __/s/ Charles L. Schlumberger_____
          Charles L. Schlumberger