IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | 4:06 MD 1811 CDP<br><br>ALL CASES |

## OBJECTION TO PLAINTIFFS' LEAD COUNSEL'S AND PLAINTIFFS' EXECUTIVE COMMITTEE'S MOTION TO ESTABLISH A COMMON BENEFIT FUND

TO THE HONORABLE CATHERINE D. PERRY:

Plaintiffs with cases before MDL 1811 under Cause Nos. 4:08-CV-1262; 4:08-CV-1279; 4:08-CV-1259; 4:08-CV-1266; 4:08-CV-1269; 4:08-CV-1270; 4:08-CV-1258; 4:08-CV-1271; 4:08-CV-1275; 4:08-CV-1276; 4:08-CV-1255; 4:08-CV-1277; 4:08-CV-1267; 4:08-CV-1268; 4:08-CV-1278 4:08-CV-1265; 4:08-CV-1274; 4:08-CV-1257; 4:08-CV-1254; 4:08-CV-1286; 4:08-CV-1285; 4:08-CV-1272; 4:08-CV-1273; 4:08-CV-1260; 4:08-CV-1263; 4:08-CV-1261; 4:08-CV-1256; 4:08-CV-1287; 4:08-CV-1261; 4:08-CV-1281; 4:08-CV-1283; 4:08-CV-1284; 4:08-CV-1542; 4:08-CV-1541; 4:08-CV-877; 4:08-CV-878; 4:08-CV-879; 4:08-CV-880; 4:08-CV-881; 4:08-CV-887; 4:08-CV-889; 4:08-CV-1291; 4:08-CV-1543; 4:08-CV-1544; 4:08-CV-1629; 4:07-CV-1762; 4:08-CV-2027; 4:08-CV-0522; 4:08-CV-1253; 4:08-CV-1282 hereby object to the Motion to Establish a Common Benefit Fund filed by Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee.[1]

## A. INTRODUCTION

1.  Plaintiffs' Court-appointed Lead Counsel and Executive Committee ("PLC") have requested this Court establish a common benefit fund to compensate them for "assisting in prosecuting this centralized multidistrict litigation." PLC has requested this Court order

---

[1] This Memorandum is also on behalf of all cases pending in the Eastern District of Arkansas awaiting transfer to the MDL listed in Exhibit A and all pending Arkansas state court cases listed in Exhibit B.

defendants to set aside 11% of any gross recovery obtained by the Phipps producer plaintiffs (8% for attorney's fees and 3% for expenses) and 10% any gross recovery obtained by the Phipps non-producer plaintiffs (7% for attorney's fees and 3% for expenses).[2]

2.  The Phipps Plaintiffs object to any assessment against them or the Phipps team to establish a common benefit fund. The Phipps team has performed, at a minimum, 12,000 hours of attorney's fees and expended $850,000 in expenses working up this litigation to the benefit of not only the Phipps Plaintiffs. The work performed by the Phipps team has benefited not only the Phipps Plaintiffs, but also all plaintiffs involved in this MDL, including those represented by PLC because the work and effort put in by the Phipps team has placed enormous pressure on Defendants. All lawyers have worked hard in this case to represent the individualized interests of their clients, and the work of each team of lawyers has benefited all plaintiffs collectively. Simply put, contrary to PLC's representations, the Phipps Plaintiffs are not "free riders," and neither they nor their counsel should be penalized by an assessment.

## B. GROUNDS FOR OBJECTION

3.  In support of its Objection, the Phipps Plaintiffs are simultaneously filing a Memorandum outlining the legal authorities supporting the objections. In addition, the Phipps Plaintiffs have retained two experts for purposes of responding to PLC's request for an assessment, Harvard Professor William B. Rubenstein and University of Texas School of Law Professor Charles Silver. The Phipps Plaintiffs request additional time to allow their experts to analyze the relevant documents and provide reports to this Court on the issue of whether an

---

[2] PLC's Motion is so broadly worded that the Phipps Plaintiffs were unable to determine if PLC sought a 10% or 11% from only plaintiffs governed by the MDL or all plaintiffs suing Defendants. In an abundance of caution, the Phipps Plaintiffs hereby object to any contention by PLC that this Court has jurisdiction to order an assessment against the recovery of state court plaintiffs outside this MDL litigation.

assessment is authorized under the facts of this case and, if so, what the recommended assessment should be.

    4.    The Phipps Plaintiffs object on the following grounds:

        a.    This Court lacks jurisdiction to enter any assessment against plaintiffs not governed by this MDL proceeding. Specifically, this Court lacks jurisdiction to award an assessment against any state court plaintiff or federal court plaintiff not transferred to this MDL proceeding;

        b.    Consideration of whether an award of attorneys fees to PLC is warranted, which is a question of substantive law, is governed by state, not federal law. PLC's reliance on federal common law to invoke the common benefit doctrine is misplaced;

        c.    Even if federal law applies, there exists no federal statutory authority authorizing MDL courts to make assessments in MDL proceedings;

        d.    PLC's reliance on class action principles, such as the common benefit doctrine, is inappropriate in an MDL setting and specifically rejected in the circumstances presented in this case by RESTATEMENT (THIRD) OF THE LAW OF RESTITUTION AND UNJUST ENRICHMENT § 30 (Tentative Draft [T.D.] Nov. 3, 2004);

        e.    PLC has done no work superfluous to the work necessary to represent its own clients and, consequently, is entitled to no attorney's fees other than those resulting from contingency fees with its clients;

        f.    PLC's performance as "lead counsel" has been lackluster at best, resulting in little to no cooperation with the Phipps team and few collective efforts between the two groups of attorneys;

    g. Contrary to PLC's representations, the Phipps Plaintiffs are not "free riders." The Phipps team has operated wholly independently of PLC in prosecuting the Phipps Plaintiffs' claims, including conducting its own discovery, hiring an appellate attorney to conduct research and drafting of the complicated legal issues presented, providing its own mediation presentation, responding independently to dispositive motions, conducting its own mock trials, and hiring its own experts, expending enormous resources and spent over 12,000 hours prosecuting their clients' claims.

    h. Ethical rules of conduct prevent the fee sharing arrangement requested by PLC

## C. Conclusion

  The Phipps Plaintiffs respectfully request this Court deny PLC's request for an assessment or, alternatively, postpone consideration of this Motion to allow more information to be gathered to afford the parties and this Court adequate data to make an informed decision as to whether PLC is entitled to an assessment of the Phipps Plaintiffs' recovery and, if so, what percentage accurately reflects the independent work product provided to the Phipps Plaintiffs by PLC.

Respectfully submitted,

**GOLDMAN, PENNEBAKER & PHIPPS, P.C.**
One International Centre
100 N.E. Loop 410, Ste 1500
San Antonio, Texas 78216
Telephone: (210) 340-9800
Telecopier: (210) 340-9888
Email: mphipps@gpplaw.com


BY:   /s/ Martin J. Phipps
       MARTIN J. PHIPPS
       State Bar No. 00791444


Mikal C. Watts
Austin Anderson
**MIKAL C. WATTS, P.C.**
555 N. Carancahua St., Suite 1400
Corpus Christi, Texas 78478
Phone:  (361) 887-0500
Fax:  (361) 887-0055
Email:        mcwatts@wgslawfirm.com
              aanderson@wgclawfirm.com

Charles A. Banks
**BANKS LAW FIRM, PLLC**
100 Morgan Keegan Drive, Suite 100
Little Rock, AR 72202
Telephone:    (501) 280-0100
Telecopier:   (501) 280-0166
Email:        cbanks@bankslawfirm.us

Alton Todd
**LAW FIRM OF ALTON C. TODD**
312 S Friendswood Drive
Friendswood, Texas 77546-3904
Telephone:    (281) 992-8633
Telecopier:   (281) 648-8633
Email:        alton@actlaw.com

T. Mark Sledge
**GRENFELL, SLEDGE & STEVENS, PLLC**
Attorneys at Law
1535 Lelia Drive
Jackson, Mississippi 39216
Telephone:    (601) 366-1900
Telecopier:    (601) 366-1799
Email:            tmshunts@aol.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this 17th day of September, 2009, electronically filed a copy of the foregoing with the Clerk of the Court to be served by operation of the court's electronic filing system upon the parties of record.

/s/ Martin J. Phipps
MARTIN J. PHIPPS