UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | 4:06-md-1811-CDP <br><br> ALL CASES |

**OPPOSITION TO THE PLAINTIFFS' LEAD COUNSEL'S AND PLAINTIFFS' EXECUTIVE COMMITTEE'S MOTION TO ESTABLISH A COMMON BENEFIT FUND**

**NOW INTO COURT,** comes undersigned counsel to file the Opposition to the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund.

Undersigned counsel opposes the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund for the following reasons: 1) Undersigned counsel has invested considerable time and resources litigating the cases filed by undersigned counsel in both federal and state court; and, 2) The Court lacks jurisdiction to order a hold back and set aside of any gross recovery obtained by way of judgment, settlement, or otherwise in the cases filed by undersigned counsel in state court.

Furthermore, even assuming the Court finds a hold back and set aside appropriate under the circumstances, the hold back and set aside requested for attorney's fees as well as costs and expenses in the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund is excessive in comparison to cases of a similar nature.

1

Undersigned counsel represents producers in cases filed in both federal and state court so the Opposition to the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund will focus on the request for a hold back and set aside of any gross recovery obtained by way of judgment, settlement, or otherwise of 8% for attorney's fees in producer cases and an additional 3% for costs and expenses in all cases.

In total, Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee are seeking a hold back and set aside of 11% of any gross recovery obtained by way of judgment, settlement, or otherwise related to the cases filed in federal and state court by undersigned counsel.

## LAW AND ARGUMENT

### I. UNDERSIGNED COUNSEL HAS NOT BEEN "FREE-RIDING."

Undersigned counsel has invested considerable time and resources litigating the cases filed by undersigned counsel in both federal and state court.

Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee submit that a hold back and set aside of any gross recovery obtained by way of judgment, settlement, or otherwise of 8% for attorney's fees in producer cases and an additional 3% for costs and expenses in all cases is necessary because Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee have invested a significant amount of manpower and financial resources actively litigating these cases.

In addition, Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee suggests that common benefit doctrine prevents the problem of "free-riding" or an attorney or litigant obtaining the benefit of a lawsuit without contributing to the costs of the lawsuit.

Undersigned counsel filed cases related to the contamination of the rice supply in the United States with genetically modified rice in both federal and state court.

2

Undersigned counsel began the process of filing cases in about January of 2007.[1]

Undersigned counsel is counsel of record for nineteen (19) cases currently pending in the United States District Court for the Eastern District of Missouri Eastern Division. The cases were originally filed in various federal courts in the State of Louisiana, but the cases were all transferred to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1407 to be consolidated in the In Re Genetically Modified Rice Litigation, MDL. Docket No. 4:06-md-1811-CDP.

Undersigned counsel is also counsel of record for twenty-two (22) cases currently pending in various state courts in the State of Louisiana.

In total, undersigned counsel represents approximately two hundred (200) producers from the State of Louisiana and the majority of producers' cases are filed in various state courts in the State of Louisiana.

Undersigned counsel has actively participated in all pretrial activities in the In Re Genetically Modified Rice Litigation, MDL. Docket No. 4:06-md-1811-CDP, and engaged in discovery in the cases pending the various state courts in the State of Louisiana.

Undersigned counsel attended the vast majority of the depositions noticed in the In Re Genetically Modified Rice Litigation, MDL. Docket No. 4:06-md-1811-CDP, either in person or by telephone and spent considerable time questioning witnesses for the purposes preparing the cases filed by undersigned counsel in federal and state court for trial. Undersigned counsel also attended

---

[1] The investigation and research utilized to draft the Master Consolidated Class Action Complaint filed on May 17, 2007, was of no import to undersigned counsel because undersigned counsel had already begun the process of filing cases five (5) months earlier and undersigned counsel did not support class certification.

the status conferences and hearings before the Court either in person or by telephone. Additionally, undersigned counsel attended the mediation before Special Master Limbaugh.

Undersigned counsel did not receive any assistance from the Plaintiffs' Lead Counsel or Plaintiffs' Executive Committee in submitting Confidential Plaintiff Fact Sheets.

Undersigned counsel did receive copies of documents from the Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee, but Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee did not provide undersigned counsel with any assistance coding or reviewing the documents or with any summaries of the documents.

Finally, undersigned counsel has been in the process of developing separate expert testimony to address the scientific and economic issues involved in the cases and has not agreed to share experts with Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee to date.

Undersigned counsel has continued to diligently prosecute the cases filed by undersigned counsel in both federal and state court and has participated fully in the litigation process.

Therefore, the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund should be denied because undersigned counsel has invested considerable time and resources litigating the cases filed by undersigned counsel in both federal and state court.

**II.     THE COURT LACKS JURISDICTION OVER THE CASES FILED IN STATE COURT.**

The Court lacks jurisdiction to order a hold back and set aside of any gross recovery obtained by way of judgment, settlement, or otherwise in the cases filed by undersigned counsel in state court.

Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee seem to suggest that the Court has authority to order a hold back and assessment of any gross recovery obtained by way of

judgment, settlement, or otherwise in the cases filed by undersigned counsel in state court, "The most powerful feature of the common benefit doctrine is that it recognizes that the beneficiaries against whom common benefit payments may be properly assessed need not be named parties in cases filed in, or transferred to, the MDL court."

Nevertheless, it is well-established that 28 U.S.C. § 1407 does not expand the jurisdiction of the transferee court,

> While § 1407 provides a procedure for transferring cases filed in different districts to a single district court for pretrial proceedings, nowhere does it expand the jurisdiction of either the transferor or the transferee court. As in any other case, a transferee court's jurisdiction in multi-district litigation is limited to cases and controversies between persons who are properly parties to the cases transferred, and any attempts to reach others who are unrelated is beyond the court's power. In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II, 953 F.2d 162, 165-166 (4th Cir. 1/10/1992).

In In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II, the United States Court of Appeals for the Fourth Circuit found that a federal court did not have jurisdiction to require counsel in cases pending in state court to contribute to the Plaintiffs' Expense Fund in the MDL, "Claimants who have not sued and plaintiffs in state and untransferred federal cases have not voluntarily entered the district court...The district court simply has no power to extend the obligations of its order to them." Id. at 166.

The United States Court of Appeals for the Ninth Circuit also found that a federal court was without jurisdiction to order payments in connection with settlement of claim in state court in Hartland v. Alaska Airlines. 544 F.2d 992, 1002 (9th Cir. 11/11/1976).

In addition, in addressing the issue of whether or not the PSC II could hold back a percentage of attorney's fees in state cases where the state plaintiff's attorney also represents federal plaintiffs, the Court in the In re Zyprexa Products Liability Litigation noted that, "The issue of assessing state

cases with the costs of a discovery process that benefits all cases, state and federal, should, in the first instance be left to state court judges." 467 F.Supp.2d 256, 267-269 (E.D. NY 12/5/2006).

Thus, the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund should be denied as it relates to the request for a hold back and set aside of any gross recovery obtained by way of judgment, settlement, or otherwise in the cases filed by undersigned counsel in state court.

### III.   THE HOLD BACK AND SET ASIDE REQUESTED ARE UNREASONABLE.

Undersigned counsel maintains that a hold back and set aside are not appropriate under the circumstances.

However, assuming the Court finds a hold back and set aside appropriate under the circumstances, the hold back and set aside requested for attorney's fees as well as costs and expenses in the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund is excessive in comparison to cases of a similar nature.

Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee contend that the requested hold back and set aside are neither novel nor arbitrary nor excessive and that, "[M]DL transferee courts have imposed fee assessments of the size requested here."

A review of the cases cited in the Memorandum in Support of Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion for an Order Establishing a Common Benefit Fund reveals that Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's contention regarding the reasonableness of the requested hold back and set aside is without merit:

1)   In the In re MGM Grand Hotel and Fire Litigation, the Court originally awarded a 5% assessment and only increased the assessment to 7% following the negotiation of a global settlement. 660 F.Supp.522, 529 (D. Nev. 3/17/1987).

2) The Court awarded a 8% assessment in the In re Air Crash Disaster at Florida Everglades on December 29, 1972, but Defendants conceded liability resulting in the settlement of the majority of the cases prior to the assessment award and attorneys that actively participated in pretrial activities were exempt from the assessment. 529 F.2d 1006, 1008-1010 (5th Cir. 4/4/1977).

3) In the In re: Silicone Gel Breast Implants Products Liability Litigation, if the agreement or judgment was entered after July 23, 1993, and before November 1, 1993, then the Court awarded a 5% assessment and if the agreement or judgment was entered after October 31, 1993, then the Court awarded a 6% assessment. MDL Docket No. 926, Master File No. 92-cv-10000, Order No. 13 (N.D. Ala. 7/23/1993).

4) The Court rejected a request for a 9% assessment in the In Re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, "Moreover, the court finds that 6% and 4% assessments are more in keeping with those currently being levied in other MDL's." 2002 WL 32154197, *20 (E.D. Pa. 10/3/2002).

5) In the In Re: Ortho Evra Products Liability Litigation, the Court imposed a 3% assessment on cases wherein counsel signed an agreement to cooperate with the MDL within a certain time frame and a 5% assessment on cases in which counsel did not sign an agreement to cooperate with the MDL within the requisite time frame or file the appropriate election. MDL Docket No. 1742, N.D. Ohio Case No. 1:06-40000, Case Management Order No. 9 (N.D. Ohio 8/28/2006).

6) The Court imposed a 3% assessment on cases wherein counsel signed an agreement to cooperate with the MDL within a certain time frame and a 4% or 6% assessment on other cases depending on the circumstances in the In Re: Vioxx Products Liability Litigation. MDL Docket No. 1657, Pretrial Order No. 19 (E.D. La. 8/4/2005).

7) In the In re: Prempro Products Liability Litigation, the Court imposed a 5% assessment on federal court cases and a 3% assessment on state court cases in which the personal injury plaintiff was represented by Associated State Court Personal Injury Counsel. MDL Docket No. 4:03-cv-1507-WRW, Practice and Procedure Order No. 6 (E.D. Ark. 3/30/2005).

8) The Court imposed a 4% assessment with possible increases in the assessment for later filed cases in the In Re: Bextra and Celebrex Marketing Sales Practices and Products Liability Litigation. MDL Docket No. 1699, Case No. M:05-cv-1699-CRB, Pretrial Order No. 8 (N.D. Ca. 2/28/2006).

In fact, Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee do not cite to a single

case that would support a hold back and set aside of 11% of any gross recovery obtained by way of judgment, settlement, or otherwise related to the cases filed in federal and state court by undersigned counsel.

Consequently, Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund should be denied or the hold back and set aside requested by Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee for attorney's fees as well as costs and expenses should be significantly reduced.

## CONCLUSION

**WHEREFORE,** undersigned counsel respectfully requests that the Plaintiffs' Lead Counsel's and Plaintiffs' Executive Committee's Motion to Establish a Common Benefit Fund be denied.

Respectfully Submitted,

**s/ Jessica W. Hayes (#28927)**
Stephen B. Murray (#9858)
Stepehn B. Murray, Jr. (#23877)
Arthur M. Murray (#27694)
Nicole Ieyoub Murray (#28088)
**Jessica W. Hayes (#28927)**
**MURRAY LAW FIRM**
650 Poydras Street, Suite 1100
New Orleans, Louisiana 70130
Telephone: (504) 525-8100
Facsimile: (504) 584-5249
E-mail: jhayes@murray-lawfirm.com

Michael K. Cox (#22026)
**COX COX FILO CAMEL & WILSON LLC**
723 Broad Street
Lake Charles, Louisiana 70601
Telephone: (337) 436-6611
Facsimile: (337) 436-9541

        Barry A. Roach (#21838)
        **LARRY A. ROACH INC.**
        2917 Ryan Street
        Lake Charles, Louisiana 70601
        Telephone: (337) 433-8504
        Facsimile: (337) 433-3196

        Scott A. Stefanski (#21895)
        Russell K. Zaunbrecher (#9045)
        **EDWARDS STEFANSKI & ZAUNBRECHER LLP**
        125 East Hutchinson Avenue
        Crowley, Louisiana 70526
        Telephone: (337) 783-7000
        Facsimile: (337) 783-3165

## **CERTIFICATE OF SERVICE**

I, **Jessica W. Hayes (#28927)**, hereby certify that on September 17, 2009, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

The CM/ECF system will send notification of the filing of the document to all counsel of record who are authorized to receive electronic servicing and counsel of record who are not authorized to receive electronic servicing were sent a copy of the document by USPS Regular Mail.

        **s/ Jessica W. Hayes (#28927)**
        **Jessica W. Hayes (#28927)**