UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED ) <br> RICE LITIGATION ) | Case No. 4:06MD1811 CDP |

**This Order Relates To:**

| | |
|---|---|
| *Tilda, Ltd.* <br> *v. Riceland Foods, Inc., et al.* | Case No. 4:07CV457 CDP |
| *Veetee Rice Limited* <br> *v. Riceland Foods, Inc., et al.* | Case No. 4:07CV1211 CDP |
| *Rickmers Reismüehle GmbH* <br> *v. Riceland Foods, Inc.* | Case No. 4:08CV499 CDP |
| *Rickmers Reismüehle GmbH* <br> *v. Producers Ricemill, Inc.* | Case No. 4:08CV500 CDP |

# MEMORANDUM AND ORDER

Plaintiffs Tilda Limited, Veetee Rice Limited, and Rickmers Reismüehle GmbH, have filed motions to compel two non-parties to produce documents. The subpoenaed non-parties are J.W. Allen Company, Inc., located in New Orleans, Louisiana, and International Shipholding Corporation d/b/a LCI Shipholdings, Inc., located in Mobile, Alabama. The non-parties were properly served with subpoenas in January and neither has produced the subpoenaed documents, nor have they formally objected to doing the same. They were served with copies of the motions to compel, and neither has responded to the motions.

Generally, Federal Rule of Civil Procedure 37 limits which court may compel discovery from nonparties. *See* FED. R. CIV. P. 37(a)(2). Rule 37 states that only the court in the district where the discovery is to be taken may compel nonparties to produce discovery. *Id.* Under ordinary circumstances, only the United States District Court for the Eastern District of Louisiana could compel J.W. Allen to produce documents, and only the United States District Court for the Southern District of Alabama could compel International Shipholding to produce documents.

These cases, however, were are part of the multidistrict litigation stemming from the 2006 spread of genetically modified rice in the United States. Under 28 U.S.C. § 1407, this Court may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). Several courts have specifically recognized that section 1407 allows a court presiding over multidistrict litigation to compel the production of documents, even when the subpoena is not issued in conjunction with a deposition. *See U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 444 F.3d 462 (6th Cir. 2006); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F.Supp.2d 270 (D.D.C. 2002); *In re Sunrise Securities Litigation*, 130 F.R.D. 560 (E.D. Pa.1989);

*In re San Juan Dupont Plaza Hotel Fire Litigation*, 117 F.R.D. 30 (D. P.R. 1987).

A swift resolution of this dispute is necessary to preserve the existing pre-trial schedule for the multidistrict litigation. The litigation involves thousands of plaintiffs and dozens of defendants, all with interrelated claims and defenses. In order to resolve the litigation in a timely fashion, I have imposed strict deadlines regarding discovery, and the parties who issued these subpoenas are required to comply with these deadlines. It is essential that the non-parties comply with the subpoenas promptly so the entire litigation is not delayed. Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to compel subpoenaed documents from J.W. Allen [#1477, 1478] is **GRANTED** and J.W. Allen Company, Inc. and International Shipholding Corporation d/b/a LCI Shipholdings, Inc., must produce all documents covered by the subpoenas no later than **October 8, 2009**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2009.