RECEIVED BY MAIL
SEP 17 2009
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) ) ) ) ) | 4:06 MD 1811 CDP |

### SUBMISSION OF SCHAFER AND BRANN PLAINTIFFS IN RESPONSE TO MOTION TO ASSESS FEES AND COSTS FOR COMMON BENEFIT FUND

Comes now counsel for the *Schafer* plaintiffs and the *Brann* plaintiffs and in response to the petition for assessment of fees and costs filed by the MDL steering committee, says as follows:

1. The undersigned counsel currently represent approximately 1,500 Rice farmers across the state of Arkansas. The cases are divided into two separate filings; to-wit, *Schafer v. Bayer Cropscience; et al*, Civil Action No. CV-2006-413, pending in the Circuit Court of Lonoke County, Arkansas, and set for trial January 11, 2010. The *Schafer* case contains 14 farmers or farming entities. The other case, *Brann v. Bayer Cropscience LP; et al*, Case No. 2:09 CV 116SWW, was filed on August 17, 2009 in the Eastern District of Arkansas, and contains approximately 1,486 plaintiffs. The *Brann* case has been transferred by the Judicial Panel on Multidistrict Litigation to this Court, but has yet to be docketed.

2. *Schafer* and *Brann* counsel have been working and cooperating with the lead plaintiff's counsel and its steering committee of the MDL over approximately the last fifteen months. The *Schafer* and *Brann* counsel assert that the plaintiffs' lead counsel and steering

committee have done an excellent job in preparation and prosecution of the claims of all rice farmers harmed by the genetically modified LLRICE escape into the commercial channel. That work has inured to the benefit of cases pending not only in this Court, but in the various state Courts as well. As such, counsel for *Schafer* and *Brann* have no objection to the Court's imposition of a fee and expenses in the establishment of a common benefit fund.

3. However, the MDL counsel and counsel for *Schafer* and *Brann* have entered into a Joint Prosecution Agreement. Said agreement was entered into on March 9, 2009, setting forth the obligations of the plaintiffs' lead counsel, the obligations of *Schafer* and *Brann* counsel, and payment of fees and expenses in consideration thereof. Inasmuch as it is the *Schafer* and *Brann* counsel's position that said Joint Prosecution Agreement is a privileged document, that document is not being served with this pleading but can be provided to the Court under seal, or in chambers for an in camera review.

WHEREFORE, PREMISES CONSIDERED, counsel for the *Schafer* and *Brann* plaintiffs move the Court to exempt them from any court-imposed fee assessment inasmuch as an existing contract and agreement are already in place between the parties. Counsel for *Schafer* and *Brann* do not object and do consent to the Court entering an order requiring Bayer to withhold three percent (3%) of the proceeds of any judgment or settlement as expense reimbursement to those contributing to the common benefit of Rice farmer claimants.

*/s/ Scott A. Powell*
SCOTT A. POWELL, Bar No. ASB-7523-L60S

OF COUNSEL:
HARE, WYNN, NEWELL & NEWTON
Massey Building Suite 800
2025 Third Avenue North
Birmingham, Alabama 35203


Telephone: (205) 328-5330
Facsimile: (205) 324-2165
Scott@hwnn.com

## CERTIFICATE OF SERVICE

I, Scott A. Powell, hereby certify that I have served a copy of the above and foregoing upon Don M. Downing at Downing@grpc.com and Terry R. Lueckenhoff at tlueckenhoff@foxgalvin.com on the 16 day of Sept, 2009.

SCOTT A. POWELL