UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06 MD 1811 CDP |
| RICE LITIGATION | ) | ALL CASES |

## ORDER

The Bayer defendants have moved to strike the supplemental expert reports of Colin Carter and Bruce Babcock.  Carter and Babcock are damages experts designated by plaintiffs.  Last week they provided supplemental reports extending their damage calculations to include additional crop years.  Bayer argues that the reports are untimely, as they were served after the deadlines for completion of expert discovery.  Bayer argues it will be prejudiced by having to expend time during final pretrial preparations taking depositions and having its own expert respond to the reports.

Babcock and Carter have not changed their methodology, their calculations, or their opinion that LL Rice contamination has caused market damages.  They have calculated damages for 2008/2009 and future years using the same type of data and the same methodology with which they performed their earlier calculations.  Plaintiffs argue that these are proper supplemental reports, which Bayer knew all along would be presented.

While it is clear that Bayer was advised that plaintiffs' experts would

supplement their reports to update the damages calculations to reflect the current crop year, the real question is whether the supplemental reports do more than that. The general rule that experts may not testify on opinions not disclosed during the scheduled expert discovery period is usually relaxed to allow damages calculations to be updated through the time of trial. From the correspondence of counsel attached to the briefs and from defendants' motion, it is clear that defense counsel knew that plaintiffs' experts intended to update the reports to account for the recently-ended 2008/2009 crop year, and defendants do not object to that part of the new reports.

Defendants do object, however to plaintiffs' experts projections of future damages through the year 2014. The earlier reports did not calculate future damages. Defendants object that they were not notified that future damages would be added, and claim that allowing this testimony will prejudice them because their experts will be required to respond.

My review of the briefs and exhibits, including correspondence between counsel, leads me to believe that counsels' communications were imprecise, and that plaintiffs' and defendants' counsel did not have the same understanding of what Babcock and Carter would do. This is extremely unfortunate, given the complexity of this case and the quickly approaching trial date. I cannot say,

however, that plaintiffs' actions were improper or that defendants were not on notice. I therefore will not strike the supplemental reports, because they in fact apply the same methodology and same types of data used previously. But defense counsel must be given an opportunity to obtain additional depositions from the witnesses, if they wish, and plaintiffs are required to accommodate any reasonable scheduling requests made by defense counsel for taking the depositions. Defendants will have additional time, until October 27, 2009, to provide a responsive report from their own expert. Because of the upcoming trial date, defendants' expert will not be required to provide a deposition, unless the parties agree otherwise. At trial all expert witnesses will be limited to opinions they have given in reports or deposition. I will also allow additional *Daubert* or other substantive challenges to all the new reports, but this will have to be taken up during or immediately before trial and with a minimum of briefing.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike supplemental expert reports [#1564] is denied.

**IT IS FURTHER ORDERED** that plaintiffs must make witnesses Carter and Babcock available for further deposition, limited to a total of six hours (defendants may divide the time limits equally, and spend three hours with each

witness, or may divide it unequally, so long as the total duration of the two

depositions does not exceed six hours).  The last day these depositions may be

taken is **October 23, 2009**, and they shall be taken sooner than that if defendants

request.

      **IT IS FURTHER ORDERED** that defendants must provide any responsive

expert witness report no later than **October 27, 2009**.  Defendants' responsive

expert will not be required to provide a deposition.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2009.