UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| IN RE GENETICALLY MODIFIED | ) | |
|---|---|---|
| RICE LITIGATION | ) | 4:06MD1811 CDP |

**This Filing Applies to the Following Case:**

*Van Sillevoldt Rijst, BV*
*v. Riviana Foods, Inc., et al.*　　　　　　　　4:09CV941 CDP

# MEMORANDUM AND ORDER

Defendant Riceland Foods, Inc. filed this motion seeking leave to file a third-party complaint on the foreign Bayer entities [#40]. The Bayer defendants oppose the motion on grounds that the foreign Bayer entities are not necessary and that the motion is untimely. The foreign Bayer entities were named as defendants in this action until August 14, 2009, when plaintiff Van Sillevoldt Rijst, BV removed them from its amended complaint. This Court had previously ordered that the foreign Bayer entities be served no later than the same day, August 14, 2009. Riceland filed this motion to implead the foreign Bayer entities fourteen days later.

Under Rule 14, a defendant may implead a third-party after the service deadline with leave of the court. Fed. R. Civ. P. 14(a)(1). The defendant

may serve a complaint on a third party who "is or may be liable to it for all or part of the claim against it." *Id.*; *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698-99 (8th Cir. 2003). Here, Van Sillevoldt seeks to hold Riceland responsible for exacerbating the damages caused by the unauthorized spread of genetically modified LL rice. In turn, Riceland has alleged that the foreign Bayer entities played a role in the creation, disbursement, detection, and subsequent reporting of the genetically modified rice at issue in this case. As a result, Riceland has sufficiently alleged that the foreign Bayer entities "may" be liable to it for Van Sillevoldt's claims against it.

In addition, the foreign Bayer entities will not be unduly prejudiced by service with Riceland's third-party complaint. The foreign Bayer entities were named as defendants until the deadline for serving foreign parties. Shortly afterwards, Riceland filed this motion to re-include the foreign Bayer entities into this case. The foreign Bayer entities had been on notice of their need to defend claims in this case for all but fourteen days and are currently defending against similar claims in other MDL cases. Accordingly,

**IT IS HEREBY ORDERED** that defendant Riceland Foods' motion for leave to file a third party complaint [#40] is **GRANTED**, and Riceland

Foods' third-party complaint is deemed filed as of this date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2009.