## INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

# INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any other evidence that you believe.

# INSTRUCTION NO. 4

In these instructions, you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. In this case that is the plaintiffs. The party who has the burden of proving a fact must prove it by the greater weight of the evidence.

To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and the reasonable inferences derived from it and deciding which evidence is more believable.

The greater weight of the evidence is sometimes referred to as the preponderance of the evidence. The terms greater weight and preponderance mean the same thing.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# INSTRUCTION NO. 5

During the trial you saw certain documents that have had portions removed or blanked out. You should understand that this has been done to remove irrelevant matter and should not be considered by you in any way. The fact that this material has been removed does not reflect one way or another on the issues you are to determine.

INSTRUCTION NO. 6

When making your findings, you must consider the following facts as

established:

a.      Bayer CropScience AG, as the survivor of its April 1, 2007 merger
with Bayer CropScience GmbH ("BCS GmbH") assumed all assets and liabilities
of BCS GmbH, including any liabilities which arose regarding the activities
related to LibertyLink rice at issue in this litigation, and therefore is the successor
to BCS GmbH, including the time periods when BCS GmbH was previously
known as Aventis CropScience GmbH ("ACS GmbH") or Hoechst Schering
AgrEvo GmbH ("AgrEvo GmbH"), and as successor is subject to liability for the
acts of it predecessors.

b.      Bayer BioScience NV ("BBS NV"), as the successor by name change
to Bayer CropScience NV ("BCS NV"), Aventis CropScience NV ("ACS NV"),
and Plant Genetic Systems NV ("PGS"), is subject to liability for any acts which
occurred regarding the activities related to LibertyLink rice at issue in this
litigation during the time periods in which it was known as BCS NV, ACS NV,
and/or PGS.

c.      Bayer CropScience LP ("BCS LP"), as the successor by name change
to Aventis CropScience USA LP ("ACS USA LP"), is subject to liability for the
activities related to LibertyLink rice at issue in this litigation during the time
period in which it was known as ACS USA LP and for any such liability assumed
by or transferred to ACS USA LP from AgrEvo USA Company ("AgrEvo USA")
or its general partners.

d.      ACS USA LP, and thus BCS LP, assumed and had transferred to it all
liabilities incurred by AgrEvo USA and its general partners regarding their
activities related to LibertyLink rice at issue in this litigation during the period in
which they conducted those activities.

e.      Starlink Logistics Inc., as the successor by name change to Aventis
CropScience USA Holding Inc. ("ACS USA Holding"), is subject, as general
partner, to any liabilities of ACS USA LP related to LibertyLink rice at issue in

this litigation during the period from December 1999 to December 2001.

f.     Bayer CropScience Holding Inc. ("BCS Holding Inc."), as the successor by name change to Aventis CropScience USA Holding II Inc. ("ACS Holding II Inc."), is subject, as general partner, to any liabilities of BCS LP related to LibertyLink rice at issue in this  litigation.

g.     Bayer CropScience Inc. ("BCS, Inc."), as the successor by merger and name change from Rhone Poulenc Ag Company Inc. is subject to liability of AgrEvo USA and its general partners, AgriVet, Inc. ("AgriVet") and NOR-AM Chemical Company ("NOR-AM"), related to LibertyLink rice at issue in this litigation and which may have arisen during the time such activities were undertaken by AgrEvo USA prior to the formation of ACS USA LP.

INSTRUCTION NO. 7

Three verdict forms are submitted to you with these instructions. Your decision on any issue listed on the verdict forms must be unanimous in order for you to return any verdict. Use Verdict Form A to record your verdict on the claims of the Bell plaintiffs. Use Verdict Form B to record your verdict on the claims of plaintiff J. H. Hunter Farms LLC. If you find in favor of any one or more of the plaintiffs in either Verdict Form A or Verdict Form B, you must answer a set of questions contained in Verdict Form C.

INSTRUCTION NO. 8

The phrase "the Bell plaintiffs" as used in these instructions means:

1.      Plaintiffs Kenneth Bell and Zachary Bell, as partners of Bell Planting
        Company, and

2.      Plaintiff NEZ, Inc., and

3.      Plaintiffs Carolyn Bell, Charles Bell, Edwin Groves, Erin Bell,
        Nathan Bell, A.L. Blair, Bell AGCO LLC, Shawan Farms LLC,
        NAKE LLC, and ZANA LLC as partners of Bottoms Farms.

INSTRUCTION NO. 9

The term "negligent" or "negligence" as used in these instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person in defendant's position would use under the same or similar circumstances.

# INSTRUCTION NO. 10

In Verdict Form A your verdict must be for the Bell plaintiffs and against defendant Bayer CropScience AG, Bayer BioScience NV, and/or Bayer CropScience LP if you find:

*First*, such defendant, individually or jointly with other defendants or their cooperators, engaged in the field testing of LLRICE601 and LLRICE604, which were regulated, genetically modified rice, and

*Second*, such defendant, individually or jointly with other defendants or their cooperators, was negligent in any acts or omissions concerning LLRICE601 or LLRICE604, and

*Third*, such negligence directly caused or contributed to cause damage to the Bell plaintiffs.

If you find that any of these things have not been proved, then your verdict must be for the defendant.

# INSTRUCTION NO. 11

If you find in favor of the Bell plaintiffs, then you must award the Bell plaintiffs such sum as you find will fairly and justly compensate them for any damages they sustained and are reasonably certain to sustain in the future which defendant's negligence directly caused or directly contributed to cause.

# INSTRUCTION NO. 12

In Verdict Form B your verdict must be for plaintiff J. H. Hunter Farms LLC and against  defendant Bayer CropScience AG, Bayer BioScience NV, and/or Bayer CropScience LP if you find:

*First*, such defendant, individually or jointly with other defendants or their cooperators, engaged in the field testing of LLRICE601 and LLRICE604, which were regulated, genetically modified rice, and

*Second*, such defendant, individually or jointly with other defendants or their cooperators, was negligent in any acts or omissions concerning LLRICE601 or LLRICE604, and

*Third*, such negligence directly caused or contributed to cause damage to the plaintiff J. H. Hunter Farms LLC.

If you find that any of these things have not been proved, then your verdict must be for the defendant.

# INSTRUCTION NO. 13

If you find in favor of plaintiff J. H. Hunter Farms LLC, then you must award plaintiff J. H. Hunter Farms LLC such sum as you find will fairly and justly compensate them for any damages they sustained and are reasonably certain to sustain in the future which defendant's negligence directly caused or directly contributed to cause.

## INSTRUCTION NO. 14

You should understand that the fact that I am instructing you on the measure of  damages does not indicate any view on my part as to whether or not you should find defendant liable.

## INSTRUCTION NO. 15

There is no claim for emotional distress damages in this case.

# INSTRUCTIONS NO. 16

You heard evidence regarding an agreement between LSU and AgrEvo USA Company.  Regardless of the terms of that agreement, or any other agreement between LSU and Bayer or any of its predecessor companies, you are instructed that LSU and Dr. Steven Lindscome were acting as Bayer's agents and on Bayer's behalf when they handled LLRICE.  Other cooperators who handled LLRICE also were acting as Bayer's agents and on Bayer's behalf when they handled LLRICE.

INSTRUCTION NO. 17

You have heard evidence concerning an incident involving Starlink corn that took place in the summer of 2000. You are instructed that the Starlink incident is not evidence that Bayer negligently handled LLRICE, but you may consider this evidence to help you decide what Bayer knew about the risk that GM crops might contaminate non-GM crops.

# INSTRUCTION NO. 18

If you find in favor of either plaintiff in Verdict Form A or Verdict Form B, then you must answer the questions in Verdict Form C. If you find in favor of defendants on both Verdict Form A and Verdict Form B, then you do not need to consider Verdict Form C.

Verdict Form C asks you to answer questions about agency and joint ventures among the various defendant companies.

You may find that one defendant acted as an agent of another defendant if you find:

*First*, the first defendant was acting to serve the business of the other defendant according to an express or implied agreement, and

*Second*, the other defendant either controlled or had the right to control the physical conduct of the first defendant.

You may find that acts were within a joint venture if you find:

*First*, the acts were performed to serve the common purpose and common financial interest of the defendants according to an expressed or implied agreement, and

*Second*, each of the defendants either controlled or had the right to control the field testing of LLRICE601 and 604.

# INSTRUCTION NO. 19

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the Court Security Officer who will be posted outside the door that you are ready to return to the courtroom.