UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to**:
*Mississippi and Arkansas Bellwether Trial Commencing January 11, 2010.*

## MEMORANDUM AND ORDER

This order deals with two issues discussed at the final pretrial conference held yesterday relating to the second bellwether trial. That trial involves the claims of certain Arkansas and Mississippi plaintiffs, and it will begin on Monday, January 11, 2010. For the reasons discussed below, I will not allow plaintiffs to seek damages for emotional distress, and I will not allow defendants to argue that LSU and others were not acting as Bayer's agents when they handled LLRICE.

<u>Emotional Distress Damages</u>

Defendants move to exclude claims and evidence relating to plaintiffs' emotional distress. Plaintiffs seek damages for injuries to their farming operations under theories of negligence and private nuisance. During pretrial discovery, the parties conducted extensive discovery of plaintiffs' business loss damage claims. Those damages claims allege that defendants' actions caused plaintiffs to lose money because: the market price for rice was depressed, they had to spend money

cleaning their equipment, and they had to plant alternate, less profitable, crops. Plaintiffs do not make any claims for physical injuries to themselves or any other person. Plaintiffs have not specifically requested emotional distress damages in their pleadings or in any pre-trial filings. Even in response to the defendants' motion *in limine*, plaintiffs did not actually say they wished to assert these claims, they simply argued they should be allowed to do so. It was only at the final pretrial conference, four days before the start of trial, that plaintiffs stated that they would seek emotional distress damages from the jury.[1]

In the first bellwether trial, the Missouri plaintiffs presented evidence that they were emotionally affected by the market disruptions. I instructed the jury that they were not to award damages for emotional distress. Defendants claim that plaintiffs should not be permitted to seek emotional distress damages in this second bellwether trial because they did not give sufficient notice of the claim under Federal Rule 9, and because permitting them to pursue this claim now would be unfair and prejudicial.[2] I agree.

---

[1] One plaintiff was asked in his deposition if he sought anything other than economic damages, and he stated he did not. The other plaintiffs were apparently not asked this question. By agreement, the plaintiffs provided plaintiff fact sheets in lieu of Rule 26(a)(1) disclosures, and those fact sheets asked for and provided only the items of business loss.

[2] They also argue that such damages are not allowed under the relevant Arkansas and Mississippi law, but I need not reach that question.

Rule 9(g), Fed. R. Civ. P., provides that "If an item of special damage is claimed, it must be specifically stated" in the parties' pleading. "Special damages are those types of damages that, although resulting from the wrongful act, are not usually associated with the claim in question and must be plead in order to avoid unfair surprise to the defendant." *Tipton v. Mill Creek Gravel, Inc.*, 373 F.3d 913, 923 n.10 (8th Cir. 2004) (quotations omitted). "Whether a particular kind of injury gives rise to 'special' damages thus depends on the tort committed." *Neal v. Honeywell, Inc.*, 191 F.3d 827, 832 (7th Cir. 1999).

Emotional distress is not a harm that is usually associated with the torts claimed by plaintiffs in this case. The tort in this case harmed a business operation, not an individual. While an injury to a business may cause an individual emotional distress, that kind of damage claim is not usually associated with a business tort such as is asserted here. Therefore, in order to submit a claim for emotional distress damages, plaintiffs must have given defendants' sufficient notice of their intent to seek these damages to prevent unfair surprise. Fed. R. Civ. P. 9(g); *Bowles v. Osmose Utilities Services, Inc.*, 443 F.3d 671, 676 (8th Cir. 2006).

Because plaintiffs did not amend their pleadings or affirmatively notify defendants that they would seek emotional damages in this case after the issue

arose in the first bellwether trial, I find that it would be unfairly prejudicial to allow plaintiffs to submit a claim for emotional distress damages at this late date. I do not believe I can exclude all evidence of witnesses' emotions, however, because witnesses are human beings. But plaintiffs are cautioned that they should take care not to inflame the jury with irrelevant arguments or evidence about emotional issues.

### Agency

The parties disagree about whether a factual issue remains regarding whether LSU and Dr. Steven Lindscome were acting as Bayer's agents when they handled LLRICE. This issue was definitively resolved against Bayer in my ruling issued on October 9, 2009 on the summary judgment motions from the first bellwether trial. By incorporation, it was also resolved in my ruling issued December 9, 2009 on the summary judgment motions for the second bellwether trial. The evidence presented on the summary judgment motions shows that there is no genuine dispute of material fact regarding whether LSU and Dr. Steven Lindscome were acting as Bayer's agents when they handled LLRICE: they were. Although I understand that Lindscome and LSU may have been growing other rice for other purposes, that does not change the undisputed fact that their handling of LLRICE was as an agent for Bayer. To the extent their other activites affected or

were affected by their LLRICE activities, they were nevertheless acting as Bayer's agents with respect to their duties regarding LLRICE, even if they may have been also acting as agents for another entity. The same is true with regard to the other cooperators. Although I may not have explicitly stated this in the orders on the summary judgment motions, this determination was part of the decisions previously reached for both the first and the second bellwether trials. There are no genuine disputes of material fact with regard to this issue.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion *in limine* to preclude claims by plaintiffs for emotional damages [#2107] is GRANTED.

**IT IS HEREBY ORDERED** that the Court has determined previously, as a matter of law, that LSU and Dr. Steven Lindscome were acting as Bayer's agents and on Bayer's behalf when they handled LLRICE. Other cooperators who handled LLRICE also were acting as Bayer's agents and on Bayer's behalf when they handled LLRICE.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2010.