UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to**:

| | |
|---|---|
| *Wiese et al. v. Bayer CropScience LP et al.* | 4:08CV877 CDP |
| *Wied et al. v. Bayer CropScience LP et al.* | 4:08CV887 CDP |
| *Dutcher et al. v. Bayer CropScience LP et al.* | 4:08CV889 CDP |
| *Wleczyck et al. v. Bayer CropScience LP* | 4:08CV1254 CDP |
| *Anderson et al. v. Bayer CropScience USA LP et al.* | 4:08CV1257 CDP |
| *Engstrom et al. v. Bayer AG et al.* | 4:08CV1262 CDP |
| *Guthman et al. v. Bayer CropScience LP et al.* | 4:08CV1263 CDP |
| *Hlavinka et al. v. Bayer CropScience LP et al.* | 4:08CV1265 CDP |
| *Hoffman et al. v. Bayer AG et al.* | 4:08CV1267 CDP |
| *Kramr et al. v. Bayer AG et al.* | 4:08CV1268 CDP |
| *Korenek et al. v. Bayer AG et al.* | 4:08CV1269 CDP |
| *Pavlock et al. v. Bayer AG et al.* | 4:08CV1272 CDP |
| *Pederson et al. v. Bayer AG et al.* | 4:08CV1273 CDP |
| *Smaistrla et al. v. Bayer AG et al.* | 4:08CV1276 CDP |
| *Polak et al. v. Bayer CropScience LP et al.* | 4:08CV1281 CDP |

| | |
|---|---|
| *Polak et al.* | |
| *v. Bayer CropScience LP et al.* | 4:08CV1283 CDP |
| *Terrance Hlavinka Cattle Co. et al.* | |
| *v. Bayer CropScience Inc. et al.* | 4:08CV1541 CDP |
| *Woodsland Farms et al.* | |
| *v. Bayer CropScience LP et al.* | 4:08CV1543 CDP |
| *Franz et al.* | |
| *v. Bayer CropScience LP et al.* | 4:08CV1544 CDP |

## MEMORANDUM AND ORDER

Plaintiffs in these cases issued subpoenas requesting documents from non-parties Jacko Garrett, Garrett AG Interests, LLC, Garrett Seed Rice, LTD., Garrett Land Co., Garrett AG Maintenance, Garrett AG Equipment, Garrett AG Processing, and Garrett Seed Rice. The Garrett entities have filed a motion to quash and a motion for a protective order. For the reasons stated below, I find that the subpoenas are overly broad and are duplicative of discovery previously produced. As a result, I will limit the scope of the subpoenas.

In this MDL , the plaintiffs' court-appointed leadership group is primarily responsible for directing discovery for all plaintiffs. In response to leadership group subpoenas, the Garrett entities have already produced several thousand pages of discovery. On December 23, 2008, the court-appointed leadership group served a twenty-two page subpoena on the Garrett entities. The leadership group's subpoena demanded all documents relevant to the LLRICE contamination at issue

in this case. The Garrett entities complied with the subpoena and those documents are now part of the MDL's common discovery pool. This discovery pool is available to all plaintiffs in this litigation.

The subpoenas that are at issue in this motion were not served by the leadership group, but were instead served by plaintiffs in the cases listed above, who are all represented by attorney Martin Phipps. This is the second time the Garrett entities have filed a motion to limit or quash the Phipps subpoenas. The subpoenas were initially issued on June 11 and June 19, 2009, did not specify a relevant time period, and requested:

> ANY AND ALL RECORDS REGARDING [plaintiff], including but not limited to seed receipts and/or documentation of seed purchases; correspondence; settle sheets for each rice lot shipped/sold (pounds and payments received); dryer costs; storage costs; research & contingency fees; Production Summary; Fertilizer & chemical receipts/records, and anything else in the possession, custody or control of said witness pertaining to [plaintiff]

At that time, the Garrett entities moved to quash the subpoenas, claiming that they were overly broad and unduly burdensome. I denied the motion without prejudice as it was not filed in accordance with Federal Rules of Civil Procedure 26 and 45 or with Local Rule 37-3.04 and because the parties had not conferred in good faith before the motion was filed.

In July, the parties agreed to indefinitely suspend the time for objection to

the subpoenas while they negotiated. On October 21st, the parties tentatively reached an agreement. The agreement limited the subpoenas to documents evidencing any seed rice purchases by any of the plaintiffs after 2003 including the quantity, variety, and price paid for the seeds. The plaintiffs agreed to pay $1500 in expenses for this limited discovery. However, on November 2, 2009, plaintiffs' attorney withdrew from the agreement and demanded that the Garrett entities comply with the original subpoenas, claiming that newly discovered evidence supported the earlier request.

When managing an MDL "the court should keep in mind the goal of bringing about a just resolution as speedily, inexpensively, and fairly as possible." Manual for Complex Litigation (Fourth) § 10.1. Encouraging parties to use the leadership group's common discovery pool promotes efficient litigation and reduces cost. *See In re Diet Drugs*, No. 08-2387, 2009 WL 3212548, at *14-15 (3d Cir. Oct. 8, 2009); *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1014 (5th Cir. 1977). Upon a showing of good cause, a court should limit the scope of discovery to prevent annoyance and undue burden or expense. Fed. R. Civ. P. 26(c).

In this case, these plaintiffs demand that a non-party produce every document relating to dozens of plaintiffs for an indefinite period of time. Much of

the material sought in this subpoena overlaps with the leadership group's previous request. *See* Pl.'s Notice of Subpoena [#997], Requests for Production ¶¶ 9, 10. As a result, much of the information sought by these subpoenas, to the extent it exists, is already available in the common discovery pool. All plaintiffs have access to that pool and may access it without burdening the non-party Garrett entities. Moreover, the request spans a time period both long before and long after the events relevant to this case and similarly exceeds the scope of relevant activity. Therefore, the scope of the subpoenas must be substantially limited in order to promote efficiency, reduce costs, and to encourage the use of shared discovery.

Accordingly,

**IT IS HEREBY ORDERED** that the Garrett entities motion to quash and for protective order [#1933] is GRANTED. The Garrett entities must only produce non-privileged documents evidencing plaintiffs' seed rice purchases that occurred after January 1, 2003. The requesting plaintiffs must advance all costs for the production of these documents.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2010.