UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to:**

| | |
|---|---|
| *Wleczyck, et al. v. Bayer CropScience, LP et al.* | 4:08CV1254 CDP |
| *Abell et al. v. Bayer CropScience, LP et al.* | 4:08CV1255 CDP |
| *Clipson et al. v. Bayer CropScience, LP et al.* | 4:08CV1256 CDP |
| *Anderson et al. v. Bayer CropScience, LP et al.* | 4:08CV 1257 CDP |
| *Clipson et al. v. Bayer CropScience, LP et al.* | 4:08CV1258 CDP |
| *Dugie et al. v. Bayer CropScience, LP et al.* | 4:08CV1259 CDP |
| *Faas et al. v. Bayer CropScience, LP et al.* | 4:08CV1260 CDP |
| *Gertson et al. v. Bayer CropScience, LP et al.* | 4:08CV1261 CDP |
| *Engstrom et al. v. Bayer CropScience, LP et al.* | 4:08CV1262 CDP |
| *Guthman et al. v. Bayer CropScience, LP et al.* | 4:08CV1263 CDP |
| *Hlavinka et al. v. Bayer CropScience, LP et al.* | 4:08CV1265 CDP |
| *Henske et al. v. Bayer CropScience, LP et al.* | 4:08CV1266 CDP |
| *Hoffman et al. v. Bayer CropScience, LP et al.* | 4:08CV1267 CDP |
| *Kramr et al. v. Bayer CropScience, LP et al.* | 4:08CV1268 CDP |
| *Korenek et al. Bayer CropScience, LP et al.* | 4:08CV1269 CDP |

| | |
|---|---|
| *Krenek et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1270 CDP |
| *Livanec et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1271 CDP |
| *Pavlock et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1272 CDP |
| *Pederson et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1273 CDP |
| *Pope et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1274 CDP |
| *Rees et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1275 CDP |
| *Smaistrla et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1276 CDP |
| *Macha et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1277 CDP |
| *Thornton et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1278 CDP |
| *Till et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1279 CDP |
| *Gertson et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1280 CDP |
| *Polak et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1281 CDP |
| *Polak et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1283 CDP |
| *Todd et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1284 CDP |
| *Sparks et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1285 CDP |
| *Korenek et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1286 CDP |
| *Schmidt et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1287 CDP |
| *Terrance Hlavinka Cattle Co. et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1541 CDP |
| *Northington et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:08CV1542 CDP |
| *Duncan Brother, et al. v.* | |
| *Bayer CropScience, LP et al.* | 4:10CV216 CDP |

*Wayne England et al. v.*
*Bayer CropScience, LP et al.*                    4:10CV217 CDP
*J.V. Mahaltic et al. v.*
*Bayer CropScience, LP et al.*                    4:10CV218 CDP


# MEMORANDUM AND ORDER

Defendants removed these cases from Texas state court on the basis of diversity jurisdiction, even though plaintiffs had sued the non-diverse Garrett defendants. Plaintiffs then filed motions to remand, which I denied because I concluded that the Garrett defendants had been fraudulently joined to defeat diversity jurisdiction. In my order of March 24, 2009, I found that there was no reasonable basis in fact and law to hold Garrett liable under the facts alleged in the complaints. Plaintiffs have now asked that I reconsider this order. Plaintiffs argue that reconsideration is appropriate because evidence that I relied on to deny remand – affidavits of Jacko Garrett and Kirk Johnson – was misleading. I disagree, and I will deny the motions to reconsider.

## I. Background

The facts and background in this case are set forth in my March 24, 2009 order, and I will not recite those facts here. The gist of plaintiffs' argument for reconsideration is that two affidavits that I relied on to deny remand in my previous order were misleading. Plaintiffs allege that the following "new" facts

shed light on the falsity of statements made in those affidavits: (1) Bayer and Garrett had a relationship to test LL62; (2) Bayer and Garrett talked about starting a relationship to test and grow LL601, but this testing or growing never occurred; (3) Garrett stored bags of LL601 in cold storage on his property; (4) at Garrett's request, Johnson visited his farm in August 2006 and collected plant samples for testing; (5) Bayer tested those plants in October 2006 and they were positive for LL601 and another unidentified event; (6) after further tests, in May 2007, the rice tested positive for LL604; and (7) accordingly, both Johnson and Garrett knew, in October 2006 and May 2007, respectively, that LL601 and LL604 had been found on Garrett's farm.

## II. <u>Legal Standard</u>

In the Eighth Circuit, a motion to reconsider an order denying remand is analyzed under Fed. R. Civ. P. 60(b). *See Wichmann v. Proctor & Gamble Mfg. Co.*, No. 4:06CV1457 HEA, 2007 WL 735017, at *1 (E.D. Mo. Mar. 8, 2007) (using 60(b) standard to deny motion to reconsider denial of remand). Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, that the judgment is void, or "any other reason justifying relief" from the judgment. Fed. R. Civ. P. 60(b). Relief under Rule 60(b), however, is an "extraordinary remedy" that is "justified only under exceptional circumstances." *Watkins v. Lundell*, 169 F.3d

540, 544 (8th Cir. 1999) (internal quotations and citations omitted). Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

### III. <u>Discussion</u>

Plaintiffs' "new" evidence does not justify relief from my March 24, 2009 order. This evidence shows that Garrett's rice was contaminated by LL601 and LL604, and that Garrett and Bayer found out about this contamination after the announcements by the USDA. In their original complaint, plaintiffs allege that Garrett worked with Bayer to plant, farm, and test LL601 and other genetically modified rice on Garrett's land. The Garrett and Johnson affidavits establish that Garrett did not plant, test, or knowingly grow LL601 or LL604. Plaintiffs allege that these affidavits are misleading because both Garrett and Johnson knew that LL601 and LL604 had been found on Garrett's property. However, unknowingly growing, and later discovering the presence of, LL601 and LL604, is not alleged in the complaint, and is not a basis for liability. As everyone recognized at the time of briefing and my ruling on the motions to remand, the affidavits were carefully worded. They were not, however, false or misleading. At the time of removal, and today, plaintiffs have no evidence to support their claims that Garrett was in a relationship with Bayer to plant, test, and grow LL601 or LL604.

Plaintiffs argue that, if all else fails, they have alleged a colorable claim of negligence against Garrett. Plaintiffs allege that their complaint included an allegation that Garrett knew or should have known of the presence of LL601 and LL604, and negligently allowed it to contaminate Texas' domestic rice industry. Plaintiffs' complaints did not make this allegation. Looking to plaintiffs' original complaint, their claim for negligence alleges the following: (1) Garrett had a duty, as Bayer's agent, to prevent injury to plaintiffs while creating, designing, and testing LL601; (2) this duty included a duty to test LL601 in a reasonable matter to avoid damages; (3) as Bayer's agent, Garrett had a duty to warn of dangers of LL601; and (4) Garrett had a duty to properly instruct and train others involved in testing LL601. Each allegation focuses on the alleged agency relationship between Garrett and Bayer to test LL601 and assumes that Garrett was actually test growing LL601 for Bayer. Any inference that Garrett should have known of LL601 or LL604 contamination comes from this alleged relationship. These allegations of a product manufacturer-agent relationship are not supported by any evidence or reasonable inferences from the evidence. Rather, any agency relationship to test or grow LL601 is affirmatively refuted by plaintiffs' "new" evidence. Further, plaintiffs still have not presented any evidence that they purchased Cheniere or Clearfield seed from Garrett in 2006. At the time of removal, and today, plaintiffs have not presented any evidence to support their

claims against Garrett. The Garrett defendants were fraudulently joined, and remand was properly denied.

In addition to the motion to reconsider my previous denials of remand, plaintiffs have also filed motions to remand three cases recently transferred to this court: *Duncan Brothers, et. al. v. Bayer CropScience, LP, et al.,* No. 4:10CV216 CDP, *Wayne England, et al. v. Bayer CropScience, LP, et al.*, No. 4:10CV217 CDP, and *J.V. Mahaltic, et al. v. Bayer CropScience LP, et al.*, No. 4:10CV218 CDP (all transferred to 4:06MD1811 on Feb. 1, 2010 by CTO No. 37). In these motions to remand, plaintiffs adopt the same arguments made in their earlier remand motions and in their motion for reconsideration. For the same reasons cited in my earlier orders denying remand, and for the reasons stated here, plaintiffs' motions to remand these three cases will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to reconsider [#1836 (#18 in 4:08CV1254; #14 in 4:08CV1255; #14 in 4:08CV1256; #18 in 4:08CV1257; #14 in 4:08CV1258; #14 in 4:08CV1259; #14 in 4:08CV1260; #14 in 4:08CV1261; #18 in 4:08CV1262; #18 in 4:08CV1263; #19 in 4:08CV1265; #14 in 4:08CV1266; #18 in 4:08CV1267; #18 in 4:08CV1268; #18 in 4:08CV1269; #14 in 4:08CV1270; #14 in 4:08CV1271; #18 in 4:08CV1272; #18 in 4:08CV1273; #14 in 4:08CV1274; #14 in 4:08CV1275; #18 in 4:08CV1276;

#14 in 4:08CV1277; #14 in 4:08CV1278; #14 in 4:08CV1279; #14 in 4:08CV1280; #18 in 4:08CV1281; #18 in 4:08CV1283; #14 in 4:08CV1284; #14 in 4:08CV1285; #14 in 4:08CV1286; #14 in 4:08CV1287; #19 in 4:08CV1541; and #15 in 4:08CV1542)] is DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' motions to remand [#2577 (#10 in 4:10CV216), #2578 (#15 in 4:10CV217), and #2579 (#14 in 4:10CV218)] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this <u>26th</u> day of February, 2010.