UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**<u>MEMORANDUM AND ORDER</u>**

In their "Motion for Relief from Case Management Order 11," the Bayer defendants seek leave to substitute one or more new economic expert witnesses for Dr. Nicholas Kalaitzandonakes. Bayer designated Dr. Kalaitzandonakes as the witness who would testify about the farmers' claims of market losses. Dr. Kalaitzandonakes testified on those issues at the first two trials. Each of those trials resulted in jury verdicts for plaintiffs, although neither jury awarded the full amount of future market losses sought by plaintiffs. Dr. Kalaitzandonakes has informed Bayer that he does not wish to testify at any further trials, for a variety of reasons. Bayer therefore wants to designate new market loss economic expert witnesses for the remaining cases in the initial trial pool of cases to be tried in this district.

As plaintiffs point out in their opposition papers, allowing Bayer to recast its case at this point would greatly prejudice the plaintiffs, and Bayer's reasons for seeking to do this are far from compelling. At the telephone conference where this issue was initially raised, Bayer informed the court that Dr. Kalaitzandonakes'

reasons were health related. The motion and supporting affidavit, however, show that although Dr. Kalaitzandonakes has recently experienced some heath problems, he is still working full time and intends to spend two months in South America on other work instead of testifying here. He is not disabled in any way, and his doctor does not say he cannot testify.

I have no doubt that this engagement has become much more stressful and time consuming than Dr. Kalaitzandonakes expected when Bayer initially hired him, and that his continuing the job may be burden. But that is an insufficient reason for a party to seek to change expert witnesses at this late date. If I were to grant the motion, plaintiffs' counsel would have to spend many hours studying the reports and conclusions of the new experts, working with their own experts to formulate rebuttal reports and testimony, and taking discovery of the new experts. I will not repeat the details of what plaintiffs already were required to do to prepare to rebut Dr. Kalaitzandonakes' testimony; plaintiffs have painstakingly explained this in their brief in opposition, and their recital is entirely consistent with what I understood was going on at the time.[1]

---

[1] I recognize that plaintiffs' experts also modified and supplemented their reports, and neither party's compliance with the deadlines was perfect. But plaintiffs did not seek to start over with new experts or new theories after all the work had been done. And Bayer's claims that it has been treated unfairly are simply not correct.

This is not to say that Bayer would be precluded from presenting the necessary evidence. While I understand that Dr. Kalaitzandonakes is not willing to testify at the future bellwether trials, I am sure he would be willing, given his investment in this case and his obvious dedication to his work, to agree to the "obvious and easy solution" proposed by plaintiffs – a video trial deposition. This solution would minimize the prejudice to Bayer from its witness's decision, and precautions could be taken to minimize any danger to Dr. Kalaitzandonakes' health. He would be required to testify only one more day, which, relative to the work he has already done, requires minimal effort. He has already testified at two trials, and plaintiffs' lawyers have cross-examined him at those trials. His opinions are not plaintiff-specific, and his testimony should not vary according to which farmers are the plaintiffs. Preparing to give the same testimony again would not be time consuming.[2] The same deposition could then be played at any producer trial where Bayer wishes to introduce it.

To assure that there is no abuse of this process, I propose that the video trial deposition be conducted as if the witness were testifying live before the jury. It

---

[2] I recognize that he might not give *exactly* the same testimony he gave in the earlier trials, as both sides might change the order of their questioning or the issues on which they focus their examination. But Dr. Kalaitzandonakes has had two dress-rehearsals for this trial testimony – a rare advantage for any witness.

would take place in my courtroom; he would testify from the witness stand and the attorneys would examine him from the lectern according to the normal trial rules. If Bayer chooses to do this, I will preside over the deposition and rule on any objections, and the testimony would be limited to the equivalent of one trial day. Bayer would provide the videographer, and the parties could edit the video if they agreed, or either party could seek to exclude portions by motions *in limine* presented before any particular trial. I could be available to do this on any of the following dates before the next producer bellwether trial, assuming the parties notify me soon of which dates they prefer: Monday, March 8; Friday, March 12; Friday, April 2; Tuesday, April 5; Wednesday, May 26; Thursday, May 27; and Friday, May 28. I also have various dates available in the month of June, but I understand from the motion that Dr. Kalaitzondanakes will be out of the country during that month.

Accordingly,

**IT IS HEREBY ORDERED** that the Bayer defendants' Motion for Relief from Case Management Order 11 [#2564] is denied.

**IT IS FURTHER ORDERED** that the parties shall meet and confer about this order and jointly advise me, no later than the status conference scheduled for

Thursday, March 11, 2010, whether and when they wish to conduct the video trial deposition.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2010.