UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**ORDER**

This order deals with a procedure for handling the cases that will be returned to their transferor courts for trial. I have reconsidered the approach that should be taken for these cases, and now believe that certain pretrial proceedings related to individual damages and some other limited issues should be handled once the cases are returned to their original districts, instead of being decided by me. This order sets out my new proposal, and directs lead counsel to provide comment and specific proposals next week when they file their report of items to be discussed at the April 15, 2010, status conference.

Case Management Orders 16, 17, 20, and amended 20 [docket entries ## 1129, 1327, 2057, 2652] set deadlines and procedures related to cases that will be remanded to the transferor districts. The parties have selected groups of individual cases to be the first and second groups to be remanded to the transferor courts [docket entry # 2669]. Initially the parties had suggested that summary judgment motions, *Daubert* motions, and the completion of expert discovery related to individual damages should not be completed while the cases are in this court.

They proposed that those issues should remain for resolution in the transferor districts.  I disagreed with this approach, and at scheduling conferences in February and March of 2009, I directed the parties to provide proposals that would allow all issues to be decided here.  The resulting plan was memorialized in Case Management Order 16, and in the later orders changing or amending the deadlines therein.  After considering the proceedings that have already occurred here for the first two bellwether trials, and after reviewing the recent summary judgment and *Daubert* filings for the Louisiana bellwether trial, I now conclude that it is not necessary for me to resolve all of the motions before remand, as I believe that certain limited issues will be more appropriately determined by the transferor courts, once the cases are remanded to them.

The following proposal applies to the first group of remand cases.  The second and later groups would be handled similarly, assuming we adopt this system for the first group:

**Expert Witnesses regarding Individual Damages**:

The deadlines for expert witness discovery related to issues of individual damages, set in the Amendment to Case Management Order No. 20 [#2652, issued March 17, 2010] would be vacated, to be reset in the transferor districts.

*Daubert* motions related to issues of individual damages would be handled

in the transferor districts.

### Other *Daubert* Motions:

*Daubert* motions related to all issues other than individual damages would be filed in this court and decided by me. Each side will be allowed to file one consolidated *Daubert* motion, and one consolidated memorandum in support of that motion. That single motion must raise any objections to any non-individual damages expert testimony for any of the Western District of Louisiana and Southern District of Texas cases selected to be in the first remand group. Each side would then be allowed to file only one consolidated memorandum in opposition, and only one consolidated reply brief. Any issues not raised will be waived, and cannot be raised in the transferor districts.

### Summary Judgment Motions:

All summary judgment motions raising common issues in the different cases would be filed in this court and decided by me. Common issues would include all issues that are similar for similar cases. All issues that were raised for decision in any of the summary judgment motions filed in any bellwether case are deemed to be common issues.

Each side will be allowed to file one consolidated summary judgment motion, one consolidated memorandum in support of that motion, and one

consolidated statement of facts related to the motion. That single motion must raise any common summary judgment issues for any of the Western District of Louisiana and Southern District of Texas cases selected to be in the first remand group. Each side would then be allowed to file only one consolidated memorandum in opposition, and only one consolidated reply brief. Any common issues not raised will be deemed to be waived.

**Schedule and Length**:

In their joint report for the April 15, 2010 conference, lead counsel shall state any objections to this proposal, and (notwithstanding any objections) shall propose appropriate schedules for filing the motions set out above, the page limitations for the consolidated filings that should be imposed, and a date by which the parties may file suggestions of remand.

                                       _____
                                       CATHERINE D. PERRY
                                       UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2010.