UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

## **MEMORANDUM AND ORDER**

After I denied their "Motion for Relief from Case Management Order 11," the Bayer defendants filed a "Motion for Modification of CMO 11 to Permit Phased Substitution of Limited New Economic Expert." For the reasons stated by plaintiffs, I will deny this latest motion.

In my earlier denial, I agreed with plaintiffs' suggestion that Bayer could present videotaped testimony of its market loss damages expert witness Dr. Kalaitzandonakes. Bayer filed the first motion because it does not expect to call Dr. Kalaitzandonakes live to testify at the remaining trials. The new motion provides a report from a new economic expert witness, Daniel R. Fischel. Bayer now asks that at the June 21, 2010 bellwether trial, it be allowed to call Mr. Fischel in addition to playing the video testimony of Dr. Kalaitzandonakes. At the October trial and later trials, Bayer would call Mr. Fischel instead of Dr. Kalaitzandonakes.

I continue to believe that it would be very unfair to allow Bayer to designate a new expert witness for these trials at this time. Plaintiffs' brief explains the

reasons for this very well, and the list of things they would have to do (at pages 7 and 8 of their brief) appears accurate to me. For example, Mr. Fischel's methodologies are not the same as those used before, and although his actual report is short, plaintiffs would have to review far more than the report, including all the raw data and other things he relies on, to prepare their response for trial. He has apparently testified in hundreds of cases (about a dozen per year, according to my quick count) and has written two books and several dozen articles. To prepare for an adequate cross-examination, plaintiffs' counsel would logically want to review all of his writings and prior testimony. I will not repeat plaintiffs' list of the things that they would be required to do, but I agree that they would be unfairly prejudiced by this change, and contrary to Bayer's suggestion in its reply brief, I do not believe plaintiffs' have exaggerated the burden that they would face were I to allow the change.

As I said in my earlier order, Bayer's reasons for seeking to change experts are not at all compelling or persuasive. Dr. Kalaitzandonakes has other work that he wishes to do instead of testifying here, and this litigation has been stressful for him. Bayer overstates his health problems: as I pointed out in the first order, his doctors did not indicate that he could not continue to work, and he is, in fact, still working full time, including traveling to South America for two months for a work

project. He did not die or become incapacitated, or suffer some other unexpected calamity that would justify the requested relief. Bayer apparently designated a different economic expert, Walter Thurman, and could still call him as a live witness, but it apparently does not want to do that. In the first Arkansas state trial, Bayer did not call any economic expert witness at all. I do not know what experts Bayer will or has called in the second Arkansas state trial that is currently in progress, but I do not agree with Bayer's protestations of its dire need to use a new expert at this late date.

Additionally, Bayer's repeated claims that it has somehow been treated unfairly is simply not supported by the record. As plaintiffs have shown, defendants were provided notice on multiple occasions that plaintiffs intended to supplement their individual damage calculations after the completion of the 2009 harvest. Even without knowing how far out plaintiffs were projecting their damages, Dr. Kalaitzandonakes had already concluded that, in his opinion, no plaintiff suffered market damages after 2007. His response as to the more distant future was no different from his response as to any claim of market losses after 2007.

Bayer's argument that the bellwether trials will not serve their purpose unless I grant the request is not persuasive. The parties are not required to settle

any cases. The MDL process benefits defendants such as Bayer who do not want to be forced to litigate the same issues in multiple courts at the same time. But if Bayer decides that the bellwether process it agreed to, conducted under the case management schedules that it agreed to, will not help it settle the cases, that is its right. If Bayer wants to try all of these cases, that is all the more reason to move forward without unnecessary expense and delay on the cases that are now scheduled for trial, under the ground rules that have already been established.

Accordingly,

**IT IS HEREBY ORDERED** that the Bayer defendants' Motion for Modification of CMO 11 to Permit Phased Substitution of Limited New Economic Expert [#2674] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2010.