UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to**:
*Kenneth Bell, et al.*
*v. Bayer CropScience LP, et al.*
*(First Bellwether Trial)*

## MEMORANDUM AND ORDER

This order rules on the post-trial motions filed with regard to the first bellwether trial in this multi-district litigation. That trial dealt with the claims of two Missouri rice farmers, Kenneth Bell and Johnny Hunter, and their farming operations. After the jury returned a verdict for plaintiffs, the Court entered judgment in their favor on December 10, 2009. The Bayer defendants now seek judgment as a matter of law or a new trial, and they seek to be relieved of the requirement that they post a bond to stay execution during the appeal. For the reasons stated below, I will deny defendants' motions.

## Motions for Judgment as a Matter of Law

Judgment as a matter of law is appropriate only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1) (West 2010). "In making this determination, [courts] consider all evidence in the record without weighing credibility, and resolve conflicts and

make all reasonable inferences in favor of the non-moving party." *Schooley v. Orkin Extermination, Co., Inc.*, 502 F.3d 759, 764 (8th Cir. 2007).

Bayer re-argues many of the issues it raised on summary judgment and at trial. In ruling on the motions for summary judgment, I rejected Bayer's arguments that plaintiffs could not recover future damages or so-called landlord damages, that the Plant Protection Act preempts plaintiffs' claims, and that the economic loss doctrine bars all claims for damages.[1] Bayer has not provided any new argument or evidence that convinces me that my previous rulings were incorrect and so I will deny its motions with respect to these issues for the same reasons I denied summary judgment.

Bayer also makes an additional argument based on the Plant Protection Act. Bayer argues that plaintiffs cannot recover damages for the period after the USDA deregulated LL Rice 601 in November of 2006. Plaintiffs' negligence claim is not as limited as defendants seek to portray it. The regulated status of LL Rice is relevant to Bayer's duty to contain its LL Rice, but the plaintiffs' damages from Bayer's breach of that duty did not cease when LL Rice 601 was deregulated. Plaintiffs are entitled to recover damages that naturally flow from Bayer's failure to exercise ordinary care. The jury found that Bayer's negligence caused the loss

---

[1]Missouri law governed the state-law claims of this first bellwether trial.

of customers in Europe and affected the price of U.S. rice. Plaintiffs presented evidence that the price impact on U.S. rice resulting from Bayer's negligence continues today and will continue into the future despite the deregulation of LL Rice 601 once the contamination was discovered. As a result, the USDA's decision to deregulate LL Rice 601 in 2006 does not prevent plaintiffs from recovering damages for a continuing injury after that date.

In addition, Bayer argues that there was insufficient evidence to support the jury's verdict. Bayer's argument focuses on evidence it says was missing, but it fails to consider the totality of the evidence that was presented to the jury. For instance, Bayer argues that Dr. Van Acker's testimony regarding the appropriate standard of care is insufficient because he did not consider Dr. Linscombe's reputation. However, while Dr. Linscombe may have an exceptional reputation for developing rice, his fame alone is not directly relevant to the physical containment of genetically modified rice and it does not diminish the basis for Dr. Van Acker's opinion, which he testified includes extensive formal education, his own research, and his involvement in the industry. Bayer's other claims regarding the sufficiency of the evidence similarly disregard the totality of the evidence presented at trial. As a result, Bayer has not shown that there is a legally insufficient basis for the jury's verdict.

Bayer AG filed a separate motion arguing that there was insufficient evidence to support the jury's finding that Bayer CropScience AG was acting as an agent for Bayer AG.  It primarily argues, first, that Bayer AG did not participate in the development of LL Rice until after 2001, at which point, it argues, all of Bayer's negligence had ceased and, second, that Bayer AG did not have sufficient control over Bayer CropScience AG to be its principal in an agency relationship.  However, plaintiffs provided evidence that Bayer's negligence continued after 2001, for instance, by Bayer's failure to test the commercial rice supplies for the presence of LL Rice.  Additional evidence, including the Control Agreement (which provided for "subordinat[ion of] management" and transfer of profits), the conduct of the Bayer entities, and the testimony of Bayer officers supported the jury's finding that Bayer AG controlled Bayer CropScience AG sufficiently to be vicariously liable for its actions relating to LL Rice.  As a result, Bayer AG is not entitled to judgment as a matter of law on this issue.

## Motions for New Trial

Bayer moves for a new trial on several grounds, including the issues it asserted in its motion for judgment as a matter of law.  "The grant of a motion for a new trial is appropriate only if the verdict is against the weight of the evidence and . . . allowing it to stand would result in a miscarriage of justice." *Murphy v.*

*Missouri Dept. of Corrections*, 506 F.3d 1111, 1116 (8th Cir. 2007). Bayer has not shown that this standard is met here.

Bayer primarily argues that it was prejudiced by some of plaintiffs' statements to the jury and that it is entitled to a new trial. However, the statements that are the subject of Bayer's objections were not emphasized at trial and the jury instructions addressed any prejudice potentially resulting from these statements.[2] For instance, Bayer argues that it was implicitly held to a standard of negligence *per se* because the plaintiffs indicated that Bayer had designated itself as the responsible party in its applications to the USDA. Bayer's status as the responsible party is relevant to certain issues in this case, such as whether Bayer owed plaintiffs a duty and Bayer's liability for the actions of its cooperators, and plaintiffs presented this fact in relation to those issues. Contrary to defendants' argument, however, plaintiffs did not attempt to rely on this fact as showing negligence *per se*. Instead, they presented evidence about the appropriate standard of care, about situations that the jury could have found led to the contamination, and about the methods that Bayer could have used to prevent the escape. The jury instructions told the jury that the standard was one of ordinary care. Plaintiffs

---

[2]Courts are entitled to presume that the jury followed the instructions provided. *In re Prempro Products Liability Litigation*, 514 F.3d 825, 832 (8th Cir. 2008).

argued the standard of ordinary care during closing arguments, not a standard of negligence *per se*, and Bayer repeated the standard of ordinary care during its closing arguments. As a result, when considered as a whole, plaintiffs' references to Bayer's self-designation as the responsible party did not create an implicit standard of negligence *per se* in this case. The other statements to which Bayer objects, such as references to the fact of the escape of LL Rice, or of the violation of the regulations, similarly did not unfairly prejudice Bayer.

Bayer's contention that the jury was motivated to award damages on impermissible grounds because plaintiffs mentioned in closing that other GMO developers would consider the verdict in this case did not prejudice Bayer. The jury was instructed to award only compensatory damages and, after deliberation, the jury awarded an amount that was less than plaintiffs' experts testified would fully compensate them for their injuries. In the punitive damages phase of the trial, the jury refused to award punitive damages. The circumstances of this case indicate that the jury followed the Court's instructions and did not award damages on an improper basis.

Bayer also argues that it was prejudiced by the admission or exclusion of various items of evidence, and it re-argues several issues that I have addressed previously, such as the agency status of LSU and Dr. Linscombe, and the

reliability of Dr. Babcock's testimony. As in Bayer's motion for judgment as a matter of law, I have considered Bayer's arguments and find that they have not provided anything that causes me to believe my previous rulings were wrong.

## Motion to Stay Execution without Bond

Bayer asks that it not be required to post a bond in order to stay execution on the judgment.[3] A "party taking an appeal from a district court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Federal Rule of Civil Procedure 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966); *see also Halbach v. Great-West Life & Annuity Ins. Co.*, 4:05CV02399 ERW, 2009 WL 214671, at *1-2 (E.D. Mo. Jan. 28, 2009). "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances." *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The bond must usually include the principal amount of the judgment, anticipated interest on the judgment, and costs. *See Am. Mfrs. Mut. Ins. Co.*, 87 S.Ct. at 3.

In unusual circumstances, however, courts have discretion to stay the

---

[3]The motion also seeks to stay execution pending my ruling on the post-trial motions, but that is now moot.

execution of a judgment without requiring a supersedeas bond. *Miami Intern. Realty*, 807 F.2d at 873; *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C.Cir.1980). For instance, an exception may be justified if the judgment debtor has a "clear ability to pay" the amount of the judgment and therefore, requiring a supersedeas bond is unnecessary. *Halbach*, 2009 WL 214671, at *1-2. The burden is on the "moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189,1191 (5th Cir. 1979); *American Family Mut. Ins. Co. v. Miell*, C04-0142, 2008 WL 2773713, at *2 (N.D. Iowa Jul 16, 2008).

Bayer argues it can easily satisfy the judgments against it, but it has not provided sufficient support for this assertion for me to agree that no bond should be posted. It provides gross sales figures and compares that to the judgments entered in the first two bellwether trials. Bayer's potential liability arising from the LL Rice contamination, however, extends far beyond the judgments that have already been entered.[4] There are hundreds of other cases, involving several thousand farmers and other businesses who claim to have been injured by the LL

---

[4] When the two Arkansas state court cases are added to those from this court, the judgments already exceed $50 million.

Rice contamination. Bayer has not shown that its assets could cover all judgments that might be entered, nor has it shown that it could cover the judgments if all farmers were to recover even the lowest amount any farmer has thus far obtained in court. Bayer has not shown that it will have a clear ability to satisfy the judgments pending against it at the conclusion of this litigation and is not entitled to an exception to the rule requiring a supersedeas bond.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for judgment as a matter of law and for new trial [##2192, 2194, 2195, 2220] are DENIED.

**IT IS FURTHER ORDERED** that defendants' motions to stay execution without posting supersedeas bond [# 2930, 2934] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2010.