UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE GENETICALLY MODIFIED ) 4:06MD1811 CDP
RICE LITIGATION )

**This Order Relates to**:
*Jim Penn, et al.*
*v. Bayer CropScience LP, et al.*
*(Second Bellwether Trial)*

# MEMORANDUM AND ORDER

This order rules on the post-trial motions from the second bellwether trial in this multi-district litigation. That trial dealt with the claims of two groups of Arkansas farmers and one group of Mississippi farmers. After the jury returned verdicts for the plaintiffs, I entered judgment in their favor. Bayer now seeks judgment as a matter of law or, in the alternative, a new trial. For the reasons stated below, I will deny defendants' motions.

## Motions for Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1) (West 2010). "In making this determination, [courts] consider all evidence in the record without weighing credibility, and resolve conflicts and make all reasonable inferences in favor of the non-moving party." *Schooley v. Orkin Extermination, Co., Inc.*, 502 F.3d 759, 764 (8th Cir. 2007).

Bayer has previously argued – in this case and in the other bellwethers – most of the issues it now raises as grounds for judgment as a matter of law. Specifically, Bayer argues that the Plant Protection Act preempts plaintiffs' cause of action and prohibits plaintiffs from recovering damages after the USDA deregulated LL Rice in 2006, that the economic loss doctrine bars plaintiffs' claims for damages, that plaintiffs cannot recover market loss damages or future damages because they are too uncertain and speculative, that the evidence provided to support plaintiffs' alternative crop yield damages is insufficient as a matter of law, and that Jerry Catt cannot recover landlord damages.[1]  I did not find Bayer's arguments persuasive when first presented and Bayer has not provided any argument or evidence that persuades me that my previous rulings were incorrect.  As a result, I find that Bayer is not entitled to judgment as a matter of law on these issues for the same reasons that I have previously stated.

Bayer also argues that plaintiffs did not submit sufficient evidence of the appropriate standard of care or of proximate cause and that Black Dog Planting cannot recover lost future profits because it did not establish itself as profitable. At trial, plaintiffs presented evidence of methods of possible contamination, the

---

[1] Arkansas law applies to the state-law claims of the Penn and Catt plaintiffs, and Mississippi law applies to the state-law claims of the Mississippi plaintiffs.

likelihood of each cause of contamination, possible methods of confinement, and Bayer's knowledge of the possibility of an escape. Plaintiffs also presented evidence that the EU effectively closed its border to U.S. rice because of the presence of Bayer's GM rice in the U.S. rice supply, that the U.S. rice market suffered, and that, as a consequence, plaintiffs suffered damages. Plaintiffs also provided testimony that Black Dog Planting's rice operations, in particular, were profitable, despite the fact that its tax returns may have reflected that the organization, as a whole, was not. Therefore, I find that plaintiffs submitted sufficient evidence on these elements to avoid Bayer's motion for judgment as a matter of law.

Similarly, Bayer's argument that Bayer AG is not vicariously liable as a matter of law is not persuasive. Bayer argues this issue on the same bases raised in the first bellwether and I reject Bayer's arguments on the same grounds. Plaintiffs presented evidence that Bayer's negligent conduct in this case continued after 2001 and that, as shown by testimony, Bayer's conduct, and Bayer's agreements, Bayer AG had the right to control the subsidiary Bayer entities. This evidence is sufficient to support the jury's finding that Bayer AG is vicariously liable for the actions of the subsidiary Bayer entities.

## Motions for New Trial

Bayer has moved for a new trial on several grounds, including all of the grounds listed in its motion for judgment as a matter of law. "The grant of a motion for a new trial is appropriate only if the verdict is against the weight of the evidence and . . . allowing it to stand would result in a miscarriage of justice." *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1116 (8th Cir. 2007). For the reasons stated below, I find that Bayer is not entitled to a new trial.

Bayer argues that it is entitled to a new trial because the "great weight of the evidence presented at trial was contrary to plaintiffs' claims," and because plaintiffs impermissibly argued that a violation of the regulations automatically made Bayer liable for negligence. Bayer also finds fault with the admission of certain evidence, including Bayer's "irrelevant post-2001 alleged wrongdoing," the StarLink incident, and Dr. Babcock's testimony, and with the exclusion of Black Dog Planting's tax returns. Bayer also objects to the rejection or submission of several jury instructions. Bayer has made all of these arguments multiple times, including in its motions for summary judgment, its *Daubert* motions, its motions *in limine*, its objections and requests for jury instructions at trial and in motions for judgment during trial. It raises no new grounds for these

motions and so I will deny Bayer's motions for the reasons previously stated. Specifically, the weight of the evidence presented at trial does not favor Bayer. Plaintiffs submitted evidence regarding every element of their claim at trial. The evidence at trial provided the jury ample support for its verdict. As a result, Bayer is not entitled to a new trial based on insufficiency of the evidence.

Bayer was also not unfairly prejudiced by the admission and exclusion of certain evidence. Evidence of the so-called "irrelevant post-2001" conduct was not irrelevant and not unfairly prejudicial. The fact that Bayer lost track of a large amount of seed in 2001 was relevant to show Bayer's carelessness in handling LL Rice in 2001. The other evidence that Bayer sought to exclude was relevant to show which varieties of rice were contaminated and to other issues. Evidence of the StarLink incident was relevant to Bayer's knowledge of the risk of an escape and the possible consequences of an escape. Plaintiffs limited their discussion of this evidence to these specific issues. The jury was given a limiting instruction regarding the StarLink evidence. In addition, Bayer was not prejudiced by the exclusion of Black Dog Planting's tax returns. Bayer wished to submit Black Dog's tax returns to show that Black Dog was unprofitable. The tax returns, however, do not show that Black Dog's rice farming operations were unprofitable,

but instead show that Black Dog, as a whole, was not profitable. Plaintiffs submitted evidence that Black Dog's rice farming operations were profitable; the tax returns did not rebut this claim, nor did any other evidence submitted by Bayer. The fact that Bayer could not submit irrelevant and misleading evidence to rebut plaintiffs' evidence is not a basis for a new trial.

In addition, Bayer was held to a standard of ordinary care, not a standard of negligence *per se*. At trial, plaintiffs did not unduly belabor the fact that the escape was a violation of the regulations or that Bayer had identified itself as the responsible party, but plaintiffs did address these issues in relation to Bayer's agency liability and in relation to other relevant matters. At the close of evidence, both parties argued the proper standard – that Bayer should be liable only if it acted negligently and only if its negligence was the cause of plaintiffs' injuries – and the jury was specifically instructed as such.

Similarly, Bayer was not prejudiced by the Court's rejection of its proposed jury instructions. Specifically, the proposed jury instruction that the "fact that an accident occurred" was not, in itself, evidence of negligence was not necessary in this case and threatened to confuse the jury. When the instructions are considered as a whole, they accurately reflect the law of Arkansas and Mississippi, and the Court is not required to give all instructions for which a state might have a pattern

instruction. The fact of the escape was part of the evidence that the jury could consider in determining whether Bayer was negligent, but it would have been improper to submit the case if that had been the *only* evidence of negligence. *See Coca-Cola Bottling Co. of Memphis v. Gill*, 100 S.W.3d 715, 724 (Ark. 2003) ("Proof of an accident, with nothing more, is not sufficient to make out a claim for negligence."). Plaintiffs presented a significant amount of other evidence demonstrating Bayer's negligent conduct and the link between Bayer's conduct and plaintiffs' injuries, and so Bayer's proposed instruction was not necessary. Bayer is not entitled to a new trial based on the failure to give this instruction. Similarly, Bayer was also not entitled to an instruction regarding the agency status of LSU and Dr. Linscombe for the reasons previously stated.

Finally, Dr. Babcock's testimony was properly presented to the jury. Dr. Babcock is qualified to testify in this case and he applied a reliable method, using appropriate data. As a result, his testimony did not unfairly prejudice Bayer.

## Motion to Stay Execution without Bond

Bayer asks that it not be required to post a bond in order to stay execution on the judgment.[2] A "party taking an appeal from a district court is entitled to a

---

[2] The motion also seeks to stay execution pending my ruling on the post-trial motions, but that is now moot.

stay of a money judgment as a matter of right if he posts a bond in accordance with Federal Rule of Civil Procedure 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966); *see also Halbach v. Great-West Life & Annuity Ins. Co.*, 4:05CV02399 ERW, 2009 WL 214671, at *1-2 (E.D. Mo. Jan. 28, 2009). "[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances." *Miami Intern. Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The bond must usually include the principal amount of the judgment, anticipated interest on the judgment, and costs. *See Am. Mfrs. Mut. Ins. Co.*, 87 S.Ct. at 3.

In unusual circumstances, however, courts have discretion to stay the execution of a judgment without requiring a supersedeas bond. *Miami Intern. Realty*, 807 F.2d at 873; *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C.Cir.1980). For instance, an exception may be justified if the judgment debtor has a "clear ability to pay" the amount of the judgment and therefore, requiring a supersedeas bond is unnecessary. *Halbach*, 2009 WL 214671, at *1-2. The burden is on the "moving party to objectively demonstrate the reasons for such a departure." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189,1191 (5th Cir. 1979); *American Family*

*Mut. Ins. Co. v. Miell*, C04-0142, 2008 WL 2773713, at *2 (N.D. Iowa Jul 16, 2008).

Bayer argues it can easily satisfy the judgments against it, but it has not provided sufficient support for this assertion for me to agree that no bond should be posted. It provides gross sales figures and compares that to the judgments entered in the first two bellwether trials. Bayer's potential liability arising from the LL Rice contamination, however, extends far beyond the judgments that have already been entered.[3] There are hundreds of other cases, involving several thousand farmers and other businesses who claim to have been injured by the LL Rice contamination. Bayer has not shown that its assets could cover all judgments that might be entered, nor has it shown that it could cover the judgments if all farmers were to recover even the lowest amount any farmer has thus far obtained in court. Bayer has not shown that it will have a clear ability to satisfy the judgments pending against it at the conclusion of this litigation and is not entitled to an exception to the rule requiring a supersedeas bond.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions [## 2637, 2638, 2639, 2640] are DENIED.

---

[3] When the two Arkansas state court cases are added to those from this court, the judgments already exceed $50 million.

**IT IS FURTHER ORDERED** that defendants' motions to stay execution without provision of bond [## 2931, 2935] are DENIED.

*Catherine D. Perry*
_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2010.