UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06MD1811 CDP |
| RICE LITIGATION | ) | |

**This Order Relates to**:
*Van Sillevoldt Rijst B.V.*
*v. Bayer AG, et al.*                                              4:09CV941 CDP

## MEMORANDUM AND ORDER

Planitiff Van Sillevoldt Rijst B.V. moves for sanctions against defendant Riceland Foods, Inc. in this member case.  Van Sillevoldt argues that Riceland breached its duties under Rule 16, Fed. R. Civ. P. and Local Rule 6.02 by failing to mediate in good faith at a recent settlement conference that was supervised by a special master.  Because Riceland's corporate representative was available by telephone and because the settlement conference was not a court ordered mediation, I do not believe that sanctions are appropriate at this time.

Van Sillevoldt first argues that Riceland violated Federal Rule of Civil Procedure16 by failing to have a corporate representative with authority to settle the case appear at the conference in person.  A court may impose sanctions on a party for failing to appear at a mediation, failing to participate in good faith, or for disobeying a specific order. Fed. R. Civ. P. 16(f).  However, the Federal Rules themselves do not require that a corporate representative appear in person or that

the corporate representative have unrestricted authority to settle the case without consulting other officials or the corporation's board of directors. *See* Advisory Committee Notes, Fed. R. Civ. P. 16 (f) (1993 Amendments) ("When a party or its representative is not present, it is enough to be reasonably available by any suitable means, whether telephone or other communication device."); *Id.* (2007 Amendment). Instead, with respect to the representative's authority, "the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." *Id.* (1993 Amendments).

Riceland's corporate representative had knowledge of the case, had the authority to submit a recommendation to Riceland's board of directors, and was made available by phone. During the mediation, Riceland's counsel communicated the settlement offer to its representative, however Riceland's representative ultimately rejected the offer and chose not to propose a counter offer. Although Riceland could have taken a more active role in the settlement conference, I do not find that its limited participation sufficiently demonstrates bad faith to warrant sanctions for a violation of Rule 16 at this time.

In addition, Van Sillevoldt has not shown that Riceland was subject to the more specific duties listed in Local Rule 6.02. Van Sillevoldt argues that Riceland

violated the duties imposed by Rule 6.02 because its corporate representative was not able to accept the terms of Van Sillevoldt's offer without first consulting Riceland's board of directors. Under Local Rule 6.02, if a court refers a case to mediation, the parties have a duty to appear with a corporate representative that has authority to settle the case. E.D. Mo. L.R. 6.02(B). However, the settlement conference at issue was not the result of a court ordered referral to mediation – rather it was a settlement conference set up by the special master, under the authority granted him by my order of appointment. Because there was no specific court order requiring a corporate representative to be present, Riceland was not subject to the special duties outlined in Local Rule 6.02(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for sanctions [#3196] is DENIED.

*(signature)*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2010.