UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to**:
*Anna Claire Farms, Inc., et al.*
*v. Bayer CropScience LP, et al.*            4:09CV1590 CDP

*Bullard Farms, Inc., et al.*
*v. Bayer CropScience LP, et al.*            4:09CV1591 CDP

## MEMORANDUM AND ORDER

Plaintiffs in two of the member cases in this MDL request leave to amend their complaints under Federal Rule of Civil Procedure 15(a). Plaintiffs seek to add several hundred parties as plaintiffs. Defendants object to plaintiffs' proposed amendments and argue that it is improper to add parties under Rule 15(a) and that the addition of these parties will be prejudicial. Because I find that defendants have shown neither prejudice nor that it is improper to add plaintiffs by amending a complaint under Rule 15(a), I will grant plaintiffs' motions.

Defendants argue that plaintiffs may not join additional parties as plaintiffs by amending their complaint under Rule 15(a), but instead may only join additional parties according to the joinder rules, specifically Rules 19, 20, or 21. Rule 15(a)(2) states that a court should freely grant a party leave to amend its

complaint prior to trial "when justice so requires."[1]  Fed. R. Civ. P. 15(a)(2) (West 2010).  Rule 15 does not specifically address whether a party may join additional parties by amending a complaint.  *See id.*  However, courts regularly allow parties to add or drop parties by amending a complaint under Rule 15.  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 955-57 (8th Cir. 2002) (accepting without comment the use of Rule 15 to amend a complaint in order to add parties); *National Federation of Blind of Missouri v. Cross*, 184 F.3d 973, 977-80 (8th Cir. 1999) (same); *Speaks Family Legacy Chapels, Inc. v. National Heritage Enterprises, Inc.*, No. 08-4148-CV-C-NKL, 2009 WL 1035289, at *2 n.1 (W.D.Mo. Apr. 16, 2009) ("While Defendants are correct that some courts have held that Federal Rule of Civil Procedure 21 rather than Rule 15 applies to motions to add parties, and that leave is always required to do so, even where no responsive pleading has been filed, this does not appear to be the law in the Eighth Circuit."); *see also* 6 Wright & Miller, Federal Practice and Procedure § 1474 (3d ed. 2010) (noting that, so long as the parties seek leave to amend, "the same basic standard for adding or dropping a party will apply whether the pleader moves

---

[1] Plaintiffs note that Starlink is the only defendant that filed answers to their initial complaints.  Case Management Order 3 stayed the filing of pleadings in this MDL.  However, since plaintiffs have titled their motions as requests "for leave to file second amended complaint" and specifically rely on the standard set out in Rule 15(a)(2) as authority for their motion, the dispute over the availability of an amendment under Rule 15(a)(1) is not relevant.

under Rule 15(a) or Rule 21."); 6 Wright & Miller, Federal Practice and Procedure § 1479 (3d ed. 2010) (advocating the use of Rule 15(a) to add or remove parties from a case). Defendants provide no authority from this Circuit to the contrary. As a result, defendants have not shown that it is impermissible, as a matter of law, to add parties by amending a complaint under Rule 15(a).

Defendants have also failed to provide the Court with a legitimate reason for denying plaintiffs' motions under Rule 15. Although Rule 15(a) provides that leave to amend a complaint should be freely given, a court may deny leave if the defendant can show that it will be unduly prejudiced by the amendment. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005). Delay alone is not usually sufficient to support a finding of undue prejudice. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). Instead, an opposing party must demonstrate that the amendment will interfere with its ability to prove its case, that the amendment offers a new theory of recovery after the case has been substantially developed, or that the amendment would necessitate additional discovery. *Id.*

Defendants state that the addition of these parties will complicate a statute of limitations analysis and conclude that the amendments would be unduly prejudicial. However, aside from a recitation of this conclusion, defendants do not explain why or how plaintiffs' amendments would be unduly prejudicial, even if

the amendments complicate the statute of limitations analysis. Plaintiffs amended complaints do not offer new theories of recovery and defendants do not argue that the amendments will affect their ability to defend against plaintiffs' claims or that additional discovery would be necessary. As a result, defendants have not shown they will be unduly prejudiced if I grant plaintiffs' motions.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to amend their complaints [## 3078, 3079] are GRANTED and plaintiffs' amended complaints are deemed filed as of this day.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2010.