IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |
|---|---|
| **IN RE GENETICALLY MODIFIED RICE LITIGATION** | )<br>)  4:06 MD 1811 CDP<br>)<br>)  TRIAL COMMENCING<br>)  OCTOBER 12, 2010<br>) |

**PLAINTIFFS' OPPOSITION TO THE BAYER DEFENDANTS' MOTION IN
LIMINE TO EXCLUDE REFERENCES OR COMPARISONS
TO THE BP OIL SPILL**

Bayer has filed an open-ended and nebulous motion to exclude references or comparisons to the BP Oil Spill. Bayer's motion is overbroad and, if granted, will unfairly limit Plaintiffs' counsel's ability to effectively advocate on behalf of the Texas Plaintiffs.

Meaningful advocacy requires speaking in terms that one's audience understands. Plaintiffs must be able to draw from common everyday life experiences, including those well-published and in the public lexicon. Utilizing references to current events, no matter how widely covered, is not inherently inflammatory or prejudicial. Relevant evidence may only be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403. It is important to remember that prejudice, when used in this context, requires more than the fact that the evidence in question is damaging to the party who is seeking to exclude it. As Professor McCormick so eloquently stated in his Handbook on the Law of Evidence:

> It should be emphasized that prejudice, in this context, means more than simply damage to the opponent's cause. A party's case is always damaged

by evidence that the facts are contrary to his contentions; but that cannot be ground for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis . . .

C. McCormick, *Handbook on the Law of Evidence*, §185, at 439 n. 31 (2d ed. 1972).

Defendants' motion in limine fails to identify how a jury may decide the current case on an improper basis. There is no undue prejudice in referencing news coverage of the oil spill. While the oil spill may be a hot-button item for some, the illustrations that can be made by comparing the two situations are helpful to a jury in giving them context for the organizational structure of foreign companies operating in the United States as well as how other companies address comparable situations. These illustrations have probative value and will cause no undue prejudice.

Bayer's motion does not and cannot clearly delineate the line at which Plaintiffs must limit references to current events – making the motion unduly broad. The Bayer Defendants do not specify to what extent such references must be avoided. For example, if Plaintiffs do not specifically reference BP but instead discuss a hypothetical relating to a recent catastrophe covered in the news, this might also violate the Defendants' Motion. Such a ruling is obviously unduly burdensome. Also, if referring to the BP Oil Spill directly is unacceptable, will Bayer also draw a line in the sand regarding references or comparisons to other incidents such as the Exxon Valdez, Enron or AIG? Plaintiffs should be allowed to draw on parallels the jury is familiar with to explain concepts such as agency and entity relationships, including by way of a hypothetical based on an oil company's corporate organization.

Beyond discussing the media coverage of the BP Oil Spill, which by itself is not unduly prejudicial, Bayer's motion focuses on the involvement of some of Plaintiffs' counsel in litigation related to the BP Oil Spill. Bayer's argument drolly suggests that there is some

587974                                   2

prejudice associated with mentioning the BP Oil Spill because lawsuits relating to the spill have been filed by Plaintiffs' counsel.  This argument is without merit.  There is no undue prejudice simply because Plaintiffs' counsel are involved in litigation regarding the BP Oil Spill and this case.  Indeed, Defendants' motion is so open-ended; it could potentially be interpreted to exclude references or comparisons to *any* litigation with which Plaintiffs' counsel are involved, and not only the BP Oil Spill.

Plaintiffs should not be categorically limited in how they may present their case especially when it involves using current events to interact with the jury unless it is unduly prejudicial.  Other than a blank reference to what it characterizes as intense media coverage[1], Defendants have outlined no basis for inferring undue prejudice from references or comparison to the BP Oil Spill.  Instead, the proper course is for the Court to rule upon any objections in view of the evidence as it comes in.  The Court should, therefore, deny Bayer's motion in limine.

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

By: /s/  Adam J. Levitt
Adam J. Levitt
Stacey T. Kelly
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001
levitt@whafh.com

*Plaintiffs' Designated Co-Lead Counsel*

By: /s/  Don M. Downing
Don M. Downing, Bar # 41786

---

[1] As the oil spill has now been stopped, comparisons between Bayer CropScience and the BP Oil Spill appear even less prejudicial, as the spill is less newsworthy now than a few months ago.

587974                                                                 3

Gretchen Garrison, Bar # 3189
Jason D. Sapp, Bar #5218238
**GRAY, RITTER & GRAHAM, P.C.**
701 Market Street, Suite 800
St. Louis, Missouri  63101-1826
Tel:  (314) 241-5620
Fax:  (314) 241-4140
ddowning@grgpc.com
ggarrison@grgpc.com
jsapp@grgpc.com

*Plaintiffs' Designated Co-Lead and Liaison Counsel*

Richard J. Arsenault
John Randall Whaley
Jennifer M. Hoekstra
**NEBLETT BEARD & ARSENAULT, LLP**
2220 Bonaventure Court, P.O. Box 1190
Alexandria, Louisiana  71301
Tel: (800) 256-1050
Fax: (318) 561-2591

Scott E. Poynter
**EMERSON POYNTER LLP**
500 President Clinton Avenue, Suite 305
Little Rock, Arkansas  72201
Tel:  (501) 907-2555
Fax:  (501) 907-2556

Stephen A. Weiss
Diogenes P. Kekatos
James A. O'Brien III
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
Tel:  (212) 584-0700
Fax:  (212) 584-0799

Joe R. Whatley Jr.
Deborah Clark Weintraub
Adam P. Plant
**WHATLEY DRAKE & KALLAS LLP**
2001 Park Place North, Suite 1000
Birmingham, Alabama  35203
Tel: (205) 328-9576

587974                                    4

Fax: (205) 328-9669

William Chaney
James L. Reed
William J. French
Michael Kelsheimer
Drew York
**LOOPER REED & MCGRAW**
1601 Elm Street Suite 4100
Dallas, Texas  75201
Tel:  (214) 237-6403
Fax:  (214) 953-1332

Ralph E. Chapman
Sara B. Russo
**CHAPMAN, LEWIS & SWAN**
501 First Street
P. O. Box 428
Clarksdale, Mississippi  38614
Tel:  (662) 627-4105
Fax:  (662) 627-4171

*Plaintiffs' Executive Committee*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this 1st day of October, 2010, electronically filed a copy of the foregoing with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties of record.

      /s/ Adam J. Levitt