UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

**This Order Relates to**:
*Rickmers Reismuehle GmbH*
*v. Riceland Foods, Inc., et al.*                                                           4:08CV499 CDP

## MEMORANDUM AND ORDER

Defendant Riceland Foods, Inc. moves to strike the errata sheets of two of plaintiff Rickmers Reismuehle GmbH's experts. Riceland argues that Rickmers' experts' errata sheets are not permitted under Rule 30(e), Fed. R. Civ. P. because they contain substantive changes and because Rickmers has not provided sufficient explanations for some of the changes. I will deny Riceland's motion because I find that the errata sheets do not alter the substance of the experts' testimony and because Rickmers has stated sufficient reasons for the changes.

### Background

Rickmers has retained Dr. Anne Bridges and Dr. Louis Werner in this case. Both experts were deposed by Riceland and both experts gave notice after their depositions that they reserved the right to submit an errata sheet after reviewing the transcript. Both experts subsequently submitted errata sheets altering some of their responses.

Dr. Bridges' errata sheet lists more than one-hundred corrections to her testimony. A representative example of the type of change offered by Dr. Bridges is a change from:

"That is my understanding, yes."

to:

"That is my understanding, yes, but I am uncertain if that is true."

She also changed her response of:

". . . it would be in the hands of the buyer."

to:

". . . it would be in the hands of the buyer and the seller."

In addition, she altered her response of:

"That's correct."

to instead read:

"That's correct, in light of PCR test results presented in depositions for these cases, except for Liberty Link canola, which is grown in far more northern climes . . . ."

Dr. Werner's errata sheet lists seventeen corrections to his testimony. Dr. Werner's alterations are similar to those of Dr. Bridges. For instance, he changed his response of:

"Oh, I have every reason to think that they knew how important it was."

to:

"Oh, I have every reason to think the[y] knew how important it was that GMO rice not get into any rice shipments going to the EU."

He also expanded his answer of:

"Yeah."

to:

"Yes in general, but most especially not in any rice shipments to the EU."

**Analysis**

Riceland first argues that the deposition corrections offered by Doctors Werner and Bridges should be stricken because they are substantive changes and Rule 30(e) does not permit a deponent to make substantive changes in an errata sheet. Federal Rule of Civil Procedure 30 states that a deponent may file an errata sheet within thirty days of receiving the deposition transcript and that, "if there are changes in form or substance, [the deponent must] sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e). Despite this language, courts disagree regarding the types of changes that Rule 30(e) permits.[1] *See Harden v. Wicomico County*, 263 F.R.D. 304, 307 (D.Md. 2009); 8A Wright

---

[1] The Eighth Circuit has not ruled on this issue.

& Miller, Fed. Prac. & Proc. Civ. § 2118 (3d ed. 2010). Some courts allow a deponent to make any and all alterations to the deposition so long as the original transcript is available for the trier of fact and they follow the other requirements of Rule 30 – to provide a list of changes and a reason for those changes. *See Foutz v. Town of Vinton, Va.*, 211 F.R.D. 293, 295 (W.D.Va. 2002). Other courts do not allow material changes that contradict the original deposition testimony unless the change is merely the correction of a transcription error. *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 388-89 (7th Cir. 2000); *Rios v. Bigler*, 847 F.Supp. 1538,1547 (D. Kan. 1994) ("The court will only consider those changes which clarify the deposition, and not those which materially alter the deposition testimony as a whole."); 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2118 (3d ed. 2010). In this case, however, it is not necessary to resolve this question as the changes listed in the experts' errata sheets do not contradict the original testimony, therefore, even under the more restrictive standard urged by Riceland, the errata sheets are permissible.

In its briefs, Riceland lists what it believes to be the most egregious examples of Rickmers' use of the errata sheets. These examples range from rewording a given answer to expanding on the basis for an answer, however, they do not contradict the earlier testimony. For instance, Werner's errata sheet alters

his deposition testimony from:

> "Yes. I mean they wanted it for their records, and it was customary to sign it and keep a copy and send one back . . ."

to:

> "Yes if they sent me one. In such instances, I assumed they would want it back for their records . . . ."

While the amended answer is more equivocal than the answer given in the deposition, it by no means contradicts his earlier statement and does not alter the substance of the earlier testimony. All but one of the statements listed by Riceland are similarly consistent with the deponents' earlier testimony and, as a result, these changes will not be stricken under Rule 30(e).

The only arguably contradictory entry is from Dr. Bridges' errata sheet. During her deposition, Dr. Bridges was given a document that was written in German and asked a series of questions about what the document showed regarding certain test results. Throughout this questioning the test is alternatively referred to as a 35SPCR test, a GM35S-BAR test, and a 35S GM test. The question to which she has amended her answers was: "And that the results as of April 2005 have a positive GM35S-BAR test sent to Rickmers, correct?" to which Bridges initially responded: "That's correct." The previous question in the

deposition referred to the test as a 35SPCR test and the following question characterizes the test as a 35S GM test.  In the errata sheet, she has changed the answer for the quoted question to "That's incorrect.  It had a positive for a 35S test, not a 35S-Bar test."

While the alteration from "that's correct" to "that's incorrect" is generally a contradiction, when viewed in context, it is clear that Dr. Bridges is merely clarifying which test the parties were actually discussing.  Given the confusion of which test was at issue in the preceding and succeeding questioning, the difficulties involved in reading a scientific document written in a foreign language, the complexity of the subject matter, and the fact that the specific label of the test is not the primary subject of the questioning at issue, I do not find Dr. Bridges' amendment of her previous testimony to be contradictory under Rule 30(e).

In addition, even if this alteration is viewed as a contradiction, striking Dr. Bridges' alteration is not necessary, as Riceland has not shown that it would suffer any prejudice by allowing the alteration to stand.  The testimony at issue does not involve Dr. Bridges' own expert opinion, but instead only describes what is written in a specific document.  When Dr. Bridges' testifies at trial, Riceland will be able to cross-examine her using the document and her original testimony and

the jurors will be able to judge for themselves the truth of whether the document refers to a GM35S-BAR test or a 35S test.

Finally, Riceland also argues that Rickmers has insufficiently labeled or explained the rationale for its amendments as required by Rule 30(e). The Rule states that a deponent must give the reason for amending his or her deposition, but it does not explain how much explanation is required. *See* Fed. R. Civ. P. 30(e). As with the previous issue, courts are divided regarding how much rationale is required. *Compare Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98 (2d Cir. 1997) *with Holland v. Cedar Creek Min., Inc.*, 198 F.R.D. 651 (S.D.W.Va. 2001). Some courts do not inquire into the issue at all. *Podell*, 112 F.3d at 103. Other courts require that the deponent give reasons that are "sufficient, and not conclusory" based on the nature of the changes. *See Summerhouse v. HCA Health Services of Kansas*, 216 F.R.D. 502, 510 (D. Kan. 2003); *ChemFree Corp. v. J. Walter, Inc.*, Civil Case No. 1:04-CV-3711-JTC, 2008 WL 5234247, at *3-4 (N.D. Ga. Sept. 30, 2008). Here, again, it is unnecessary to resolve this dispute, as even under the more restrictive standard, the reasons stated by Rickmers are sufficient given the content and the context of the changes to Dr. Bridges' and Dr. Werner's testimony.

Rickmers gave a very brief explanation of each amendment stating that the

change was either "clarification" or a "completion of answer." Despite their brevity, these labels are an accurate description of all but one of the changes listed by Rickmers. Rickmers could have provided a more thorough explanation of the rationale for its changes, but it is hard to imagine what Riceland would have gained by a lengthier explanation and, for its part, Riceland fails to articulate any prejudice potentially caused by Rickmers' allegedly inadequate rationale. Given the straight forward nature of the changes listed by Rickmers, the labels provided in its errata sheets are sufficiently descriptive to satisfy Rule 30(e).

Accordingly,

**IT IS HEREBY ORDERED** that Riceland's motions to strike the errata sheets of Dr. Bridges and Dr. Werner [## 3191, 3193] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2010.