UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE GENETICALLY MODIFIED ) 4:06MD1811 CDP
RICE LITIGATION )

**This Order Relates to**:
*Deshotels Farm Management*
*v. Bayer CropScience LP, et al.*
*(Fourth Bellwether Trial)*

# MEMORANDUM AND ORDER

This order rules on the post-trial motions from the fourth bellwether trial in this multi-district litigation. The trial dealt with the claims of a Louisiana partnership against several Bayer entities and SLLI. After the jury returned a verdict, I entered judgment in the plaintiff's favor against all but one defendant, Bayer BioScience NV. The remaining Bayer defendants and SLLI now seek judgment as a matter of law or, in the alternative, a new trial. For the reasons stated below, I will deny defendants' motions.

## Motions for Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party." Fed. R. Civ. P. 50(a)(1) (West 2010). "In making this determination, [courts] consider all evidence in the record without weighing credibility, and resolve conflicts and make all reasonable inferences in favor of the non-moving party." *Schooley v.*

*Orkin Extermination, Co., Inc.*, 502 F.3d 759, 764 (8th Cir. 2007).

Bayer has previously argued most of the issues it now raises as grounds for judgment as a matter of law. Bayer argues that the Plant Protection Act preempts plaintiff's cause of action and prohibits plaintiff from recovering damages after the USDA deregulated LL Rice in 2006, that plaintiff cannot recover market loss damages or future damages because they are too uncertain and speculative, that the evidence provided to support plaintiff's alternative crop yield and crop variety damages are insufficient as a matter of law, that plaintiff cannot demonstrate legal cause, and that plaintiff cannot recover "landlord" damages.

I did not find Bayer's arguments persuasive when first presented and Bayer has not provided any argument or evidence that persuades me that my previous rulings were incorrect. At trial, plaintiff provided evidence based on plaintiff's actual yields, government crop data, and accepted economic calculations to demonstrate that it suffered market loss, future, and alternative crop yield and crop variety damages. Plaintiff demonstrated that Bayer unreasonably failed to contain its LL Rice and that the resulting contamination was the foreseeable cause of the loss of the European rice market and depressed rice prices. Plaintiff also testified that, under his current oral leases, he pays rent in cash, not in a share of the crop. Although he would be open to altering this agreement at his landlord's request, at

present, during the relevant time period, and for the foreseeable future, he will continue to pay his rent in cash. As a result, and for the same reasons that I have previously stated, Bayer is not entitled to judgment as a matter of law on these issues.

Bayer also claims that plaintiff did not provide sufficient evidence to support the jury's finding of negligence. At trial, plaintiff presented evidence of methods of possible contamination, the likelihood of each cause of contamination, possible methods of confinement, Bayer's actions and omissions that contributed to the contamination, and Bayer's knowledge of the possibility of an escape. Plaintiff also presented evidence that the EU effectively closed its border to U.S. rice because of the presence of Bayer's GM rice in the U.S. rice supply, that the U.S. rice market suffered, and that, as a consequence, plaintiff suffered damages. This evidence is sufficient to support the jury's finding that Bayer was negligent.

In addition, Bayer argues that there was insufficient evidence for the Court to find that Bayer was vicariously liable for the actions of LSU and the other cooperators. At trial, several Bayer executives discussed its relationship with LSU and the other cooperators. The witnesses often discussed Bayer's authority to control the cooperators' practices during the LL Rice field trials and they frequently mixed this testimony with testimony regarding the control that Bayer

actually chose to assert over the cooperators.  Taken out of context, or viewed in isolation, this testimony creates a confusing picture about the limits of Bayer's right to control its cooperators.  It appears that Linscombe made many important decisions regarding how he grew Bayer's LL Rice.  However, placed into context, the accumulation of testimony by numerous Bayer executives and by Linscombe demonstrates that at all times Bayer had the right to dictate its cooperators' practices in great detail, even though it chose not to do so in many instances.  There is no significant testimony or documentation contradicting this fact.  At most, Bayer points to a statement by Linscombe that he possibly would not have consented to certain practices, if Bayer had asked.  However, all of the other evidence indicates that this hypothetical refusal would have been a violation of his agreement with Bayer.  Neither Linscombe nor any other witness indicated that Linscombe would be within his rights under their agreement to refuse Bayer's instructions.  Therefore, there was not sufficient evidence to submit this issue to the jury.

Finally, Bayer argues that plaintiff cannot recover for losses arising from the rice grown on the plot known as "Patrick's Farm."  The plaintiff in this trial was Deshotels Farm Management, a partnership, made up of several member-farms.  In 2007, after it learned of the LL Rice contamination, the partnership chose to plant

rice on a member-farm, known as Patrick's Farm, that had not previously planted rice. At trial, plaintiff presented evidence that, as a whole, it increased its acreage of rice each year, that the specific acreage of rice grown by each member-farm varied by year, and that it had sufficient non-rice acreage to plant all of the rice it had planted on Patrick's Farm on other member-farms. Nonetheless, Bayer argues it "is contrary to Louisiana law to allow this farm to come to this cause of action after the fact." However, "this farm," specifically, Patrick's Farm, is not the plaintiff in this case. Patrick's Farm is merely a member-farm for a larger partnership that had a long history of rice farming, and therefore did not "come to this cause of action after the fact." Plaintiff would have planted the same acreage of rice, whether or not it had ever purchased or planted rice on Patrick's Farm. As a result, the damages related to the rice grown on Patrick's Farm will not be excluded from plaintiff's damages.

## **Motions for New Trial**

Bayer has moved for a new trial on several grounds, including all of the grounds listed in its motion for judgment as a matter of law. "The grant of a motion for a new trial is appropriate only if the verdict is against the weight of the evidence and . . . allowing it to stand would result in a miscarriage of justice." *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1116 (8th Cir. 2007).

For the reasons stated below, I find that Bayer is not entitled to a new trial.

Bayer argues that it is entitled to a new trial because the weight of the evidence presented at trial favored Bayer, and because plaintiff impermissibly argued that a violation of the regulations made Bayer liable for negligence as a matter of law. Bayer also finds fault with the admission of certain evidence, including Bayer's "irrelevant post-2001 alleged wrongdoing," the StarLink incident, and Dr. Babcock's testimony. Bayer further objects to the rejection or submission of several jury instructions. Bayer has made all of these arguments multiple times, including in its motions for summary judgment, its *Daubert* motions, its motions *in limine*, its objections and requests for jury instructions at trial and in motions for judgment as a matter of law during and after trial. It raises no new arguments for these motions and so I will deny Bayer's motions for the reasons previously stated.

Specifically, Bayer is not entitled to a new trial for any of the reasons stated in its motion for judgment as a matter of law or based on the weight of the evidence. As discussed in the previous section, plaintiff provided sufficient evidence to support the jury's verdict on all of the matters submitted and defendants are incorrect that Louisiana law prohibits plaintiff from recovering landlord, market, or future damages. Similarly, Babcock's testimony was properly

presented to the jury. Babcock is a qualified expert who applied a reliable method, using appropriate data. As a result, his testimony did not unfairly prejudice Bayer.

Bayer was also not unfairly prejudiced by the admission or exclusion of the evidence to which it objects. Evidence of the so-called "irrelevant post-2001" conduct was not irrelevant and not unfairly prejudicial. The fact that Bayer lost track of a large amount of seed in 2001 was relevant to show Bayer's carelessness in handling LL Rice in 2001, which was approximately the same time that the evidence indicated that LL Rice escaped. Evidence of the StarLink incident was relevant to Bayer's knowledge of the risk and possible consequences of an escape. Furthermore, the jury was given a limiting instruction regarding precisely how to consider the StarLink evidence and plaintiff limited its discussion of all of this evidence to these specific issues. Bayer suffered no undo prejudice from the admission of this evidence.

In addition, Bayer was held to a standard of ordinary care, not a standard of negligence *per se*. At trial, plaintiff did not unduly belabor the fact that the escape was a violation of the regulations or that Bayer had identified itself as the responsible party, but plaintiff did address these issues in relation to Bayer's agency liability and in relation to other relevant matters. At the close of the evidence, both parties argued the proper standard – that Bayer should be liable

only if it acted negligently and only if its negligence was the cause of plaintiffs' injuries – and the jury was specifically instructed as such.

Similarly, Bayer was not prejudiced by the Court's rejection of its proposed jury instructions. Bayer argues that the Court should have submitted its jury instruction allowing the jury to determine whether LSU was acting as Bayer's agent while it handled LL Rice. As discussed above, Bayer was not entitled to this instruction as there was not sufficient evidence to submit this question to the jury. In addition, as stated on the record during the trial, Bayer had a nondelegable duty in this case to ensure that its cooperators were not negligent when handling LL Rice.

Finally, Bayer claims that it was prejudiced when the jury was given a copy of the regulations along with the other exhibits. Bayer claims it relied on the Court's statement that the jury would not receive a copy of the regulations when it prepared its closing arguments. Bayer does not state what it would have added to its closing if it had known that the regulations were going to be submitted to the jury. The circumstances of this case suggest that Bayer would not have done anything differently. Before the closing arguments, Bayer had the opportunity and motive to address the regulations in any way it wished. During trial, the regulations were published to the jury and had been read to the jury in their

entirety. Therefore, the contents of the regulations were in evidence and Bayer's decision whether to address the regulations did not depend on whether the regulations were given to the jury during deliberations. Of course, whether Bayer considered the regulations sufficiently relevant to address in its closing arguments was an issue Bayer needed to face long before it prepared its closing argument and began this trial. It moved before each bellwether to exclude the regulations and moved for a new trial after each bellwether based on the admission of the regulations. In this bellwether, as it had done in the previous bellwethers, Bayer chose to address the regulations several times in its closing arguments. As a result, any impact the delivery of the regulations to the jury might have had on Bayer's closing argument is not sufficient to warrant a new trial.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions for new trial and for judgment as a matter of law [##3287, 3289, 3291] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2010.