UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE GENETICALLY MODIFIED      )         4:06MD1811 CDP
RICE LITIGATION                 )

## MEMORANDUM AND ORDER

Plaintiffs move to oppose bifurcating the compensatory and exemplary damages issues in the trial scheduled to begin on January 18, 2011. Plaintiffs ask that both issues be tried together or, alternatively, they ask the Court to bifurcate only the amount of exemplary damages. I will deny plaintiffs' motion and bifurcate the trial.

Under the Federal Rules, a trial court has wide discretion in deciding whether to present the issue of exemplary damages in a separate trial.[1] *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1213-14 (8th Cir. 1999); *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). "When determining whether bifurcation is appropriate, 'district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion.'" *Farmers Co-op Co. v. Senske & Son Transfer Co.*,

---

[1] Plaintiffs seek exemplary damages under Mississippi law. In Mississippi, the statute granting plaintiffs' the right to seek exemplary damages also demands that the issue be addressed in a separate phase of the trial. *See* Miss. Code Ann. § 11-1-65 (West 2004). However, this rule is procedural and is not binding on this Court. *See* Fed R. Civ. P. 1; *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

572 F.3d 492, 499 (8th Cir. 2009) (quoting *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990)).

Plaintiffs argue that the trial should not be bifurcated in the interest of judicial economy and because it will not prejudice Bayer. They claim that the evidence in the compensatory and the exemplary phases largely overlap and so it is a waste of time to hear the exemplary damages issue in a separate trial. In the previous bellwethers, after a compensatory phase that lasted several weeks, the exemplary phase of the trial has been presented in less than one day and involves a small number of exhibits and very limited testimony. The only evidence plaintiffs presented during the exemplary phase was evidence of Bayer's net worth. Bayer presented one witness, whose testimony was short.

While plaintiffs are correct that combining the compensatory and exemplary phases would shorten the trial, the relatively modest time savings offered by plaintiffs' proposal does not outweigh the possible prejudice to Bayer posed by some of the evidence that plaintiffs have submitted during the exemplary phase in the past. This case involves allegations of a contamination of essentially the entire supply of rice in the United States that went undiscovered for several years. These facts, when combined with plaintiffs' exemplary damages evidence, could lead jurors to focus on punishing Bayer for the contamination, rather than

compensating the farmers for the contamination's effect on crop prices that is the basis for compensatory damages. It could also lead jurors to confuse the standard for finding liability for negligence with the standard for awarding punitive damages. As a result, I find that potentially saving one day of trial is not a sufficiently persuasive reason to warrant exposing the jurors to potentially confusing evidence when the trial will undoubtedly last several weeks. Similarly, it would not serve the interests of judicial economy to limit the exemplary phase to the issue of the amount of damages, since once the trial is bifurcated, this proposed limitation would save only a few minutes of trial time, while still presenting the same risk of confusion and prejudice previously described.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to refrain from bifurcating the trial set to commence on January 18, 2011 [#3675] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2010.