IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION ) ) ) ) **This Document Relates to:** ) *Riceland Foods, Inc. v. Bayer AG, et al.*, ) 4:09 CV 433 CDP ) ) | 4:06 MD 1811 CDP |

**PLAINTIFFS' LEADERSHIP GROUP'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO ENFORCE THIS COURT'S
COMMON BENEFIT ORDER AS TO RICELAND FOODS, INC.**

## I. INTRODUCTION

Plaintiffs' Court-appointed Co-Lead Counsel ("Lead Counsel") on their own behalf and on behalf of the Court-appointed members of Plaintiffs' Executive Committee and other plaintiffs' counsel who, at the direction, request, and supervision of Lead Counsel, actively have assisted in prosecuting this centralized multidistrict litigation (collectively, Plaintiffs' "Leadership Group"), respectfully submit this memorandum of law in support of their motion for an Order enforcing this Court's February 24, 2010 Memorandum and Order (Dkt. No. 2574) ("Common Benefit Order") over Riceland Foods, Inc. ("Riceland").

As more fully explained below, Riceland remains subject to this Court's jurisdiction and, thus, the obligations of the Common Benefit Order, and may not evade its common benefit obligations by pursuing its claims against the Bayer Defendants in its state court action as opposed to in its pending action within the multidistrict litigation pending before this Court (the "Bayer MDL").

This motion is presently necessitated due to: (a) Riceland's very recent denial of its Common Benefit obligations; (b) upon information and belief, recently commenced settlement

discussions between Riceland and Bayer; and (c) Riceland's Arkansas state court trial scheduled to begin on February 15, 2011. Absent this Court's Order making clear that its Common Benefit Order continues to apply to Riceland, Plaintiffs' Leadership Group runs the real risk that Riceland would attempt – through settlement or judgment in its Arkansas state court action – to evade its Common Benefit obligations. A prompt ruling is also necessary to allow the Leadership Group to intervene, if necessary, into Riceland's state court action before judgment is entered therein. For these reasons, the Leadership Group requests that their motion be heard, at the latest, at the Court's next status conference, presently scheduled for February 10, 2011.

## II.  FACTUAL BACKGROUND

A.  <u>Riceland's Substantively Identical Federal And State Actions</u>

On January 20, 2009, Riceland filed its complaint against the Bayer Defendants[1] in the United States District Court for the Eastern District of Arkansas (Riceland's "Federal Complaint").[2] The case was transferred to the instant MDL and assigned case number 4:09 cv 433 (E.D. Mo.) (CDP). That same day, Riceland filed its First Amended Cross-Claim[3] against the same Bayer Defendants in the state court case captioned, *Meins v. Bayer AG*, cv-2008-108, pending in the Circuit Court of Arkansas County, Arkansas, Stuttgart District (the "*Meins* Cross Claim").[4]

---

[1] The Bayer Defendants are Bayer AG, Bayer CropScience, AG, Bayer BioScience NV, Bayer CropScience LP, Bayer CropScience LLC, Bayer CropScience Holding, Inc., Bayer CropScience Inc., and Bayer Corporation.

[2] A copy of Riceland's Federal Complaint is attached hereto as Exhibit A.

[3] A copy of Riceland's *Meins* Cross Claim is attached hereto as Exhibit B.

[4] The Plaintiffs in the *Meins* Action filed their initial suit on August 7, 2008.

Riceland's Federal Complaint and its *Meins* Cross Claim are virtually identical. For example, the same Bayer Defendants are named in each document. *Compare* Federal Complaint at ¶¶ 2-9; *Meins* Cross Claim at ¶¶ 3-10. The recitation of the facts is substantively identical in the two documents, down to the same paragraph numbering in each of those pleadings. *Compare* Federal Complaint at ¶¶ 14-50 and *Meins* Cross Claim at ¶¶ 14-50. Riceland's claims against Bayer are also nearly identical.[5] *Compare* Federal Complaint at ¶¶ 51-133 and *Meins* Cross Claim at ¶¶ 52-132. The only difference in the claims asserted by Riceland is that *Meins* Cross Claim also seeks contribution and indemnity from the Bayer Defendants for the *Meins* plaintiffs' claimed damages from Riceland. *See Meins* Cross Claim at ¶ 51.

Both Riceland's Federal Complaint and the *Meins* Cross Claim remain active on their respective dockets.

**B.     The Common Benefit Order**

On August 18, 2009 – seven months after Riceland filed the Federal Complaint and the *Meins* Cross Claim, the Leadership Group filed its motion in the Bayer MDL seeking the creation a common benefit trust fund in order to compensate and reimburse attorneys who performed legal services and incurred costs benefitting all plaintiffs (Dkt. No. 1458).[6] That

---

[5] In its Federal Complaint and its *Meins* Cross Claim, Riceland alleges the following claims against the Bayer Defendants – in the exact same order: negligence, *res ipsa loquitur*, negligent entrustment, fraud and constructive fraud, fraudulent concealment, deceptive trade practices, civil conspiracy, trespass to chattels, trespass to land, conversion, private nuisance, and damages. *Compare* Federal Complaint at ¶¶ 51-133 and *Meins* Cross Claim at ¶¶ 52-132.

[6] The issues underlying the common benefit(s) Plaintiffs' Leadership Group provided to other plaintiffs (both producers and non-producers) in this litigation – as well as the Court's ability to order the establishment of a common benefit fund and a corresponding matrix of hold-backs relating thereto – have been extensively argued and previously adjudicated by this Court. Movants will thus not reiterate those arguments here other than to incorporate those prior proceedings by reference herein. This Court has found that "all of the non-producer plaintiffs

motion was fully briefed, with a few groups of producer and non-producer plaintiffs, as well as the Bayer Defendants, filing oppositions thereto. Notably, while a small number of European non-producer plaintiffs opposed the common benefit motion, no domestic rice mill plaintiffs opposed that motion. Among those non-producer plaintiffs unopposed to the Leadership Group's common benefit motion was Riceland, whose action had been in the Bayer MDL for more than seven months at the time the Leadership Group filed its common benefit motion. Riceland had notice and opportunity to oppose the Leadership Group's common benefit motion, but did not do so.

On February 24, 2010, this Court entered the Common Benefit Order which held, in relevant part, that all domestic non-producer plaintiffs, including Riceland, were subject to a required hold back and set aside a total of 10 % (7% for attorneys' fess and 3% for common benefit costs and expenses) of any gross recovery they received from the Bayer Defendants by way of judgment, settlement, or otherwise. (Dkt. No. 2574 at 20-21). Riceland did not seek reconsideration of the Common Benefit Order.

**C.      Riceland's Refusal To Honor Its Common Benefit Obligations**

On November 13, 2010, Riceland's counsel, for the first time, advised Plaintiffs' Lead Counsel that Riceland was unwilling do anything to satisfy its Common Benefit obligations because it had chosen to proceed to trial in its Arkansas state court case, which is set for trial on February 15, 2011, and, further, because it had decided to use its own expert witnesses in conjunction therewith. *See* November 13, 2010 email correspondence between Barry Deacon, one of Riceland's counsel, and Don Downing, one of Plaintiffs' Lead Counsel, attached hereto as Exhibit C. Riceland's apparent belief is that because it has chosen to pursue its claims

---

have benefitted substantially, and will continue to do so, from the work performed by plaintiffs' leadership counsel." (Dkt. No. 2574 at 12).

4

against the Bayer Defendants in state court, it somehow placed itself outside the ambit of this Court's Common Benefit Order, notwithstanding the continued pendency of Riceland's identical federal action before this Court.

As a result of Riceland's denial of its Common Benefit obligations, Plaintiffs' Leadership Group filed their instant motion to enforce the provisions of the Common Benefit Order over Riceland and to compel the Bayer Defendants to hold back and set aside the aggregate amount of 10% (7% for attorneys' fees and 3% for common benefit costs and expenses) from any judgment, settlement, or other resolution of Riceland's claims against the Bayer Defendants arising out of the LLRICE contamination, regardless of where those claims are ultimately resolved.

### III.  ARGUMENT

#### A.  Riceland Remains Subject To This Court's Common Benefit Order

As a result of affirmatively filing its Federal Complaint on January 20, 2009, Riceland became a non-producer plaintiff in the MDL, thus rendering it subject to this Court's directives relating thereto.  As such, this Court's February 2010 Common Benefit Order – to which Riceland did not object – applies to Riceland in the same manner as it applies to all plaintiffs in the Bayer MDL and requires the Bayer Defendants to hold back and set aside 10% of any gross recovery Riceland receives from the Bayer Defendants.  Riceland was subject to this Court's jurisdiction at the time the Common Benefit Order was entered and remains subject to this Court's jurisdiction.  Furthermore, Riceland has benefitted – and continues to benefit – from the Leadership Group's common benefit efforts that justified this Court's entry of the Common Benefit Order.

Riceland cannot have it both ways. It has had access to the Leadership Group's common benefit efforts, which it was able to enjoy as a result of its presence in the Bayer MDL. Riceland thus cannot be permitted to pursue the same claims against Bayer in the *Meins* state court action as it continues to assert in its pending Federal Complaint, without contributing to the common benefit fund. For Riceland to claim otherwise is to ignore this Court's Common Benefit Order and its continuing jurisdiction to enforce that Order as to Riceland.

Significantly, this Court recently faced a similar issue when the plaintiffs in the case captioned, *Lowry Robinson v. Bayer CropScience LP*, Case No. 4:10cv1849 (CDP) sought to voluntarily dismiss their complaint pursuant to Fed. R. Civ. P. 41(a)(2). (Dkt. No. 3507).[7] Lead Counsel responded to the *Lowry Robinson* plaintiffs' voluntary dismissal motion, requesting that the Court require, as a condition of the dismissal, that the *Lowry Robinson* plaintiffs be bound by the Common Benefit Order, regardless of whether they re-filed their action in state or federal court at the time their claims are resolved "in order to deter the *Lowry Robinson* Plaintiffs and other plaintiffs from considering or attempting to circumvent or otherwise avoid the contribution requirements of the Common Benefit Order by dismissing and settling claims or re-filing claims in state court in the future." (Dkt. No. 3557 at 3).[8]

On November 11, 2010, this Court entered an Order granting the dismissal of the *Lowry Robinson* complaint without prejudice "on the condition that plaintiffs contribute 11% of any gross recovery, whether through settlement or otherwise, to the common benefit trust fund" and

---

[7] A copy of the *Lowry Robinson* dismissal motion is attached hereto as Exhibit D.

[8] A copy of the Leadership Group's response to the *Lowry Robinson* dismissal motion is attached hereto as Exhibit E.

6

retaining jurisdiction to the extent necessary to enforce the Order.[9] (D.I. 3612 at 2). In so holding, this Court stated that "I have consistently found that the leadership group's work has provided a substantial benefit to all plaintiffs in this litigation and that *fairness requires all plaintiffs within this Court's jurisdiction to contribute to the common benefit fund according to my Order of February 24, 2010*." (Dkt. No. 3612 at 1). (Emphasis added).

Likewise, Riceland, which was subject to this Court's jurisdiction when the Common Benefit Order was entered, and remains subject to this Court's jurisdiction, is bound by that Order. This Court should thus direct that the Bayer Defendants are required to hold back and set aside 10% of any gross recovery Riceland may obtain from the Bayer Defendants, regardless of whether its claims are ultimately resolved, through settlement or trial, in state or federal court.

**B.    Plaintiffs' Leadership Group Will Be Prejudiced If This Issue Is Not Resolved In An Expedited Manner**

The Leadership Group respectfully requests that the Court rule on this motion no later than the Court's presently-scheduled February 10, 2011 status conference. Upon information and belief, settlement discussions between Riceland and the Bayer Defendants are ongoing. Moreover, the *Meins* trial is scheduled to begin on February 15, 2011 – less than one month from now. Simply stated, if this Court does not exercise its continuing jurisdiction over Riceland – as it did in over the plaintiffs in *Lowry Robinson* – or if this issue is not otherwise resolved prior to entry of judgment in the *Meins* action, the Leadership Group may be barred from intervening in the *Meins* action to protect their interests. *See UHS of Arkansas, Inc. v. Sherwood*, 752 S.W.2d 36, 38 (Ark. 1988) ("The general rule is that post-judgment intervention will be allowed only upon a strong showing of entitlement by the applicant or a demonstration

---

[9] A copy of the Court's November 11, 2010 Order is attached hereto as Exhibit F.

7

of unusual and compelling circumstances and the courts have shown a strong reluctance to grant intervention after a final judgment."). Conversely, if this Court chooses to exercise its continuing jurisdiction – as it did in *Lowry Robinson* – the Leadership Group may not need to intervene in the *Meins* action to pursue its common benefit claims against Riceland.[10] The Leadership Group thus respectfully requests that the Court rule on this motion no later than the Court's February 10, 2011 status conference.

## IV.  CONCLUSION

For all of the reasons set forth above, the Leadership Group respectfully requests that this Court enter an Order enforcing the Common Benefit Order over Riceland Foods, Inc. and compelling the Bayer Defendants to hold back and set aside the aggregate amount of 10% (7% for attorneys' fees and 3% for common benefit costs and expenses) from any judgment, settlement, or other resolution of Riceland's claims against the Bayer Defendants arising out of the LLRICE contamination.

**Dated:** January 18, 2011

                            Respectfully submitted,

                            **WOLF HALDENSTEIN ADLER**
                             **FREEMAN & HERZ LLC**

                            By: /s/  Adam J. Levitt
                                 Adam J. Levitt
                                 Stacey T. Kelly

---

[10] The Leadership Group is currently considering whether they should, in fact, still intervene into the *Meins* action, regardless of whether this Court were favorably conclude its jurisdictional analysis and rule as it did in *Lowry Robinson*. Should the Leadership Group elect to undertake that course of action, however, it would be without waiving the position that this Court has jurisdiction over Riceland and this dispute.

55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001
levitt@whafh.com
skelly@whafh.com

*Plaintiffs' Designated Co-Lead Counsel*

**GRAY, RITTER & GRAHAM, P.C.**

By:/s/  Don M. Downing
     Don M. Downing, Bar # 41786
     Gretchen Garrison Bar # 3189
     Jason D. Sapp #5218238
701 Market Street, Suite 800
St. Louis, Missouri  63101-1826
Tel:  (314) 241-5620
Fax:  (314) 241-4140
ddowning@grgpc.com
ggarrison@grgpc.com
jsapp@grgpc.com

*Plaintiffs' Designated Co-Lead and Liaison Counsel*

Richard J. Arsenault
John Randall Whaley
Jennifer M Hoekstra
**NEBLETT BEARD & ARSENAULT, LLP**
2220 Bonaventure Court, P.O. Box 1190
Alexandria, Louisiana  71301
Tel: (800) 256-1050
Fax: (318) 561-2591

Scott E. Poynter
**EMERSON POYNTER LLP**
500 President Clinton Avenue, Suite 305
Little Rock, Arkansas  72201
Tel:  (501) 907-2555
Fax:  (501) 907-2556

Stephen A. Weiss
Diogenes P. Kekatos
James A. O'Brien III

9

**SEEGER WEISS LLP**
One William Street
New York, New York  10004
Tel:  (212) 584-0700
Fax:  (212) 584-0799

Joe R. Whatley Jr.
Deborah Clark Weintraub
Adam P. Plant
**WHATLEY DRAKE & KALLAS LLP**
2001 Park Place North, Suite 1000
Birmingham, Alabama  35203
Tel: (205) 328-9576
Fax: (205) 328-9669

William Chaney
James L. Reed
William J. French
Michael Kelsheimer
Drew York
**LOOPER REED & MCGRAW**
1601 Elm Street Suite 4100
Dallas, Texas  75201
Tel:  (214) 237-6403
Fax:  (214) 953-1332

Ralph E. Chapman
Sara B. Russo
**CHAPMAN, LEWIS & SWAN**
501 First Street
P. O. Box 428
Clarksdale, Mississippi  38614
Tel:  (662) 627-4105
Fax:  (662) 627-4171

*Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have this 18th day of January, 2011, electronically filed a copy of the foregoing with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the parties of record.

/s/  Adam J. Levitt