UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06MD1811 CDP |
| RICE LITIGATION | ) | ALL CASES |

## MEMORANDUM AND ORDER

Plaintiffs' leadership group has filed a motion to compel Riceland Foods, Inc. to contribute a portion of any recovery it receives in a similar state court case to the common benefit fund. Riceland argues that this Court does not have jurisdiction to order it to contribute to the fund in its state court case. Because I agree that this Court lacks jurisdiction over the state cases, I will deny the leadership group's motion.

Riceland is a party to this multidistrict litigation as part of the case *Riceland Foods, Inc. v. Bayer AG, et al.*, 4:09CV433CDP. It is undisputed that, with respect to any recovery Riceland obtains in its MDL case, Riceland is subject to the terms of my order dated February 24, 2010 establishing a common benefit trust fund. The leadership group's motion, however, does not seek to compel Riceland to abide by the terms of the common benefit order in its MDL case. Instead, the leadership group seeks to compel Riceland to contribute a portion of any recovery obtained in an Arkansas state court case, *Meins v. Bayer AG, et al.*, CV-2008-108, to the common benefit fund. Riceland is a defendant in the Arkansas case with

cross-claims against Bayer, although Riceland's claims against Bayer in its MDL case are essentially the same as the claims it asserts against Bayer in its Arkansas case.

The common benefit order in this MDL is limited to federal cases. *See In re Genetically Modified Rice Litigation*, 4:06MD1811, 2010 WL 716190 (E.D. Mo. Feb. 24, 2010). As stated in that order, "I have no jurisdiction over the state cases." *Id.* at *5. The leadership group has provided no new authority to the contrary. Simply because this Court has jurisdiction over an attorney, a defendant, or a plaintiff in one case does not mean that it has jurisdiction over them in their state court cases, even if they assert essentially the same claims. *See In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-I*, 953 F.2d 162, 166-67 (4th Cir.1992) (stating that an MDL court's authority "is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred."); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir.1976).

The leadership group, however, is correct that this ruling creates a risk that Riceland will be unjustly enriched. In the original common benefit order, I found that Riceland had received a substantial benefit from the leadership group's work. Riceland did not object to this conclusion at the time and it remains my opinion that Riceland has, in fact, received a substantial benefit from the leadership

group's work in this MDL.  Despite this, Riceland refuses to voluntarily agree to contribute to the fund, as many parties in this litigation have done, and instead will not contribute to the fund unless ordered to do so.  Although, this is unfortunate, it is beyond my authority to order Riceland to contribute to the fund in its Arkansas case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' leadership group's motion to enforce the common benefit fund order [#3904] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2011.