UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06MD1811 CDP |
| RICE LITIGATION | ) | |

**This Order Relates to**:

| | |
|---|---|
| *Thibodeaux Land Co., Inc.* *v. Bayer CropScience LP* | 4:07CV984 CDP |
| *Thibodeaux Brothers Farms* *v. Bayer CropScience LP* | 4:07CV1004 CDP |
| *E&R Farms, Inc.* *v. Bayer CropScience LP* | 4:07CV1005 CDP |
| *Thibodeaux Land Co., Inc.* *v. Bayer CropScience LP* | 4:07CV1013 CDP |
| *Ross G. Thibodeaux* *v. Bayer CropScience LP* | 4:07CV1014 CDP |

## MEMORANDUM AND ORDER

Plaintiffs move to amend their complaints to add Thibodeaux AG Group as a party, to substitute Thibodeaux AG as plaintiff for claims after 2008, and to consolidate all of the claims in the above captioned cases into a single case. Bayer objects on several grounds. This issue was previously addressed at the pre-trial conference before the Louisiana bellwether on June 21, 2010. For the reasons stated on the record during that conference and because I find that the proposed substitution and consolidation of these cases will allow a more efficient resolution

of the parties' claims, I will grant plaintiffs' motion.

The Thibodeaux entities transferred all of their rice farming operations to Thibodeaux AG in 2008 before turning to other industries, such as crawfish farming. Plaintiffs' proposed amended complaint states that the Thibodeaux entities seek damages through 2007 and that Thibodeaux AG seeks damages from 2008 forward. Plaintiffs' proposed amended complaint does not change the nature of plaintiffs' claims, seeks the same relief, and assumes an identical position as the Thibodeaux entities' original complaints.

Bayer objects by reasserting the arguments it made before the Louisiana bellwether trial. First, Bayer argues that any claim asserted by Thibodeaux AG is barred by Louisiana's statute of limitations. Second, Bayer argues that substitution is inappropriate because plaintiffs have not demonstrated a complete merger or consolidation of all of the Thibodeaux entities with Thibodeaux AG. Third, it argues that Thibodeaux AG currently farms land that was not a part of the individual Thibodeaux entities.

For the same reasons I rejected Bayer's arguments prior to the Louisiana bellwether, I will reject them here. As a substituted party, Thibodeaux AG is not asserting new claims against Bayer. Instead it merely seeks to pursue previously existing claims under a new name and so its claims relate back to the Thibodeaux

entities' original complaints and the Louisiana statute of limitations does not prohibit the substitution.

In addition, it is appropriate to allow a substitution under Rule 25(c) in this case. In order to support a substitution under Rule 25(c), the party seeking substitution must show a transfer of the interest that is the subject of the litigation. *See ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995); *Wainwright v. Kraftco Corp.*, 58 F.R.D. 9, 13 (N.D.Ga. 1973). It is not seriously disputed that Thibodeaux AG took over the pre-existing rice farming operations of the other Thibodeaux entities in 2008. Instead, Bayer merely argues that this transfer is somehow insufficient to support substitution under Rule 25(c). Bayer has provided no authority supporting this assertion and I find that it would be inappropriate to impose such a limitation under Rule 25(c) in this case. Finally, any concerns that Bayer has about the extent of the damages sought by Thibodeaux AG are more appropriately addressed in a motion for summary judgment or a motion in limine.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to file a first amended complaint [#3962] is GRANTED. Plaintiffs' first amended complaint is deemed filed as of this day in the main MDL Docket, as well as in *Thibodeaux*

*Brothers Farms v. Bayer CropScience LP*, Case No. 4:07CV1004 CDP. The parties are directed to submit all future filings in accordance with my order dated May 21, 2009, Docket No. 1321.

**IT IS FURTHER ORDERED** that *Thibodeaux Land Co., Inc.v. Bayer CropScience LP*, Case No. 4:07CV984 CDP, *E&R Farms, Inc. v. Bayer CropScience LP*, Case No. 4:07CV1005 CDP, *Thibodeaux Land Co., Inc. v. Bayer CropScience LP*, Case No. 4:07CV1013 CDP, and *Ross G. Thibodeaux v. Bayer CropScience LP*, Case No. 4:07CV1014 CDP are administratively closed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2011.