UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IN RE GENETICALLY MODIFIED      )          4:06MD1811 CDP
RICE LITIGATION                 )          ALL CASES

**ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE SPECIAL MASTER
FOR THE ALLOCATION AND DISTRIBUTION OF
COMMON BENEFIT FEES AND EXPENSES**

On September 4, 2012, plaintiffs' co-lead counsel filed a motion for

allocation and distribution of common benefit fees and expenses in this case.

Pursuant to Federal Rule of Civil Procedure 53, I appointed retired Judge Stephen

N. Limbaugh, Sr. as Special Master for consideration of that motion and its

corresponding objections, as well as motions from other plaintiffs' counsel for

allocation and distribution of common benefit fees and expenses.

On November 2, 2012, Special Master Limbaugh issued a Report and

Recommendation relating to the protocols, processes, allocation, and distribution

of common benefit fees and expenses.  Only one group of plaintiffs' counsel –

collectively referred to as "the Phipps Group" – filed objections to that Report and

Recommendation.  Plaintiffs' co-lead counsel has responded to those objections.

I have conducted a *de novo* review of all matters relevant to the motions,

including reviewing all of the parties' arguments and supporting evidence

(consisting of hundreds of pages of briefs and more than a thousand pages of

exhibits).  After careful consideration, I will adopt and sustain the thorough reasoning of Special Master Limbaugh for the reasons that follow.

## Discussion

My review of Special Master Limbaugh's Report and Recommendation, along with the parties' briefs and the evidence presented to the Special Master, demonstrates that he carefully analyzed and considered all of the information presented to him.  He conducted thorough legal research into the relevant issues, ane he personally met with the attorneys involved in this dispute to fully understand their positions.  His Report and Recommendation accurately summarizes the arguments and evidence and reaches the correct legal conclusions.  As the Phipps Group was the only plaintiffs' counsel to file objections to the Report and Recommendation, I will address its objections.

*Panel of Special Masters:*

The Phipps Group renews its request for appointment of a panel of special masters, rather than the appointment of Judge Limbaugh, Sr. as the only special master.  The basis for this renewed objection is an appearance of bias and unfair advantage based on Judge Limbaugh, Sr.'s geographic proximity to plaintiffs' co-lead counsel, as well as his rejection of the Phipps Group's requests and recommendation that plaintiffs' co-lead counsel's requests be granted in full.

As I decided before, appointment of a panel of special masters is unnecessary and inefficient.  Judge Limbaugh, Sr. has significant experience with the various issues presented in this complex case, and the Phipps Group has not presented any factual basis for its contentions that Judge Limbaugh, Sr. has demonstrated a geographical bias.  As will be discussed further, Judge Limbaugh, Sr. rejected the Phipps Group's arguments because they lacked merit, not because of an alleged geographic preference.  Again, I will deny the Phipps Group's request for appointment of a panel of special masters.

*Reasonableness of Fees and Hours Claimed by Common Benefit Attorneys:*

The Phipps Group objects to the amounts claimed by common benefit attorneys, objecting to both the total percentage of funds claimed and the hours and rates reported.  The Phipps Group also presented a chart laying out various other, more specific arguments regarding these claims for fees and expenses.  I have considered all of the arguments raised, but, in the interests of brevity, will discuss in detail only those I consider to be the most significant.  Contrary to the Phipps Group's assertions, neither I nor the Special Master is required to discuss in an opinion everything we have considered.

As to the percentage distribution sought by common benefit attorneys, the Phipps Group argues that the total amount of settlement proceeds that should be

- 3 -

considered is approximately $577 million, as opposed to the $918 million total set forth by plaintiffs' co-lead counsel.  The basis for the Phipps Group's argument is that the amount recovered in state-court proceedings should not be considered in the total amount of settlement proceeds because I did not order the defendants to hold back funds from those recoveries.  But the only reason I did not order common-benefit contributions from the state-court proceedings was because I lacked jurisdiction to do so.  Those cases, including the cases in which the Phipps Group was counsel, benefitted greatly from the work performed by the common benefit attorneys.  It is proper to consider the whole amount in determining the reasonableness of the percentage of the common benefit fees and expenses sought by common benefit attorneys.

The amount sought by plaintiffs' co-lead counsel in their briefs is a maximum of $72 million, which constitutes 7.8% of the total amount of settlement proceeds, including state-court recoveries: $918 million.  This percentage is reasonable based on case law and my own analysis of the complexity and amount of work performed by common benefit attorneys in this case.

Regarding the hours and hourly rates reported by common benefit attorneys, the Phipps Group argues that the number of hours is inflated and the hourly rates are too high.  I agree with co-lead counsel when they point out that the Phipps

Group misrepresents the facts about the hours claimed per week in its objections.

Special Master Limbaugh engaged in extensive analysis of the attorneys'

declarations of hours worked, as well as supporting documentation, before

determining that the number of hours claimed was reasonable.  He examined the

declaration of Lead Counsel Downing and Levitt, which explained the process they

undertook to calculate the acceptable amount of hours for each firm.  I have

similarly reviewed all the evidence, and I agree with Special Master Limbaugh that

it is appropriate to rely on the sworn declarations of counsel.  The procedure used

by plaintiffs' co-lead counsel is acceptable, and I find that the number of hours

charged by the common benefit attorneys, as set out in the various briefs and

exhibits, is fair and reasonable.

As to the hourly rates charged by the common benefit attorneys, each

attorney submitted a sworn declaration that the hourly rate charged was

customarily charged in his or her region by attorneys and legal professionals of

similar qualifications and experience.  They also submitted declarations of

independent, prominent attorneys from their areas, who agree that those hourly

rates are reasonable.  Indeed, the Phipps Group attorneys submitted comparable or

higher hourly rates than those charged by some other firms in the same area.

Therefore, I reject these arguments by the Phipps Group and find that the hours

worked and hourly rates charged are reasonable.

*Request for Discovery:*

Along with its arguments regarding the hours worked and hourly rates charged, the Phipps Group filed a motion to compel discovery into the individual billing records of the common benefit attorneys.  I will deny this request.  As set out above, an in-depth examination of individual time sheets is not necessary given the sworn declarations of plaintiffs' co-lead counsel regarding the procedures used in analyzing those time sheets.  The Phipps Group has provided no reason that this court may not rely on those attorneys' sworn representations regarding that evidence, and discovery is not necessary.  I will deny the motion to compel.

*Phipps' Group's Request for Fees and Expenses:*

The Phipps Group also seeks to receive a distribution from the common benefit fund.  Special Master Limbaugh recommended denial of this request.  As he points out, the Phipps Group did not coordinate with the plaintiffs' co-lead counsel at any time during this litigation.  I conclude that the work done by the Phipps Group for its own clients did not benefit the rest of the plaintiffs, while the work performed by the common benefit attorneys definitely benefitted the Phipps Group and its clients.  It is not an exaggeration to say that the Phipps Group has been unjustly enriched by the work of the common-benefit attorneys.  And at times

the Phipps Group's conduct may have actually interfered with the progress of the case and the settlement.  As co-lead counsel point out, I was twice required to consider requests for sanctions when the Phipps Group improperly attempted to solicit as clients plaintiffs who were already represented by other counsel.  I will deny the Phipps Group's motion for allocation and distribution of common benefit fees and expenses.

*Failure to Consider All Objections Individually:*

Finally, the Phipps Group argues that Special Master Limbaugh erred in failing to consider all of the arguments presented by the Phipps Group.  This argument has no merit.  Special Master Limbaugh was not required to discuss in his report every point made by the Phipps Group, and his failure to discuss every point does not mean that he did not consider each argument.  The Phipps Group had ample opportunity to present its arguments in the form of objections to the plaintiffs' co-lead counsel's motion and in its own motions.  It also participated in meetings with Special Master Limbaugh in which it was able to further explain its arguments.  In any event, I have conducted *de novo* review, and I find no merit to any of the arguments raised by the Phipps Group.

Because I find that none of the objections presented by the Phipps Group has merit, and because I conclude that the analysis of Special Master Limbaugh was

correct and need not be repeated by me, I will adopt the findings in Special Master

Limbaugh's Report and Recommendation.  Specifically, I conclude that the

protocols and processes used by plaintiffs' co-lead counsel are fair and reasonable.

The attorneys' fees and expenses set forth in Exhibit B-1 to Special Master

Limbaugh's Report and Recommendation – along with the enhancements

contained in Exhibit F – are also fair and reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that the objections of the Phipps Group

[#4922] are overruled, and the Report and Recommendation of Special Master

Stephen N. Limbaugh, Sr. [#4908] is **SUSTAINED, ADOPTED, and**

**INCORPORATED** herein.

**IT IS FURTHER ORDERED** that plaintiffs' co-lead counsel's motion for

allocation and distribution of common benefit fees and expenses [#4674], as

modified by Exhibit B-1 to Special Master Limbaugh's Report and

Recommendation [#4908-1, at 4], is GRANTED, and these fees and expenses

should first be paid from the Common Benefit Fund.

**IT IS FURTHER ORDERED** that the firm Hare, Wynn, Newell & Newton

should next be paid an additional $1,355,594.74 from the Common Benefit Fund.

**IT IS FURTHER ORDERED** that any remaining Common Benefit Fund

- 8 -

amounts and any additional funds that are received, up to a total of $72 million, should be paid to the six firms contained within and as set forth in Exhibit F to Special Master Limbaugh's Report and Recommendation [#4908-1, at 17].  If the total common benefit fund amounts received exceeds $72 million, plaintiffs' co-lead counsel shall approach the Court with a recommendation as to the allocation of those additional funds.

**IT IS FURTHER ORDERED** that the motion for allocation and distribution filed by the Deacon Law Firm [#4834] is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that the motions for allocation and/or equitable modification of Farmers Rice Milling Company, Inc. [#4831] and of Beaumont Rice Mills, Inc. [#4833] are DENIED.

**IT IS FURTHER ORDERED** that the Phipps Group's motion for allocation and distribution of common benefit fees and expenses [#4838] and motion to compel discovery [#4837] are DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2012.