UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED | ) | 4:06MD1811 CDP |
| RICE LITIGATION | ) | ALL CASES |

## MEMORANDUM AND ORDER

On December 6, 2012, I granted plaintiffs' co-lead counsel's motion for allocation and distribution of common benefit fees and expenses.  On the same day, the Phipps Group filed a notice of appeal of that order and five other orders relating to the common benefit fund established in this case.  The Phipps Group now seeks to stay execution of the money judgment – disbursement of the common benefit fees and expenses – pending appeal.  For the reasons that follow, I will grant the motion to stay, but only upon the Phipps Group's posting of a supersedeas bond to secure the judgment.

## Discussion

Rule 62(d) of the Federal Rules of Civil Procedure provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).  "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment

during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.- Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)). "A supersedeas bond essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal." *Mansion House*, 682 F. Supp. at 449 n.5. Because the Phipps Group is appealing a money judgment, I will grant the stay pending appeal, but it will become effective only upon the Phipps Group's posting of a supersedeas bond.

"The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay." *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (internal citation and quotation marks omitted). However, a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. *Mansion House*, 682 F. Supp. at 449 (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986). The supersedeas bond does not need to include the full amount encompassed by the December 6 order of disbursement, because the funds are currently being held in a trust account. However, it must include all costs and

interest that the common benefit attorneys may incur during the pendency of the appeal.

Plaintiffs' co-lead counsel have provided documentation regarding the costs that common benefit attorneys will incur in foregoing execution of the judgment until the appeal is decided. These include increased tax liability for the attorneys and firms receiving the funds, post-judgment interest on the money currently held in the common-benefit fund, and anticipated appellate costs. Although the Phipps Group argues that the increased tax expense should not be considered, it is a foreseeable cost resulting from the delay. Because these costs may be reasonably expected to be incurred by plaintiffs' co-lead counsel if the Phipps Group is unsuccessful on appeal, I will order a supersedeas bond in the amount of $4,670,087.18.[1] This bond must be posted no later than 12:00 noon Central Standard Time on December 21, 2012.

Accordingly,

**IT IS HEREBY ORDERED** that the Phipps Group's motion to stay enforcement pending appeal [#4946] is GRANTED as set forth herein.

---

[1] This amount is calculated by adding the increased tax liability based on changes in the Internal Revenue Code which will take effect on January 1, 2013, in the amount of $4,576,021; post-judgment interest on the amount currently held in the common benefit fund, calculated at a rate of 0.18% over a period of 10.4 months (the average length of time to complete an appeal in the Eighth Circuit), in the amount of $93,911.18; and anticipated appellate costs for copies of the briefs and addenda, in the amount of $155.00.

**IT IS FURTHER ORDERED** that the Phipps Group shall post a supersedeas bond in the amount of $4,670,087.18, no later than **12:00 noon Central Standard Time on December 21, 2012**..

**IT IS FURTHER ORDERED** that execution of judgment will be STAYED upon posting of the supersedeas bond.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2012.