UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DON M. DOWNING, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:13CV206 CDP |
| ) | |
| GOLDMAN PHIPPS PLLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs ("the Downing Group") filed this case alleging claims of unjust enrichment, quantum meruit, and interpleader stemming from a multidistrict litigation case pending in this district, *In re Genetically Modified Rice Litigation*, 4:06MD1811 CDP ("Rice MDL").  Defendants ("the Phipps Group" and "the Murray Group"),[1] who served as counsel for many of the plaintiffs in the related Rice MDL case and similar state court cases, have filed a motion seeking my disqualification from this case pursuant to 28 U.S.C. §§ 144 and 255.  Because I find that the motion for disqualification is without merit, I will not recuse myself from this case.

---

[1] References to the "Phipps Group" include the following defendants:  Goldman Phipps PLLC, Goldman Pennebaker & Phipps, P.C., Mikal C. Watts, P.C., Keller Stolarczyk PLLC, Martin J. Phipps, Mikal C. Watts, Banks Law Firm PLLC, and Charles A. Banks.  References to the "Murray Group" include defendants Stephen B. Murray, Sr. and Murray Law Firm.

As an initial matter, the parties have presented arguments regarding whether this court is divested of jurisdiction over these matters because of the pending appeal of the consolidation order issued on March 26, 2013. Under 28 U.S.C. § 1291, a Court of Appeals has jurisdiction over final orders of the district courts. An order of consolidation is not a final order,[2] and so the only basis for appeal of the consolidation order must be the collateral order doctrine. However, the consolidation order in this case – which explicitly states that it is limited to pretrial matters and that its extent will not be fully determined until after scheduling conferences have been conducted with the parties – is not one of the narrow decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). Thus, the consolidation order does not appear to have been properly appealable. Although district courts are normally divested of jurisdiction over matters that are appealed by a party, a district court "does not normally lose

---

[2] *See, e.g.*, *Alpine Glass, Inc. v. Country Mut. Ins.Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (holding that an order consolidating claims for arbitration was not a final order under § 1291); *In re Macon Uplands Venture*, 624 F.2d 26, 27 (5th Cir. 1980) ("Orders of transfer and consolidation are interlocutory and not appealable."); *Levine v. Am. Export Indus., Inc.*, 473 F.2d 1008, 1009 (2d Cir. 1973) (holding that absent exceptional circumstances, an appellate court lacks jurisdiction to hear an interlocutory appeal of a consolidation order); *Nolfi v. Chrysler Corp.*, 324 F.2d 373, 374 (3d Cir. 1963) (declining to hear an interlocutory appeal of an order denying consolidation).

jurisdiction to proceed with the case when one party appeals a non-appealable order." *Missouri ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Therefore, I conclude that the appeal of the consolidation order in this case did not divest this court of jurisdiction over the pending matters in this case, including this motion to disqualify and the motions to dismiss filed by the Phipps Group and the Murray Group. Accordingly, I will consider the motion to disqualify on its merits.

Under 28 U.S.C. § 144, a judge must recuse herself from hearing a proceeding upon the filing of a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party." 28 U.S.C. § 144. "A judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving" that "the judge had a disposition so extreme as to display a clear inability to render a fair judgment." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 790 (8th Cir. 2009) (internal quotation marks and citations omitted).[3]

---

[3] The Phipps Group and the Murray Group argue that this court shall transfer this disqualification motion to another judge for disposition. However, "[w]hen an affidavit does not meet the requirements imposed by law, the judge should not disqualify himself." *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984). "To be legally sufficient, an affidavit must allege bias or prejudice, and such 'bias or prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* at 1211 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Because I have determined that the affidavit is not legally sufficient, as discussed herein, I need not recuse myself from this case.

As grounds for recusal under § 144, the Phipps Group and the Murray Group rely on the affidavit of defendant Mikal G. Watts as evidence of personal bias. The affidavit (Doc. No. 66-7) cites numerous statements that plaintiff Don Downing allegedly made to Mikal Watts regarding my alleged support of co-lead counsel's position in the Rice MDL case, my alleged bias against defendant Martin Phipps, and alleged *ex parte* conversations that took place between Don Downing and myself. None of these allegations amounts to a sufficient showing of bias or prejudice to warrant recusal from the case.[4]

None of the statements that were allegedly made – the truth of which plaintiff Don Downing contests in his own affidavit – shows that I am unable to fairly preside in this matter. The statements appear to have been mere puffery by an attorney regarding the strength of his case and his certainty that his side would prevail. I have no doubt that lawyers frequently brag or predict that judges are sure to rule in a certain way, but this does not mean that they actually have inside knowledge about the judge's intentions in a case. If one lawyer's posturing of this sort could be cause for disqualification, we would certainly see many more

---

[4] In addition to arguing that the affidavit is insufficient under the state, the Downing Group also argues that it is untimely. In order to be considered timely, a party must file its motion "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such claim." *Am. Prairie Const. Co.*, 560 F.3d at 790. In this case, all of the alleged statements by Downing were made years before this recusal motion was filed. However, they were made during the pendency of the Rice MDL case, and this recusal motion was filed only 9 days after the consolidation order transferring this civil case to this court. Therefore, the motion appears to have been timely filed in this case – even if not in the Rice MDL case.

recusals. The affidavit does not contain any statements that allegedly came from this court, but it concludes that *ex parte* conversations must have occurred for Downing to have this kind of purported inside knowledge. In fact, I have not engaged in any improper *ex parte* conversations with any of the attorneys in this case. Additionally, other than statements I made to all counsel and on the record, I never told Downing or any other lawyer my intentions on any subject. Accordingly, the affidavit is not legally sufficient to show personal bias or prejudice by this court, and I will not recuse myself pursuant to 28 U.S.C. § 144.

The Phipps Group and the Murray Group additionally argue that recusal is appropriate under 28 U.S.C. § 455. Under 28 U.S.C. § 455, a judge should disqualify herself "in any proceeding in which his impartiality might reasonably be questioned." This applies to circumstances involving the appearance of bias, rather than actual bias or prejudice by the court. Section 455 also enumerates specific circumstances that may require removal, two of which are invoked by the defendants here: "personal bias or prejudice concerning a party," and "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

As discussed above, this case does not involve personal bias or prejudice concerning a party, and so I will not recuse myself on that basis under § 455. As to the appearance of bias by the court, the Phipps Group and the Murray Group argue

that prior judicial actions in the Rice MDL case demonstrate the appearance of bias in favor of the Downing Group and against the Phipps Group and the Murray Group. Specifically, they cite my decision to appoint many of the plaintiffs in this case as co-lead counsel in the Rice MDL case; my order creating the common benefit fund and denying the Phipps Group and the Murray Group's objections to its creation and disbursement; and my statement that the Phipps Group and the Murray Group were "unjustly enriched" because of my inability to order holdbacks for the common benefit fund in the state court cases.

These rulings are merely rulings made against the Phipps Group and the Murray Group, on the merits of the facts and legal arguments presented to the court at that time. These rulings were made after extensive briefing and set forth in lengthy opinions by this court. *See White v. Luebbers*, 307 F.2d 722, 730 (8th Cir. 2002) ("So long as the court's expressed views come from the record of the case itself, or from representations properly made by the parties or their lawyers, nothing improper has occurred."). Furthermore, the Phipps Group and the Murray Group fail to acknowledge opinions that were issued in their favor and against the Downing Group. For example, I ruled in favor of the Phipps Group and the Murray Group when I concluded that holdbacks were not appropriate in state court cases, when I denied class certification, and when I declined to issue sanctions

against Martin Phipps in the Rice MDL case. My prior judicial rulings would not create the appearance of judicial bias to a reasonable person.

As to my statement in the common benefit order that the Phipps Group and the Murray Group – as well as all of the other state court plaintiffs in related cases – would be unjustly enriched by being excluded from the requirement to contribute to the common benefit, this was a statement based on knowledge gained from presiding over the Rice MDL, and was not a legal judgment of liability. I intended the term to have the general meaning of the words – in no way was it a finding that the tort of unjust enrichment had occurred. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, this is not a proper basis for recusal under § 455.

Regarding the final argument of the Phipps Group and the Murray Group in support of recusal, there is no basis for the allegation that I have personal knowledge of disputed evidentiary facts concerning this proceeding. As noted above, there have not been any *ex parte* conversations between this court and any member of the Downing Group. Rather, all of my knowledge regarding this case has been gained solely by presiding over the Rice MDL case and related civil

cases. "Facts learned by a judge in his judicial capacity cannot be the basis for disqualification." *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322, 1329 (8th Cir. 1985). Accordingly, there is no merit to the arguments by the Phipps Group and the Murray Group in favor of disqualification, and so I will not recuse myself from this case pursuant to § 455.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to disqualify [#65] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of May, 2013.