UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION | ) ) | 4:06MD1811 CDP |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of BASF for permission to depose Bayer attorney John Galvin [docket # 5201] in a contribution case pending in Arkansas state court.  Bayer and the plaintiffs oppose the motion.  The Arkansas judge, the Honorable David G. Henry, granted a motion to compel and stated that BASF could depose Mr. Galvin about matters not covered by the attorney-client or work product privileges, so long as I agreed to relax the provisions of the Protective Order in this case.

Although I am not at all certain that the Protective Order or the Special Master Order in this case preclude the deposition of Mr. Galvin, to the extent they do so, I will modify them to allow the deposition of Mr. Galvin, subject to the following limitation: Mr. Galvin may not reveal any communications that took place with the Special Master or in any discussions that took place in any special master meeting, including caucus or break out sessions.  My reasons for this decision follow.

In the Arkansas case, Bayer seeks contribution from BASF for amounts

Bayer paid in settlement of this multi-district litigation and related state cases.  Mr. Galvin was the lead lawyer representing Bayer in the settlement negotiations.  I agree with BASF that a contribution claim seeking to recover part of the money Bayer paid in settlement necessarily makes many issues related to the settlement relevant and discoverable.  *See Equal rights Center v. Archstone Smith Trust*, 603 F. Supp. 2d 814, 819 (D. Md. 2009)(denying motion to amend in part because proposed contribution claim would open up discovery not otherwise relevant to existing indemnity claim).  Judge Henry obviously agreed that issues related to the settlement were relevant, as he ruled that it was appropriate to depose Mr. Galvin, subject to the orders in this case.

    The Special Master Order provids:  "No discussions, statement, databases, recording, or document production at any special master meeting, including caucus or break out sessions shall be revealed to any other counsel or party absent consent; nor shall such material or discussion be admissible in discovery or in any trial in these cases or any other case involving genetically modified rice, again absent consent."  This provision is consistent with our Local Rule 16-6.04, which provides that alternative dispute resolution proceedings are private and confidential.  This important requirement of confidentiality promotes full and frank discussions in the mediation sessions themselves, and is essential to the

success of any mediation process.  But by requiring confidentiality about the Special Master proceedings themselves, neither the Order nor the Local Rule means that parties are precluded from disclosing anything at all about the settlement or the negotiations and discussions that occurred outside the Special Master meetings.  The Order means only what it says – nothing discussed at the special master meetings, including caucus or break-out sessions – shall be disclosed.

The Protective Order entered in this case provides broad protections for matters produced in discovery and designated by the producing party as confidential or highly confidential.  Bayer argues that because I previously ruled that the order prohibited Bayer from disclosing confidential documents produced by plaintiffs, Mr. Galvin cannot testify about anything related to the settlements.  That is not correct.  The earlier dispute involved plaintiffs' objection to Bayer's producing to BASF documents plaintiffs had produced and marked as confidential or highly confidential.  I ruled that Bayer could not produce the plaintiffs's confidential documents to BASF, but noted that BASF could, of course, subpoena the same documents from the plaintiffs.  This is a far different matter than saying that Mr. Galvin cannot testify about anything.

To the extent the Protective Order in this case could be construed to

preclude Mr. Galvin from testifying about everything related to this case or the settlement of the case, I will modify it, as such a blanket cloak of confidentiality was not contemplated by me when I approved the Protective Order, and would be contrary to the public interest.  Orders protecting the confidentiality of particular materials that are required to be produced in discovery do not entitle parties to a completely private lawsuit, nor do protective orders mean that counsel may never be deposed.  Many matters about the settlement are public record already.  Bayer's argument would preclude Mr. Galvin from, for example, discussing things he may have said publicly about the settlement.  But even more important, the issues on which BASF has indicated it wants to depose Mr. Galvin – relating to the negotiation and reasonableness of the settlement for which Bayer seeks BASF's contribution – are not necessarily covered by the protective order.  And to the extent they may be covered by my orders, I will modify the Order to allow him to be deposed on matters other than those occurring at the Special Master meetings themselves.

I recognize that BASF will have to carefully craft its questions to avoid issues of privilege, work product, and things that happened at Special Master meetings, but any issues related to the proper scope of discovery should be left to decision by Judge Henry.  This order should provide a bright-line rule: Mr. Galvin

may not reveal any communications that took place with the Special Master or in any discussions that took place in any special master meeting, including caucus or break out sessions. To the extent the Protective Order could be construed to preclude his testimony about other matters, it is modified.

I will grant BASF's request for permissive intervention to the extent necessary for it to seek this relief. *See Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470 (9th Cir. 1992).

Accordingly,

**IT IS HEREBY ORDERED** that BASF's motion for Permission to Depose John Galvin [#5201] is granted to the extent set out above.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of July, 2013.