UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE GENETICALLY MODIFIED RICE LITIGATION, | ) ) | 4:06MD1811 CDP |

## MEMORANDUM AND ORDER

On June 29, 2015, I found that the Common Benefit Order (CBO) applied to the $92 million Riceland/Bayer Settlement Agreement and, pursuant to the terms of the CBO, ordered Bayer to "cause to be placed into lead counsel's common benefit trust . . . 3% of the gross recovery obtained by plaintiff Riceland by way of the settlement, for common benefit costs and expenses incurred by attorneys providing a common benefit."[1]  Bayer now requests that I reconsider this directive, arguing that my subsequent Order of July 20 that granted leave for refunds to be distributed from the expense portion of the trust renders it inequitable for Bayer to pay the full 3% while allowing other contributors to receive substantial refunds. Bayer's motion to reconsider my previous ruling will be denied.

Under the terms of the CBO, Bayer was directed to hold back and deposit into the common benefit trust a portion of any award or settlement otherwise

---

[1] ECF # 5506 at p. 18 (order dated June 29, 2015, applying CBO to Riceland/Bayer settlement). I also ordered that 7% of Riceland's recovery be paid into the trust for attorneys' fees, *id.*, but Bayer does not seek reconsideration of that portion of the Order.  Both Bayer and Riceland have appealed my Order to the Eighth Circuit Court of Appeals.  *See* ECF # 5518, # 5520.

payable to a plaintiff.[2]  Under the terms of the CBO, Bayer was to pay a portion of a plaintiff's recovery into the trust instead of directly to the plaintiff.  In my June 29 Order, I required Bayer to do with the Riceland settlement the same thing it had done with the settlements with other plaintiffs in the case.[3]

On May 15, 2015, while the motion to enforce the CBO was pending, co-lead counsel and co-trustees of the common benefit trust advised the Court that contributions to the expense portion of the trust exceeded the expenses actually incurred, and they requested leave to distribute refunds to those whose recoveries bore the actual cost of the expense hold-backs, that is, the plaintiffs and/or plaintiffs' counsel (depending on their respective fee agreements).  With no objection by any party or counsel, I granted this request on July 20, 2015, and ordered that refunds from the expense portion of the trust fund be issued in the manner proposed.[4]  This Order granting the co-trustees leave to refund excess expense monies in proportion to the relevant contributions to the trust does not alter Bayer's initial obligation under the CBO.

In their opposition to Bayer's motion to reconsider, co-lead counsel argue

---

[2] ECF # 2574 (order dated Feb. 24, 2010).
[3] Although Bayer avers that I ordered that it, itself, must pay into the trust, the manner by which such payment is made is of no instance to this Court.  This is precisely why I ordered that Bayer "cause to be placed" into the trust the relevant portion of Riceland's recovery.  Whether the payment be made by Bayer, Riceland, or by any other arrangement makes no difference.  The onus remains on Bayer, however, to "cause" the monies to be placed into the trust inasmuch as the CBO placed this obligation on Bayer in the first place.
[4] ECF # 5516 (order dated July 20, 2015, granting leave to refund portion of expense fund).

that Bayer is not in the same position as other plaintiffs, and that it may be required to pay additional expenses, because of the litigation over whether the Riceland settlement was covered by the CBO. Bayer understandably objects to this suggestion. It is not necessary for me to decide this issue at this time, and I specifically am taking no position on which side may be correct. But to decide at this time that the expense portion of the Riceland/Bayer settlement need not be fully paid into the trust would be in direct contradiction to the terms of the CBO.

Depending on the outcome of the appeal, this issue may not even need to be decided. Assuming, however, that my order is upheld on appeal, I would then expect a number of things, including an attempt by the parties to resolve this dispute without court intervention. If the parties could not resolve it, then I would expect more complete briefing than the parties have provided thus far, along with a full accounting of exactly what it is that co-lead counsel believe should be deducted from the refund that Bayer would otherwise be entitled to receive. It may be that Bayer will be entitled to exactly the same proportionate refund that others received, but it is not necessary for me to decide that issue now. I therefore will deny Bayer's request that I reduce the amount of Riceland's recovery that must be paid into the common benefit trust for costs and expenses. This order is without prejudice, of course, to Bayer's right to raise the issue again after the appeal, if necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Bayer's Motion for Partial Reconsideration of Order Applying Common Benefit Order to Riceland/Bayer Settlement [ECF # 5517] is DENIED.

**IT IS FURTHER ORDERED** that co-lead counsel's Motion for Leave to File Sur-reply [#5528] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2015.